**Case No. 23-55015**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

DANNY LOPEZ, individually, and on behalf of all other aggrieved employees

*Plaintiff-Appellee*,

v.

AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation and MENZIES AVIATION (USA), INC., a corporation

*Defendants-Appellants*.

On Appeal from the United States District Court
for the Central District of California
No. 2:21-cv-07108-DMG-E
Hon. Dolly M. Gee

---

**INDEX TO EXCERPTS OF RECORD**
Volume 1 of 1

---

Christopher Ward (SBN 238777)
**FOLEY & LARDNER LLP**
555 S. Flower Street, Suite 3300
Los Angeles, CA 90071-2418
Telephone: (213) 972-4500
E-mail: cward@foley.com

Kevin Jackson (SBN 278169)
**FOLEY & LARDNER LLP**
11988 El Camino Real, Suite 400
San Diego, CA 92130-2594
Telephone: (858) 847-6700
E-mail: kjackson@foley.com

*Attorneys for Defendants-Appellants*
Aircraft Service International, Inc. and Menzies Aviation (USA), Inc.

# INDEX TO EXCERPTS OF RECORD

| Dkt. | Document | Date | Page(s) |
|------|----------|------|---------|
| 39 | Minutes Order Denying Defendants Motion to Compel Arbitration | 12/09/2022 | 4 - 7 |
| 36 | Reply in Support of Defendants Aircraft Service International, Inc.'s and Menzies Aviation (USA), Inc.'s Motion to Compel Arbitration | 08/12/2022 | 8 - 15 |
| 36-1 | Supplemental Declaration of Talin Bazerkanian in Support of Defendants Aircraft Service International, Inc. and Menzies Aviation (USA), Inc.'s Motion to Compel Arbitration | 08/12/2022 | 16 - 24 |
| 34 | Plaintiff's Opposition to Aircraft Service International, Inc.'s and Menzies Aviation (USA), Inc.'s Motion to Compel Arbitration | 07/29/2022 | 25 - 41 |
| 34-1 | Declaration of Danny Lopez in Support of Plaintiff's Opposition to Defendants' Motion to Compel Arbitration | 07/29/2022 | 42 - 43 |
| 29 | Defendants Aircraft Service International, Inc.'s and Menzies Aviation (USA), Inc.'s Notice of Motion and Motion to Compel Arbitration | 07/14/2022 | 44 - 54 |
| 29-1 | Declaration of Kevin Jackson in Support of Defendants Aircraft Service International, Inc. and Menzies Aviation (USA), Inc.'s Motion to Compel Arbitration | 07/14/2022 | 55 - 56 |
| 29-2 | Declaration of Talin Bazerkanian in Support of Defendants Aircraft Service International, Inc. Menzies Aviation (USA), Inc.'s Motion to Compel Arbitration | 07/14/2022 | 57 - 68 |
| 29-3 | [Proposed] Order Granting Defendants Aircraft Service International, Inc. and Menzies Aviation (USA), Inc.'s Motion to Compel Arbitration | 07/14/2022 | 69 - 70 |

| Dkt. | Document | Date | Page(s) |
|---|---|---|---|
| 1 | Defendants Aircraft Services International Inc., Air Menzies International (USA), Inc., and Menzies Aviation (USA), Inc.'s Notice of Removal of Action (Federal Question Jurisdiction) | 09/02/2021 | 71 - 79 |
| 1-1 | Declaration of Christopher Ward in Support of Defendants Aircraft Service International, Inc., Air Menzies International (USA), Inc., and Menzies Aviation (USA), Inc.'s Notice of Removal of Action (Federal Question Jurisdiction) | 09/02/2021 | 80 - 82 |
| 1-2 | Exhibit A – Complaint filed in Superior Court of the State of California for the County of Los Angeles | 09/02/2021 | 83 - 112 |
| 1-3 | Exhibit B – Defendants Answer and Affirmative Defenses to Plaintiff's Representative Action Complaint | 09/02/2021 | 113 - 122 |
| 1-4 | Exhibit C – Superior Court Case Docket | 09/02/2021 | 123 - 125 |
| 1-5 | Exhibit D – Labor Agreement | 09/02/2021 | 126 - 148 |
| n/a | Complaint (filed in state court) | 07/21/2021 | 149 - 163 |
| 41 | Notice of Appeal filed by Defendants Aircraft Service International, Inc. and Menzies Aviation (USA), Inc. | 01/09/2023 | 164 - 166 |
| 41-1 | Exhibit 1 – Minute Order Denying Defendants' Motion to Compel Arbitration | 01/09/2023 | 167 - 171 |
| 41-2 | Exhibit 2 – California Central District Case Docket | 01/09/2023 | 172 - 178 |
| n/a | Case Docket – California Central District | n/a | 179 - 185 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-7108-DMG (Ex)** | | Date | December 9, 2022 |
|---|---|---|---|---|

| Title | ***Danny Lopez v. Aircraft Service International, Inc., et al.*** | Page | 1 of 4 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER DENYING DEFENDANTS' MOTION TO
COMPEL ARBITRATION [29]**

On July 21, 2021, Plaintiff Danny Lopez filed a Complaint in Los Angeles County
Superior Court against Defendants Aircraft Service International, Inc. and Menzies Aviation
(USA), Inc., asserting a single claim under California's Private Attorneys General Act
("PAGA") for wage and hour violations.  Compl. [Doc. # 1-2.][1]  On September 2, 2021,
Defendants removed the action to this Court, invoking federal question jurisdiction on the basis
that portions of Lopez's claim are completely preempted by the Railway Labor Act, 45 U.S.C. §
151 *et seq*. *See* Notice of Removal ¶¶ 5-25.

On April 7, 2022, the Court denied Defendants' motion to stay this action pending the
decision of the United States Supreme Court in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct.
1906 (2022), because Defendants had not shown that the *Moriana* decision would have any
impact on this case.  [Doc. # 28.]  The *Moriana* ruling issued on June 15, 2022.  Defendants now
move to compel arbitration of Lopez's claims.  [Doc. # 29.]  The motion to compel ("MTC") is
fully briefed.  [Doc. ## 34 ("Opp."), 36 ("Reply").]  Having carefully considered the parties'
written arguments, the Court **DENIES** the MTC.

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

Lopez worked for Menzies as a field technician in the fueling department at Los Angeles
International Airport ("LAX") from approximately December 2007 to April 2021.  Lopez Decl. ¶
3 [Doc. # 34-1]; *see also* Bazerkanian Decl. ¶ 4 [Doc. # 29-2].  His job included physically

---

[1] Plaintiff also named "Air Menzies International (USA), Inc." as a defendant.  Defendants maintain that
this entity does not exist.  Plaintiff does not appear to contest this, so for purposes of this motion, the Court
disregards this defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-7108-DMG (Ex)** | Date | December 9, 2022 |
|---|---|---|---|

| Title | ***Danny Lopez v. Aircraft Service International, Inc., et al.*** | Page | 2 of 4 |
|---|---|---|---|

adding fuel to passenger and cargo airplanes involved in both foreign and domestic interstate travel. Lopez Decl. ¶ 3.

Menzies has an Alternative Dispute Resolution ("ADR") Policy that covers "all disputes arising" between signing employees and Menzies, and refers such disputes to binding arbitration. Bazerkanian Decl., Ex. A [Doc. # 29-2]. The ADR Policy also prohibits employees "from joining or participating in a class action or as a collective action representative, or otherwise consolidating a covered claim with the claims of others." *Id*. at 6. Menzies contends that Lopez consented to the ADR Policy on June 28, 2019. Bazerkanian Decl. ¶ 4.

## II.
## LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that written arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 336 (2011). "The basic role for courts under the FAA is to determine '(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *Kilgore v. KeyBank Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (*en banc*) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).

Federal substantive law governs questions concerning the interpretation and enforceability of arbitration agreements. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22–24 (1983). Courts apply ordinary state law contract principles, however, "[w]hen deciding whether the parties agreed to arbitrate a certain matter." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). If an arbitration clause is not itself invalid under "generally applicable contract defenses, such as fraud, duress, or unconscionability," it must be enforced according to its terms. *Concepcion*, 563 U.S. at 339. In adjudicating whether parties have agreed to arbitrate, "district courts rely on the summary judgment standard of Rule 56 of the Federal Rules of Civil Procedure." *Hansen v. LMB Mortg. Servs., Inc*., 1 F.4th 667, 670 (9th Cir. 2021).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-7108-DMG (Ex) | Date | December 9, 2022 |
|---|---|---|---|

| Title | *Danny Lopez v. Aircraft Service International, Inc., et al.* | Page | 3 of 4 |

### III.
### DISCUSSION

Defendants seek to compel arbitration of Lopez's PAGA claim. Lopez argues the motion should be denied because Lopez is exempt from the FAA pursuant to another recent Supreme Court decision, *Southwest Airlines Co. v. Saxon*, 142 S. Ct. 1793 (2022).[2]

**A.    Exemption Pursuant to *Saxon***

Lopez contends that, because he works in the fueling department of Menzies at LAX and routinely adds fuel to airplanes in interstate commerce, he is engaged in interstate commerce and thus is exempt from the FAA's requirements.

Section 1 of the FAA exempts "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce" from the Act's requirements. 9 U.S.C. § 1. In *Saxon*, the United States Supreme Court concluded that an airline employee who frequently loaded and unloaded cargo on airplanes was engaged in interstate commerce, and thus was exempt from the FAA. 142 S. Ct. at 1793. The Court declined to create a blanket rule that all airline employees were engaged in interstate commerce. *See* 142 S. Ct. at 1791. Still, the Court refused to limit the exemption to only those airline transportation workers who actually "ride aboard an airplane in interstate or foreign transit." *Id*. Instead, the Court held that the exception applies to "any class of workers directly involved in transporting goods across state or international borders." *Id*. at 1789. The Court focused its attention on the actual work performed by the employee in question. *Id.* at 1788.

Defendants do not contest Lopez's description of his work, or offer additional evidence about the nature of that work. Instead, they contend that Section 1 does not cover Lopez's work because Lopez does not handle *goods* in commerce. As the Court recognized in *Saxon*, the question of whether an employee works in interstate commerce may be difficult to answer "when the class of workers carries out duties further removed from the channels of interstate commerce or the actual crossing of borders." 142 S. Ct. at 1789 n.2 (citing *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904, 916 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1374 (2021)). For example, the Ninth Circuit has held that "last leg" delivery drivers fell within Section 1 and were therefore exempt from the FAA, even though these drivers undisputedly did not actually move goods between states. *See Rittmann*, 971 F.3d at 916. On the other hand, another court in this District, applying *Saxon*, has concluded that a truck mechanic was not exempt from the FAA because, even though

---

[2] Lopez also raises a number of other arguments. Because the Court concludes that the FAA does not apply under *Saxon*, the Court need not address these other arguments.

---

CV-90                                    **CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk KT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-7108-DMG (Ex) | Date | December 9, 2022 |
|---|---|---|---|

| Title | *Danny Lopez v. Aircraft Service International, Inc., et al.* | Page | 4 of 4 |
|---|---|---|---|

his employer was "directly engaged in interstate commerce," the mechanic himself was only "perceptibly connected to the instrumentalities of commerce." *Holley-Gallegly v. TA Operating LLC*, No. ED CV 22-593-JGB (SHKx), 2022 WL 9959778, at *2-3 (C.D. Cal. Sept. 16, 2022) (quoting *Saxon*, 142 S. Ct. at 1791).

Although an employee who adds fuel to cargo planes is not literally moving goods (as the plaintiffs in *Saxon* and *Rittmann* did), he is closer both physically and temporally to the actual movement of goods between states than a truck mechanic who works on trucks that move goods in interstate commerce (as was the case in *Holley-Gallegly*). The Fifth Circuit has held "there can be no question" that employees who hauled fuel to planes that transported goods in interstate commerce were "engaged in commerce" for purposes of the Fair Labor Standards Act because their activities were "so closely related to [. . .] commerce as to be in practice and in legal contemplation a part of it." *See Wirtz v. B. B. Saxon Co.*, 365 F.2d 457, 461 (5th Cir. 1966). By contrast, the court held that employees who provided janitorial services in buildings that housed instrumentalities of commerce were not engaged in commerce. *Id*. at 462.

Applying similar logic as *Wirtz*, this Court concludes that the act of fueling cargo planes that carry goods in interstate commerce is "so closely related to interstate transportation as to be practically a part of it." *See Saxon*, 142 S. Ct. at 1789. Lopez, whose duties included physically adding fuel to planes, was directly involved in the transportation itself, not only the maintenance of the means by which goods were transported. The Court therefore concludes that Lopez is exempt from the requirements of the FAA pursuant to section 1.

**IV.**
**CONCLUSION**

In light of the foregoing, the Court **DENIES** Defendants' MTC.

**IT IS SO ORDERED.**

CHRISTOPHER WARD, CA Bar No. 238777
  cward@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE:  213.972.4500
FACSIMILE:   213.486.0065

KEVIN JACKSON, CA Bar No. 278169
  kjackson@foley.com
**FOLEY & LARDNER LLP**
11988 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130-2594
TELEPHONE:  858.847.6700
FACSIMILE:   858.792.6773

Attorneys for Defendants AIRCRAFT
SERVICE INTERNATIONAL, INC.
and MENZIES AVIATION (USA),
INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DANNY LOPEZ, individually, and on behalf of all other aggrieved employees,<br><br>Plaintiff,<br><br>vs.<br><br>AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; AIR MENZIES INTERNATIONAL (USA), INC., a corporation; MENZIES AVIATION (USA), INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:21-cv-07108-DMG-Ex<br><br>**REPLY IN SUPPORT OF DEFENDANTS AIRCRAFT SERVICE INTERNATIONAL, INC.'S AND MENZIES AVIATION (USA), INC.'S MOTION TO COMPEL ARBITRATION**<br><br>Date:       August 26, 2022<br>Time:      9:30 a.m.<br>Ctrm.:     8C, 8th floor<br>Judge:     Hon. Dolly M. Gee |

1   Defendants Aircraft Service International, Inc. and Menzies Aviation (USA), Inc.[1]
2   (collectively, "Menzies") respectfully submit this Reply to Plaintiff's Danny Lopez's
3   ("Plaintiff" or "Lopez") Opposition to Defendants' Motion to Compel Arbitration.

4   **I.   INTRODUCTION**

5   Plaintiff seeks to avoid his contractual obligation to submit his individual claims to
6   arbitration based on a multitude of flawed legal arguments.  First, Plaintiff contends that
7   because he "physically added fuel to both passenger and cargo airplanes involved in both
8   foreign and domestic interstate travel," he is exempt from the Federal Arbitration Act
9   ("FAA").  But Plaintiff's sweeping interpretation of the Supreme Court's recent decision
10  in *Southwest Airlines Co. v. Saxon*, No. 21-309, 596 U.S. ___ (2022) is unsupported by
11  the Court's reasoning.  Second, Plaintiff challenges the existence of the arbitration
12  agreement because he "does not remember" signing it (which is fundamentally different
13  than claiming that he did not, in fact, sign it), as though some lack of memory could
14  excuse parties from the contracts they execute.  While Menzies unequivocally satisfied its
15  burden to demonstrate the existence of an arbitration agreement, as a further nail in
16  Plaintiff's "lack of memory" legal argument, it file a supplemental declaration
17  concurrently with this reply to address Plaintiff's challenge—a step expressly authorized
18  by the same authorities Plaintiff cites in his opposition.  *See Espejo v. S. Cal. Permanente*
19  *Med. Grp.*, 246 Cal. App. 4th 1047, 1060 (2016).  Finally, Plaintiff incredibly and
20  brazenly asks this Court to simply ignore the Supreme Court's decision in *Viking River*
21  because, in his view, the highest court in this country "misread" and "incorrectly read"
22  California law.  Such arguments are hardly appropriate in the present venue, where the
23  rule of *stare decisis* controls.  Plaintiff is bound by the law as it exists today, which
24  requires him to honor his contractual obligations and submit his individual claims to
25  arbitration.

26  ///

27

28  _____
[1] Named defendant "Air Menzies International (USA), Inc." is not an existent or proper entity and has no relationship to Plaintiff's employment with Menzies.  It has not been served nor responded to the Complaint and has no valid involvement in this case.

DEFENDANTS' REPLY ISO MOTION TO COMPEL ARBITRATION
-1-                            Case No. 2:21-cv-07108-DMG-Ex

II.   **ARGUMENT**

   A.   **PLAINTIFF'S POSITION AS A FUELER DOES NOT EXEMPT HIM FROM THE FEDERAL ARBITRATION ACT**

Plaintiff argues that because he "physically added fuel to both passenger and cargo airplanes involved in both foreign and domestic interstate travel," he is exempt from the Federal Arbitration Act.  Plaintiff rests his argument upon an unfounded and overbroad application of the United States Supreme Court's recent *Saxon* decision.  There, the Supreme Court found that Southwest Airlines could not enforce a mandatory arbitration agreement against a ramp agent supervisor's wage and hour class and collective action.  The Supreme Court found the FAA's § 1 exemption of "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce"[2] precluded Southwest from enforcing individual-only arbitration of an FLSA overtime case brought by a ramp agent supervisor.  The central reasoning for this decision is that because the plaintiff frequently (even as a supervisor) loads and unloads "*cargo* on and off planes traveling in interstate commerce," she is "as a practical matter, part of the interstate transportation of *goods*."  *Id*., Slip Op. at 5 (emphasis supplied).  At the same time however, the Supreme Court recognized "the answer will not always be so plain when the class of workers carries out duties further removed from the channels of interstate commerce or the actual crossing of borders."  *Id*., fn. 2.

Notwithstanding the potential ambiguities in the scope of *Saxon* vis-à-vis certain classifications of workers within the airline and ground handling industries, its application to fuelers is not ambiguous.  Indeed, the opinion's language makes plain how lower courts should apply it the case to categories of workers – and why fueling employees are not part of that application scope.  The opinion frequently and explicitly identifies "cargo" and "goods" moved in interstate commerce as the key connection to trigger the § 1 exemption, indicating at several points that "cargo" includes passenger baggage, airmail and freight/commercial cargo.  *See id*., Slip. Op. at 1-2.  The opinion

---

[2] *See* 9 U.S.C. § 1 *et seq*.

4874-8506-4493.1

also refers at multiple occasions to workers who load and unload "goods," at one point stating "any class of workers *directly* involved in transporting *goods* across state or international borders falls within § 1's exemption." *Id*., Slip Op. at 5 (emphasis supplied).

The opinion also suggests how courts should interpret the "directly" aspect of the foregoing statement. For example, the plaintiff had argued that because air transportation "as an industry" is engaged in interstate commerce, "airline employees" as a whole fall within the FAA exemption. *Saxon* explicitly rejects such an industry-wide approach because the relevant inquiry depends upon what the employee's work at the employer is, not what the employer's business is as a general matter. *Id*., Slip Op. at 3-4. Specifically then, the FAA's exemption does **not** apply to all employees who carry out an airlines "customary" work and therefore would not cover classifications with no "hands-on" connection to transporting **cargo and/or goods** in interstate cargo.

Two key interpretive points appear to arise from the foregoing language: (1) for the § 1 exemption to apply, the employee must have involvement in the process of transporting "cargo" or goods" on and off aircraft; and (2) the employee must have hands-on contact with the "cargo" and "goods" within the overall process of loading and unloading them from aircraft. <u>**Put very simply, jet fuel is not "cargo" or "goods."**</u> As both simple logic and *Saxon*'s language indicates,

the central feature of the intersection of "goods/cargo" and "interstate commerce" is that the goods/cargo go onto an aircraft for the *specific purpose* of moving them from Point A to Point B, and moving possession of them from someone at Point A to someone at Point B. Fuel does not satisfy this conceptual definition; a fueler does not load fuel on an aircraft to transport it from Point A to Point B – rather, it enables the aircraft to move other items (in other words, actual "cargo" and "goods") from Point A to Point B.

Given the Supreme Court's rejection of applying the FAA's exemption to all workers in the airline industry, coupled with the guiding principles regarding "cargo" and "direct" involvement in transporting good across state or international borders, Plaintiff's

DEFENDANTS' REPLY ISO MOTION TO COMPEL ARBITRATION
-3-
Case No. 2:21-cv-07108-DMG-Ex

4874-8506-4493.1

attempt to latch onto *Saxon* and interpret it far more broadly than the Supreme Court's language allows must fail. Plaintiff's position as a fueler, much like a mechanic who performs maintenance work on the aircraft, is too far removed from the direct transportation of cargo to qualify for the exemption. As a result, he should be bound by his agreement to arbitrate.

**B.    MENZIES HAS ESTABLISHED THE EXISTENCE OF AN ARBITRATION AGREEMENT**

Plaintiff weakly contends that an arbitration agreement somehow does not exist despite the clear, objective evidence Menzies has provided showing that in fact one does. Notably, he does *not* deny that he signed an arbitration agreement. He does *not* claim that the electronic signature on the arbitration agreement is not his. Instead, he simply has "no recollection" of signing an arbitration agreement and expects the Court will excuse him from his agreement due to his lack of memory, as though parties should somehow be free to escape the contractual commitments they undertake whenever they have forgotten undertaking them in the first place. This is absurd and the Court should reject such arguments outright.

But Menzies is also happy to respond to absurd legal argument with additional factual clarity. Plaintiff correctly notes that a defendant may meet its "initial burden to show an agreement to arbitrate" merely "by attaching a copy of the arbitration agreement purportedly bearing the opposing party's signature" to the motion to compel arbitration. *Espejo,* 246 Cal. App. 4th at 1060. Once a plaintiff "challenge[s] the validity of that signature in his opposition," a defendant is "then required to establish by a preponderance of the evidence that the signature [is] authentic." *Id.* Accordingly, Menzies unequivocally satisfied its initial burden to demonstrate the existence of an arbitration agreement. In the event the Court construes Plaintiff's failure to recall signing the agreement as a legitimate "challenge" to the authenticity of the arbitration agreement, Menzies may file, and has filed, a supplemental declaration concurrently with this reply to debunk Plaintiff's "challenge." *See id.* ("As previously noted, the issue of timeliness

DEFENDANTS' REPLY ISO MOTION TO COMPEL ARBITRATION
-4-
Case No. 2:21-cv-07108-DMG-Ex

1  turns on whether defendants were required to authenticate Espejo's signature on the DRP
2  as part of their initial petition to compel arbitration. Defendants contend they were not
3  required to introduce such evidence until the authenticity of the document was
4  challenged. We agree").

5         Concurrently with this reply brief, Menzies files a supplemental declaration from
6  its Vice President of Human Resources who has worked for Menzies for 30 years and
7  supervised LAX Human Resources matters for over a decade.  Her supplemental
8  declaration details the information security procedures in place to verify that the name
9  and date stamp on the arbitration agreement reflects "the act of" Plaintiff.  *See*
10 Supplemental Declaration of Talin Bazerkanian, ¶¶4-5.  This is precisely the evidence
11 that courts have held to be sufficient to establish the existence of an arbitration
12 agreement.  *See id.* at 1062 (electronic signature to arbitration agreement deemed
13 authenticated where defendant detailed "security precautions regarding transmission and
14 use of an applicant's unique user name and password, as well as the steps an applicant
15 would have to take to place his or her name on the signature line of the employment
16 agreement).  Accordingly, Menzies has established the existence of an arbitration
17 agreement and Plaintiff should be compelled to honor his agreement.

18     **C.     THE COURT SHOULD REJECT PLAINTIFF'S INVITATION TO**
19            **IGNORE SUPREME COURT PRECEDENT**

20        Plaintiff also incredibly argues that this Court can and should simply ignore the
21 Supreme Court's decision in *Viking River* because the highest court in the nation
22 supposedly "misread" California law and relied on an "incorrect reading" in reaching its
23 decision.  *See* Opposition, p. 13.  Of course, *Viking River* is binding precedent and
24 Plaintiff has no legal basis to claim this federal court can simply ignore it or decline to
25 follow it.  Plaintiff proceeds to argue that "actions pending before the California Supreme
26 Court and the Petition for Rehearing in *Viking* favor a stay" of Menzies' motion to
27 compel arbitration.  *See* Opposition, p. 16.  But this Court has already declined to stay
28 this case – when Menzies asked for one – on exactly these grounds.  Specifically, when

DEFENDANTS' REPLY ISO MOTION TO COMPEL ARBITRATION
-5-                          Case No. 2:21-cv-07108-DMG-Ex

4874-8506-4493.1

Menzies moved to stay this action pending the Supreme Court's decision in *Viking River*, Plaintiff opposed it, and the Court agreed that a stay was not appropriate.[3]  Now on the other side of that same equation, Plaintiff now believes a stay is appropriate simply because he disagrees with the Supreme Court's decision in *Viking River*.  Plaintiff's inconsistent approach to the same issue underscores that he is not guided by a principled application of existing law.  Instead, he wants to have it both ways when it suits his interests.

Plaintiff's argument that the arbitration agreement does not contain an express "PAGA waiver" is inapposite in light of the holding in *Viking River*, which did *not* turn on whether an express PAGA waiver existed.[4]  Instead, it centered on claim joinder and whether PAGA provides for an "individual" and "non-individual" claim, and what happens to the non-individual portion of the claim once an individual is required to submit his claim to arbitration – as Plaintiff has committed to doing in this matter.  *Viking River* requires enforcement of the arbitration agreement insofar as Plaintiff agreed that he would submit **all claims** arising out of his employment, including those brought under the California Labor Code (which encompasses PAGA claims) to final and binding arbitration.  *Viking River* also instructs that once Plaintiff has submitted his individual PAGA claim to arbitration, he loses standing to bring "non-individual" PAGA claims in a court action.  Therefore, Plaintiff is required to arbitrate his claims on an individual basis, and "the correct course is to dismiss [his] remaining [non-individual] claims."  *Viking River,* at 21.  Inconvenient though that may be for Plaintiff, that is now the binding law for federal courts to follow, and Plaintiff's request that this Court simply ignore such binding precedent speaks to the weakness of his contentions.

///

///

---

[3] Indeed, given this Court concluded a stay was not appropriate at the time the Court and the Parties did not know how *Viking River* would turn out, it is all the more inappropriate now given that the Court and Parties know how the Supreme Court ruled.

[4] Notably, Plaintiff ignores the fact that the arbitration agreement expressly states that Plaintiff cannot "consolidat[e] a covered claim with the claims of others."

DEFENDANTS' REPLY ISO MOTION TO COMPEL ARBITRATION

-6-                              Case No. 2:21-cv-07108-DMG-Ex

4874-8506-4493.1

### III.   **CONCLUSION**

Based on the foregoing and the arguments set forth in its initial motion to compel arbitration, Menzies respectfully requests that this Court enforce the Plaintiff's agreement to be bound by the Arbitration Agreement, require him to proceed with his individual PAGA claim through final and binding arbitration pursuant to his agreement, and dismiss his "non-individual" PAGA claims.


DATED:  August 12, 2022                **FOLEY & LARDNER LLP**
                                       Christopher Ward
                                       Kevin Jackson

                                       /s/ Christopher Ward
                                       Christopher Ward
                                       Attorneys for Defendants AIRCRAFT
                                       SERVICE INTERNATIONAL, INC. and
                                       MENZIES AVIATION (USA), INC.

4874-8506-4493.1

CHRISTOPHER WARD, CA Bar No. 238777
  cward@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE:  213.972.4500
FACSIMILE:    213.486.0065

KEVIN JACKSON, CA Bar No. 278169
  kjackson@foley.com
**FOLEY & LARDNER LLP**
11988 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130-2594
TELEPHONE:  858.847.6700
FACSIMILE:    858.792.6773

Attorneys for Defendants AIRCRAFT
SERVICE INTERNATIONAL, INC.,
AIR MENZIES INTERNATIONAL
(USA), INC., and MENZIES
AVIATION (USA), INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DANNY LOPEZ, individually, and on behalf of all other aggrieved employees,<br><br>           Plaintiff,<br><br>vs.<br><br>AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; AIR MENZIES INTERNATIONAL (USA), INC., a corporation; MENZIES AVIATION (USA), INC., a corporation; and DOES 1 through 50, inclusive,<br><br>           Defendants. | Case No. 2:21-cv-07108-DMG-Ex<br><br>**SUPPLEMENTAL DECLARATION OF TALIN BAZERKANIAN IN SUPPORT OF DEFENDANTS AIRCRAFT SERVICE INTERNATIONAL, INC. AND MENZIES AVIATION (USA), INC.'S MOTION TO COMPEL ARBITRATION**<br><br>*[Filed concurrently with Reply in Support of Motion to Compel Arbitration]*<br><br>Date:       August 26, 2022<br>Time:      9:30 a.m.<br>Ctrm.:     8C, 8th floor<br>Judge:    Hon. Dolly M. Gee |

## <u>SUPPLEMENTAL DECLARATION OF TALIN BAZERKANIAN[1]</u>

I, Talin Bazerkanian, declare as follows:

1.     I am currently the Senior Vice President, Human Resources for Menzies Aviation, a position I have occupied beginning on August 8, 2022.  From August 7, 2022 dating back to February 2017 I had the title of Western Region Human Resources Director, and before that, I worked in a variety of human resources roles for Menzies Aviation, and always with human resources responsibility for Menzies' operations at Los Angeles International Airport ("LAX") since January 2011.  I have also been continuously employed by Menzies (or its predecessor entity) and based at LAX since 1993.  During that period of time, I have become completely familiar with all aspects of Menzies' personnel policies and operations at LAX.  I have personal knowledge of the facts stated in this declaration, and if called upon as a witness, I could and would competently testify thereto.

2.     Following the Supreme Court's ruling in *AT&T Mobility LLC v. Concepcion*, 563 U.S. 321 (2011), Menzies decided to adopt an Alternative Dispute Resolution Policy ("ADR Policy") for all employees at its locations in the United States, including its employees at LAX.  A true and correct copy of the ADR Policy is attached hereto as **Exhibit A**.

3.     Upon learning that Plaintiff Danny Lopez ("Plaintiff") had initiated a legal dispute with Menzies, I personally reviewed Plaintiff's personnel records and provided them to Menzies' legal counsel at Foley & Lardner LLP.  These materials included (i) Menzies Aviation Alternative Dispute Resolution Policy; and (ii) Menzies Agreement to Be Bound by Alternative Dispute Resolution Policy and Receipt that Plaintiff executed on June 28, 2019.  True and correct copies are collectively attached hereto and included

---

[1] This supplemental declaration is expressly authorized under relevant California law.  . *See Espejo v. S. California Permanente Med. Grp.*, 246 Cal. App. 4th 1047, 1060 (2016) ("As previously noted, the issue of timeliness turns on whether defendants were required to authenticate Espejo's signature on the DRP as part of their initial petition to compel arbitration. Defendants contend they were not required to introduce such evidence until the authenticity of the document was challenged. We agree.")

DECL OF BAZERKANIAN ISO MOTION TO COMPEL ARBITRATION
-1-          Case No. 2:21-cv-07108-DMG-Ex

4882-1769-3229.1

as part of **Exhibit A**.

4. I am very knowledgeable of and familiar with Menzies' employee electronic signature system that Menzies uses for, among other things, employee acknowledgement and consent to various personnel documents at the outset of, and during, their employment. Menzies uses a system called the UltiPro Human Resources Information System ("HRIS" or "UltiPro"), which it began using in or around December 2010 / January 2011. When an employee applies for a position at Menzies, the individual must first create a unique profile in UltiPro and establish a password used to access his or her account and profile. In the case of existing employees, like Plaintiff, who began working for Menzies before the company adopted the UltiPro system, they too were required to create a unique profile in UltiPro. Based on my review of the UltiPro records, Plaintiff created a unique UltiPro profile on July 21, 2017. Upon creation of such a profile, each individual is directed to input his or her own unique password and instructed not to share that password with anyone else, including Menzies personnel. Menzies personnel do not have access to any job applicant's or employee's UltiPro account and profile. The individual's account can only be accessed using the individual's personal password. In fact, in the event the individual forgets his or her password, the only way the individual can reset the password and regain access to his or her UltiPro account is for the individual to work directly with UltiPro. Menzies has no ability to access any individual's account to make changes, review and execute documents on their behalf, reset passwords on their behalf, and the like. If an applicant receives an employment offer, accepts that offer, and proceeds to the onboarding process, he or she must use that same UltiPro username and password to review onboarding and orientation documents. Menzies also uses the UltiPro system for current employees to acknowledge receipt of employment documents that are created, modified, or updated during the course of an employee's employment. After the employee reviews each document, the employee indicates his consent or acknowledgement by applying an electronic signature in the UltiPro system.

5. On June 28, 2019, Plaintiff used the UltiPro system to acknowledge and

SUPP. DECL. OF BAZERKANIAN ISO MOTION TO COMPEL ARBITRATION
-2-
Case No. 2:21-cv-07108-DMG-Ex

4882-1769-3229.1

consent to several personnel documents, including those documents attached as Exhibit A.  When an employee reviews and consents to such materials, the UltiPro system creates a record showing the specific date, time and UltiPro server that interacted with the individual.  This information enables UltiPro to track the specific actions an individual undertakes within the HRIS system, and because of the unique username and password used to access the system, I can say with reasonable certainty that the individual in question, and only the individual in question, received, reviewed, and consented to the documents at issue.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 12th day of August 2022 at Los Angeles, California.

By: _____

Talin Bazerkanian

SUPP. DECL. OF BAZERKANIAN ISO MOTION TO COMPEL ARBITRATION
-3-                                  Case No. 2:21-cv-07108-DMG-Ex

4882-1769-3229.1

# EXHIBIT A



# MENZIES AVIATION ALTERNATIVE DISPUTE RESOLUTION POLICY

Because disputes arising from employment relationships sometimes occur, and because resolving such disputes through the court system is often exceedingly costly and time-consuming, which results in unsatisfactory resolution of disputes, Menzies Aviation has implemented this Alternative Dispute Resolution Policy ("ADR Policy").

While we hope that your employment will be free of major disputes or issues, in the event such a dispute arises, these procedures ensure that all parties have a and fair and equitable opportunity to see if there is a mutually satisfactory basis for resolving their dispute.  If an amicable resolution cannot be reached, these procedures provide for a fair hearing before an impartial, objective individual who has been selected by both sides.  The neutral arbitrator will have the full authority to resolve this matter protecting the rights of both parties.

## Who Is Covered

The ADR Policy is <u>mandatory for all disputes arising between signing employees and Menzies Aviation except as specifically excluded by the ADR Policy</u>.  Any disputes which arise and which are covered by the ADR Policy must be submitted to final and binding resolution through the procedures of the Menzies Aviation ADR Policy.

For parties covered by this ADR Policy, alternative dispute resolution, including final and binding arbitration, is the exclusive means for resolving Covered Disputes (as defined below); no other action may be brought in court or in any other forum.  This agreement is a waiver of all rights to a civil court action for a Covered Dispute; only an arbitrator, not a judge or jury, will decide the dispute.

Nothing in this ADR Policy precludes the parties from discussing a mutually acceptable resolution of the dispute without the necessity of formal arbitration proceedings.  Additionally, the parties may agree to engage in mediation prior to arbitration.

## Covered Disputes

Covered Disputes include any dispute arising out of or related to your employment, the terms and conditions of your employment and/or the termination of your employment based on, but not limited to, the following:

- Alleged violations of federal, state and/or local constitutions, statutes or regulations;

- Claims of unlawful harassment, discrimination, retaliation or wrongful termination that cannot be resolved by the parties or during an investigation by an administrative agency (such as the California Department of Fair Employment and Housing or the federal Equal Employment Opportunity Commission).  Covered claims include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Equal Pay Act, the Family and Medical Leave Act, the California Fair Employment and Housing Act, the California Family Rights Act, the California Pregnancy Disability Leave Law, or any other statutory or common law scheme prohibiting, among other things, discrimination or harassment



because of race, color, age, religious creed, national origin, ancestry, disability, sexual orientation, gender identity and sex;

- Claims based on any purported breach of contract, including breach of the covenant of good faith and fair dealing (unless covered and preempted by a collective bargaining agreement grievance and arbitration process);

- Claims of wrongful termination or constructive termination (unless covered and preempted by a collective bargaining agreement grievance and arbitration process);

- Claims of unfair demotion, transfer, reduction in pay, or any other change in the terms and conditions of employment (unless covered and preempted by a collective bargaining agreement grievance and arbitration process);

- Claims alleging failure to compensate for all hours worked, failure to pay overtime, failure to pay minimum wage, failure to reimburse expenses, failure to pay wages upon termination, failure to provide accurate, itemized wage statements, failure to provide meal and/or breaks, entitlement to waiting time penalties and/or other claims involving employee wages, including, but not limited to, claims brought under the California Labor Code, the applicable wage orders, the Fair Labor Standards Act and any other statutory scheme (unless covered and preempted by a collective bargaining agreement grievance and arbitration process);

- Claims based on any purported breach of duty arising in tort, including alleged violations of public policy and for emotional distress (unless covered and preempted by a collective bargaining agreement grievance and arbitration process);

- Claims of defamation, pre and post-termination (unless covered and preempted by a collective bargaining agreement grievance and arbitration process); and

- Any claim Menzies Aviation may have against employees, regardless of the nature, arising out of the employment relationship (unless covered and preempted by a collective bargaining agreement grievance and arbitration process).

However, nothing in this ADR Policy is intended to require arbitration of any claim or dispute which the courts of this jurisdiction have expressly held are not subject to mandatory arbitration or claims for which a collective bargaining agreement requires be resolved through its own grievance and arbitration procedures.   The following types of disputes are expressly excluded and are not covered by this ADR Policy:

- Disputes related to workers' compensation and unemployment insurance;

- Disputes or claims that are expressly excluded by statute that the courts of this jurisdiction have expressly held are not subject to mandatory arbitration, or are expressly required to be arbitrated under a different procedure pursuant to the terms of a collective bargaining agreement or separate agreement.

## Class Action Waiver

The Menzies Aviation ADR Policy includes a waiver of the ability to participate in a class action or act as a collective action representative.  By agreeing to be bound by the ADR Policy, you understand and agree this ADR Policy prohibits you from joining or participating in a class action or as a collective action representative, or otherwise consolidating a covered claim with the claims of others.

## Initiating The Alternative Dispute Resolution Procedures

In the event a dispute should arise and you wish to initiate these procedures, you must deliver a written request for alternative dispute resolution to Menzies Aviation within the statute of limitations period that would

EXCELLENCE FROM TOUCHDOWN TO TAKEOFF 

apply to the filing of a civil complaint alleging the same claims in court.  Menzies Aviation will deliver a written request to you for any claim it may wish to assert.  If a request for an alternative dispute resolution is not submitted timely, the claim will be deemed to have been waived and forever released.

**The Arbitration**

The dispute will be decided by a single decision-maker, called the arbitrator.  The arbitrator will be mutually selected by Menzies Aviation and the Employee.  If the parties cannot mutually agree on an arbitrator, then a list of arbitrators will be obtained from the American Arbitration Association's ("AAA") Employment Panel.  The arbitrator will be selected by the parties according to the method of selection specified by the AAA in its Employment Arbitration Rules and Mediation Procedures.

The arbitrator shall be bound by the provisions and procedures set forth in the Employment Arbitration Rules and Mediation Procedures of the AAA.  The applicable substantive law shall be the law of the State of California or federal law.  If both federal and state law speak to a cause of action, the party commencing the action shall have the right to elect his/her choice of law.

The parties shall cooperate to the greatest extent practicable in the voluntary exchange of documents and information to expedite the arbitration.  After selection of the arbitrator, the parties shall have the right to take depositions and to obtain discovery regarding the subject matter of the action and to use and exercise all of the same rights, remedies and procedures, and be subject to all of the same discovery duties, liabilities and objections as provided in the California Code of Civil Procedure and/or the Federal Rules of Civil Procedure.  The arbitrator shall have the authority to rule on motions and the power to issue orders and determine appropriate remedies) regarding discovery and to issue any protective orders necessary to protect the privacy and/or rights of parties and/or witnesses.

The arbitrator shall have the same authority to award remedies and damages on the merits of the dispute as provided to a judge and/or jury under parallel circumstances.  However, the arbitrator shall only be permitted to award those remedies in law or equity which are requested by the parties and which are supported by the credible, relevant evidence.  The arbitrator shall issue a written opinion and award.  Nothing in this Agreement is intended to waive the right to seek punitive damages, where allowable by law.

Following the issuance of the arbitrator's decision, any party may petition a court to confirm, enforce, correct or vacate the arbitrator's opinion and award under the Federal Arbitration Act, 9 U.S.C. §§ 1-16, if applicable, and/or applicable state law.

**Fees And Costs Of Arbitration**

Fees and costs shall be allocated in the following manner:

- Each party will be responsible for its own attorneys' fees and expenses, except as otherwise provided by law, and the cost of a copy of the reporter's transcript of the proceedings, if desired.

- Menzies Aviation shall be responsible for the arbitrator's fee and expenses and any costs associated with the facilities for the arbitration.

**Revocation Of Participation – Opt Out Policy**

If you agree to participate in the ADR Policy and later wish to opt out at any time during your employment with Menzies Aviation, you may do so by delivering a written request to revoke your agreement to be bound by the ADR Policy to your local human resources representative.  However, should you revoke your agreement to participate in the ADR Policy, that revocation shall be prospective only, and shall not apply to any claims initiated prior to opting out of the ADR Policy or to any claims based on facts occurring before you deliver your written request to revoke your agreement to be bound by the ADR Policy.  Failure to opt out will demonstrate your intention to be bound by this Agreement and your agreement to arbitrate all disputes arising out of or

EXCELLENCE **FROM TOUCHDOWN TO TAKEOFF** 

related to your employment.  You will not be subject to any adverse employment action or be retaliated against in any way because of your decision to opt out.

**<u>Severability</u>**

In the event that any provision of this ADR Policy is determined by a court of competent jurisdiction to be illegal, invalid or unenforceable to any extent, such term or provision shall be enforced to the extent permissible under the law and all remaining terms and provisions of this ADR Policy shall continue in full force and effect.

Nothing in this ADR Policy is intended to preclude any employee from filing a charge with the Equal Employment Opportunity Commission, the California Department of Fair Employment and Housing, the National Labor Relations Board or any similar federal or state agency seeking administrative resolution. However, any claim that cannot be resolved through administrative proceedings shall be subject to the procedures of this ADR Policy.

**<u>For Further Information</u>**

If you have questions about anything contained in this ADR Policy, please contact your local Human Resources Manager.

EXCELLENCE FROM TOUCHDOWN TO TAKEOFF 

**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
MATTHEW W. GORDON (SBN 267971)
mgordon@maternlawgroup.com
MAX N. SLOVES (SBN 217676)
msloves@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile:   (310) 531-1901

Attorneys for Plaintiff DANNY
LOPEZ, individually, and on behalf of
other aggrieved employees

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY LOPEZ, individually, and on behalf of other aggrieved employees<br><br>Plaintiff,<br><br>vs.<br><br>AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; AIR MENZIES INTERNATIONAL (USA), INC., a corporation; MENZIES AVIATION (USA), INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:21-cv-07108 DMG(Ex)<br><br>[Assigned to the Honorable Dolly M. Gee, Courtroom 8C]<br><br>**PLAINTIFF'S OPPOSITION TO AIRCRAFT SERVICE INTERNATIONAL, INC.'S AND MENZIES AVIATION (USA), INC.'S MOTION TO COMPEL ARBITRATION**<br><br>[*Concurrently Filed with Declaration of Danny Lopez*]<br><br>Date:    August 19, 2022<br>Time:    9:30 a.m.<br>Ctrm.:   8C<br>Judge:   Hon. Dolly M. Gee<br><br>Action Filed:   July 21, 2021<br>Removed:        September 2, 2021<br>Trial Date:     July 25, 2023 |

MATERN LAW
GROUP
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN BEACH, CA
90266

-1-
**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO COMPEL ARBITRATION**

1

## <u>TABLE OF CONTENTS</u>

2

<u>Page</u>

3

4

I.      INTRODUCTION ......................................................................... 6

5

II.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ................. 7

6

7

III.    ARGUMENT ................................................................................ 7

8

        A.      AS A FUEL TECHNICIAN, PLAINTIFF IS EXEMPT FROM THE FAA
9               AS A CLASS OF WORKER ENGAGED IN FOREIGN OR INTERSTATE
                COMMERCE. ............................................................................ 7

10      B.      THE ARBITRATION AGREEMENT IS UNENFORCEABLE BECAUSE
                DEFENDANTS HAVE NOT DEMONSTRATED THAT PLAINTIFF IS A
11              PARTY TO THE AGREEMENT. ..................................................... 9

12      C.      THE ARBITRATION AGREEMENT DOES NOT COVER PAGA
                ACTIONS; PLAINTIFF CANNOT BE BOUND TO TERMS NOT
13              AGREED UPON. ...................................................................... 11

14      D.      PLAINTIFF MAY STILL PURSUE A REPRESENTATIVE ACTION,
                DESPITE THE SUPREME COURT'S DECISION IN *VIKING*. ......... 12
15
                1.      *California courts have faithfully applied Kim and deemed*
16                      *plaintiffs who have no individual PAGA claim*
                        *to still have statutory standing* ........................................ 14
17
                2.      *California courts have always viewed PAGA plaintiffs*
18                      *as having no individual claim, and yet have*
                        *permitted those plaintiffs to litigate representative*
19                      *PAGA claims in court.* ................................................... 15

20      E.      ACTIONS PENDING BEFORE THE CALIFORNIA SUPREME COURT
                AND THE PETITION FOR REHEARING IN *VIKING* FAVOR A STAY
21              OF THE MOTION. .................................................................... 16

22

IV.     CONCLUSION ........................................................................... 16

23

24

25

26

27

28

MATERN LAW
GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

-2-
**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO COMPEL ARBITRATION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011)................................................................................13

*Baltimore & Ohio Southwestern R. Co. v. Burtch*,
  263 U.S. 540 (1924)..................................................................................9

*Canela v. Costco Wholesale Corp.*,
  971 F.3d 845 (9th Cir. 2020) ...............................................................16

*Dean Witter Reynolds v. Byrd*,
  470 U.S. 213 (1985)................................................................................10

*First Options of Chicago, Inc. v. Kaplan*,
  514 U.S. 938 (1995).........................................................................10, 12

*Gulf Oil Corp. v. Copp Paving Co.*,
  419 U.S. 186 (1974)..................................................................................9

*Herb v. Pitcairn*,
  324 U.S. 117 (1945)................................................................................14

*Lamps Plus, Inc. v. Varela*,
  139 S. Ct. 1407 (2019)...........................................................................12

*Newton v. American Debt Services, Inc.*,
  854 F.Supp.2d 712 (N.D. Cal. 2012)...................................................11

*Smith v. Rent-A-Ctr., Inc.*,
  WL 1294443 (E.D. Cal. Mar. 21, 2019).............................................11

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
  559 U.S. 662 (2010)................................................................................12

*Sw. Airlines Co. v. Saxon*,
  142 S. Ct. 1783 (2022)........................................................................7, 9

MATERN LAW
GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

-3-
**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO COMPEL ARBITRATION**

*Taft v. Henley Enterprises, Inc.*,
  2016 WL 9448485 (C.D. Cal. Mar. 2, 2016).......................................................12

*Tagliabue v. J.C. Penney Corp., Inc.*,
  2015 WL 8780577 (E.D. Cal. Dec. 15, 2015) .................................................11

*United States v. American Building Maintenance Industries*,
  422 U.S. 271 (1975)................................................................................................9

*Viking River Cruises, Inc.  v. Moriana*,
  142 S. Ct. 1906 (2022)......................................................................................6, 14

**State Cases**

*Adolph v. Uber Techs., Inc.*,
  2022 WL 1073583 (Cal. Ct. App. Apr. 11, 2022).......................................16

*Crestwood Behav. Health, Inc. v. Superior Ct. of Alameda Cnty.*,
  (2021) 60 Cal. App. 5th 1069 ........................................................................15

*Espejo v. S. California Permanente Med. Grp.*,
  246 Cal. App. 4th 1047 (2016) ...............................................................9,11

*Hutcheson v. Superior Court*,
  (2022) 74 Cal.App.5th 932 ............................................................................14

*Johnson v. Maxim Healthcare Servs., Inc.*,
  (2021) 66 Cal. App. 5th 924 .........................................................................14

*Kim v. Reins*,
  9 Cal.5th 73 (2020) .............................................................................................6

*Provost v. YourMechanic, Inc.*,
  (2020) 55 Cal.App.5th 982 ............................................................................15

*Ruiz v. Moss Bros. Auto Grp.*,
  232 Cal. App. 4th 836 (2014) ......................................................................10

*Zuniga v. Alexandria Care Ctr., LLC*,
  (2021) 67 Cal.App.5th 871 ..................................................................14, 15

MATERN LAW
GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

-4-
**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO COMPEL ARBITRATION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Federal Statutes**

9 U.S.C. § 1.................................................................................................7

15 U.S.C. § 7001........................................................................................10

**State Statutes**

California Civil Code § 1633.9(a) ................................................................9

California Labor Code § 2698 ......................................................................7

Labor Code § 2699(c) .................................................................................13

**Federal Rules**

Rule 45 of the Rules of the Supreme Court of the United States.............16

MATERN LAW
GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

-5-
**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO COMPEL ARBITRATION**

## I.      INTRODUCTION

Defendants' Motion to Compel Arbitration ("Motion") should be denied in its entirety because plaintiff Danny Lopez ("Plaintiff") worked for Defendants as a field technician in the fuel department and as such "engaged in foreign or interstate commerce" and, thus, was exempt from Federal Arbitration Act's ("FAA") coverage, pursuant to *Sw. Airlines Co. v. Saxon*, 142 S. Ct. 1783 (2022). Additionally,  the "Agreement To Be Bound By Alternative Dispute Resolution Policy" and corresponding "Menzies Aviation Alternative Dispute Resolution Policy" (collectively, the "Arbitration Agreement" or "Agreement") purportedly signed by Plaintiff is otherwise uninforceable. Plaintiff has no recollection of electronically signing the Agreement and Defendants provide no evidence to authenticate Plaintiff's purported signature to the Agreement.

In the event that the Court finds the Agreement is enforceable, Defendants' Motion still fails. First, the Agreement makes no mention whatsoever of PAGA or any claim by employees acting in the capacity of a private attorney general. Second, *Viking River Cruises, Inc.  v. Moriana*, the recent Supreme Court case upon which Defendants' entire Motion rests, merely held that California's anti-waiver rule for claims under PAGA is preempted only "insofar as it precludes division of PAGA actions into individual and non-individual claims through an agreement to arbitrate." *Viking River Cruises, Inc.  v. Moriana*, 142 S. Ct. 1906, 1924 (2022).  The question of whether an "aggrieved employee" under PAGA is stripped of statutory standing to pursue "non-individual" PAGA claims after being compelled to arbitrate the "individual" portion of the PAGA action is an issue dictated by state courts' interpretation of statutory standing under state law, which is binding on federal courts.  The fact that an aggrieved employee may be required to pursue the LWDA's claims for civil penalties in two forums does not transform her from an aggrieved employee with PAGA standing into a member of the general public with no statutory rights, under the California Supreme Court's reasoning in *Kim v. Reins* 9 Cal.5th 73

MATERN LAW
GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO COMPEL ARBITRATION**

1   (2020). Furthermore, On July 6, 2022, a petition for rehearing was filed with the

2   Supreme Court, accordingly, the opinions of Supreme Court have no force and effect

3   pending resolution of the rehearing. The California Supreme Court has also granted a

4   petition for review in a case expected to clarify and resolve tension between state and

5   federal law in the wake of *Viking River*, that may provide dispositive to issues that

6   would decide Defendants' motion.

7       Accordingly, the Court should deny Defendants' Motion in its entirety.

8 **II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

9       Plaintiff was employed by Defendants as a field technician in the fueling

10   department at Los Angeles International Airport from on or about December 2007 to

11   on or about April 2021. Declaration of Danny Lopez ("Lopez Declaration") ¶ 3.

12   Among Plaintiff's duties as a field technician in the fueling department, he physically

13   added fuel to both passenger and cargo airplanes involved in both foreign and

14   domestic interstate travel. *Id*. During the course of Plaintiff's employment, he has no

15   recollection of signing any agreement to arbitrate with Defendants. *Id*. ¶ 4. Plaintiff

16   does not recall seeing an agreement to arbitrate during his employment with

17   Defendants and is not certain as to what an agreement to arbitrate is. *Id*. ¶ 5. On July

18   21, 2021, Plaintiff filed a complaint against Defendants in Los Angeles County

19   Superior Court, alleging a single cause of action for penalties under the California

20   Private Attorneys General Act of 2004, California Labor Code § 2698, *et seq*.

21   ("PAGA").

22 **III.   ARGUMENT**

23      **A.    As a Fuel Technician, Plaintiff is Exempt from the FAA as a Class of**

24            **Worker Engaged in Foreign or Interstate Commerce.**

25       Section 1 of the FAA excludes from the Act's coverage: "contracts of

26   employment of seamen, railroad employees, or any other class of workers engaged in

27   foreign or interstate commerce." 9 U.S.C. § 1. The Supreme Recently clarified the

28   boundaries of what constitutes "any other class of workers engaged in foreign or

MATERN LAW
GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO COMPEL ARBITRATION**

interstate commerce." *Sw. Airlines Co. v. Saxon*, 142 S. Ct. 1783 (2022). In *Saxon*, the Court determined that "airplane cargo loaders plainly do perform 'activities within the flow of interstate commerce' when they handle goods traveling in interstate and foreign commerce, either to load them for air travel or to unload them when they arrive." *Id*. at 1792, citing *Baltimore & Ohio Southwestern R. Co. v. Burch*, 263 U.S. 540, 544 (1924). Therefore, cargo loaders fell within the exemption of section 1 of the FAA. *Id*. In reaching its decision, the Court analyzed what occupations involved a sufficient nexus to interstate commerce so as to be included in the exemption. *Id*. Occupations too far removed could not qualify. For example, companies that sold asphalt to companies that then paved roads involved in interstate commerce did not qualify. *Id*., citing *Gulf Oil Corp. v. Copp Paving Co*., 419 U.S. 186 (1974). Likewise, janitorial services for the offices of a company involved in interstate commerce also did not qualify. Id. citing, *United States v. American Building Maintenance Industries*, 422 U.S. 271 (1975). The Court statutory context to clarify the exemption:

> The first sentence of § 1 of the FAA defines exempted "maritime transactions" to include, among other things, "agreements relating to wharfage, supplies furnished vessels or repairs to vessels, collisions, or any *other* matters in foreign commerce." (Emphasis added.) The use of "other" in the catchall provision indicates that Congress considered the preceding items to be "matters in foreign commerce." And agreements related to the enumerated "matte[r] in foreign commerce" of "wharfage," to take one example, included agreements for mere access to a wharf—which is simply a cargo-loading facility. […] It stands to reason, then, that if payments to access a cargo-loading facility relate to a "matte[r] in foreign commerce," then an individual who actually loads cargo on foreign-bound ships docked along a wharf is himself engaged in such commerce. Likewise, any class of workers that loads or unloads cargo on or off airplanes bound for a different State or country is "engaged in foreign or interstate commerce."

*Id*. at 1790. It is evident from the Court's analysis that fuel technicians involved in fueling airplanes involved in interstate commerce would have a sufficient nexus to the interstate transport of goods so as to be included within the section 1 exemption. As a field technician in the fueling department, Plaintiff physically added fuel to both passenger and cargo airplanes involved in both foreign and domestic interstate travel. Lopez Decl., ¶ 3. Fueling a vessel is tantamount to furnishing or supplying vessels

Matern Law
Group
1230 Rosecrans Avenue
Suite 200
Manhattan Beach, CA
90266

8

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO COMPEL ARBITRATION**

1   and, accordingly, field technicians in the fuel department are exempt from the FAA.

2   **B.**     **The Arbitration Agreement is Unenforceable Because Defendants**

3           **Have Not Demonstrated That Plaintiff is a Party to the Agreement.**

4           Should the Court not deem Plaintiff exempt from the FAA, Defendants'

5   motion still fails because the Defendants cannot demonstrate that Plaintiff signed the

6   agreement. The FAA does not give a district court discretion in determining whether

7   to compel arbitration; instead it "mandates that district courts shall direct the parties

8   to proceed to arbitration on issues as to which an arbitration agreement has been

9   *signed*." *Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis added).

10  Courts apply ordinary state law principles of contract interpretation when deciding

11  whether the parties agreed to arbitrate certain disputes.  *First Options of Chicago,*

12  *Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).  Thus, California contract principles must

13  be applied to this Motion.

14          A defendant may meet its "initial burden to show an agreement to arbitrate"

15  merely "by attaching a copy of the arbitration agreement purportedly bearing the

16  opposing party's signature" to the motion to compel arbitration. *Espejo v. S.*

17  *California Permanente Med. Grp.*, 246 Cal. App. 4th 1047, 1060 (2016). Once a

18  plaintiff "challenge[s] the validity of that signature in his opposition," a defendant is

19  "then required to establish by a preponderance of the evidence that the signature [is]

20  authentic." *Id*.

21          The California Civil Code governs the authentication of electronic signatures

22  and provides that "an electronic signature may be attributed to a person if it was the

23  act of the person." Cal. Civ. Code § 1633.9(a). "The "act of the person may be shown

24  in any manner, including a showing of the efficacy of any security procedure applied

25  to determine the person to which the electronic record or electronic signature was

26  attributable." *Id*. Where a purported signatory to an arbitration agreement does not

27  recall electronically signing the agreement, the mere fact that the agreement includes

28  an electronic signature in that person's name, and a data and time stamp for the

MATERN LAW
GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

-9-

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO COMPEL ARBITRATION**

1   signature, is insufficient to support a finding that the electronic signature was in fact

2   'the act of'" the purported signatory. *Ruiz v. Moss Bros. Auto Grp.*, 232 Cal. App. 4th

3   836, 844 (2014). "[T]he burden of authenticating an electronic signature is not great."

4   Id. at 844-845, citing *Newton v. American Debt Services, Inc*. 854 F.Supp.2d 712,

5   731–732 (N.D. Cal. 2012) (electronic signature on arbitration agreement proved to be

6   the plaintiff's signature because it was made using DocuSign, a company used to

7   electronically sign documents in compliance with the federal Electronic Signatures in

8   Global and National Commerce Act (15 U.S.C. § 7001 et seq.), and the process

9   DocuSign used to verify the plaintiff's electronic signature was explained). See also,

10  *Smith v. Rent-A-Ctr., Inc*., No. 118CV01351LJOJLT, 2019 WL 1294443 (E.D. Cal.

11  Mar. 21, 2019) at *3 ("mere use of' password within Defendant's employment

12  application and onboarding websites insufficient to authenticate signature absent

13  evidence of the adequacy of procedures to ensure the signatories identity).

14         Defendants summarily state that "Plaintiff signed the Arbitration Agreement

15  on June 28, 2019." Motion at 9. In support of this contention, Defendants cite to the

16  Declaration of Talin Bazerkanian ("Bazerkanian Decl."). *Id*. However, the

17  declaration is equally conclusory in its assertion that Plaintiff "executed his written

18  assent to be by bound by the ADR Policy" and provides no information that would

19  serve to authenticate Plaintiff's signature. Dkt. 29-2, Bazerkanian Decl. at ¶ 4.

20  Defendants only provide a copy of the Agreement and a separate single page

21  document with Plaintiff's name printed at the top and a column titled "Status" with

22  the entry "Accepted" below it, and a time and date entered in the next column. This is

23  a manifestly insufficient showing to meet Defendants burden to demonstrate by a

24  preponderance of the evidence that Plaintiff is a signatory to the Agreement. It is the

25  "the *content* of such declarations, rather than their mere existence, [that] is

26  determinative for clearing the authentication threshold [of an electronic signature to

27  an arbitration agreement]. *Tagliabue v. J.C. Penney Corp., Inc*., No. 1:15-CV-01443-

28  SAB, 2015 WL 8780577 at *3 (E.D. Cal. Dec. 15, 2015). In *Tagliabue*,

MATERN LAW
GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO COMPEL ARBITRATION**

1    authentication was supported in part by declarations of two senior human resource

2    managers who detailed 20 discrete steps that a new hire had to follow and complete

3    in order, the arbitration agreement being the tenth step, wherein the new hire could

4    not proceed to the next step until all previous steps were completed. *Id*. See also,

5    *Espejo v. S. California Permanente Med. Grp*., 246 Cal. App. 4th 1047, 1062 (2016)

6    (electronic signature to arbitration agreement deemed authenticated where defendant

7    detailed "security precautions regarding transmission and use of an applicant's unique

8    user name and password, as well as the steps an applicant would have to take to place

9    his or her name on the signature line of the employment agreement"); *Taft v. Henley*

10   *Enterprises, Inc*., No. SACV151658JLSJCGX, 2016 WL 9448485 at *3 (C.D. Cal.

11   Mar. 2, 2016) (electronic signature to arbitration agreement deemed authenticated

12   where defendant detailed discrete steps of online onboarding, including an "audit trail

13   [that] documents the steps that [the plaintiff] took in her onboarding process in

14   reverse chronological order" to demonstrate she electronically reviewed and signed

15   the arbitration agreement.).

16       **C.     The Arbitration Agreement Does Not Cover PAGA Actions;**

17              **Plaintiff Cannot be Bound to Terms Not Agreed Upon.**

18       In the event the Court finds that the Plaintiff is a signatory to the Agreement

19   and that the Agreement is enforceable, Plaintiff's PAGA claims cannot be compelled

20   to arbitration because the Agreement does not include a PAGA waiver or otherwise

21   prohibit Plaintiff from bringing a claim under the PAGA. The most basic corollary of

22   the principle that arbitration is a matter of consent is that "a party can be forced to

23   arbitrate only those issues it specifically has agreed to submit to arbitration," *First*

24   *Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 945, 115 S.Ct. 1920, 131 L.Ed.2d

25   985 (1995). This means that parties cannot be coerced into arbitrating a claim, issue,

26   or dispute "absent an affirmative 'contractual basis for concluding that the party

27   agreed to do so.' " *Lamps Plus, Inc. v. Varela,* 139 S. Ct. 1407, 1416 (2019) (quoting

28   *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp*., 559 U.S. 662, 684 (2010); see also

-11-

MATERN LAW
GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO COMPEL ARBITRATION**

1  *AT&T Mobility LLC v. Concepcion,* 563 U.S. 333, 347–348 (2011).

2      The Agreement only refers to a prohibition of class and collective actions. For

3  example, the agreement states, "I also understand that this ADR Policy prohibits me

4  from joining or participating in a class action or as a collective action representative,

5  or otherwise consolidating a covered claim with the claims of others." Dkt. 29-2,

6  Bazerkanian Decl., Exh. B at 7. Nowhere in the Agreement or the corresponding

7  policy incorporated therein, do Defendants identify language referring to PAGA or to

8  any type of private attorney general action. It stretches the boundaries of reason to

9  claim that a prohibition on class and collective actions – where an employee is

10  aggregating their claim for individual damages with other employees' claims for

11  individual damages – would include a concomitant prohibition on actions where the

12  plaintiff steps into the shoes of and acts as a proxy for the State to recover civil

13  penalties.

14      Had Defendants wanted to prohibit employees from bringing PAGA actions, it

15  could have specified as much in the language of the Agreement. In fact, this is

16  precisely what the defendant did in *Viking Cruises*, the case that comprises the basis

17  of Defendants' motion. In *Viking Cruises*, the arbitration agreement at issue

18  "contained a 'Class Action Waiver' providing that in any arbitral proceeding, the

19  parties could not bring any dispute as a class, collective, or representative <u>PAGA</u>

20  <u>action</u>." *Viking*, 142 S. Ct. at 1916 (emphasis added). Having failed to specify the

21  PAGA or make any reference to private attorney general actions in the Agreement,

22  Defendants cannot now bind Plaintiff after the fact to terms that were never

23  contemplated.

24      **D.**    **Plaintiff May Still Pursue a Representative Action, Despite the**

25          **Supreme Court's Decision in *Viking*.**

26      Defendants' reliance on *Viking* to compel arbitration of Plaintiff's PAGA

27  claims is unavailing. While the Supreme Court held that the plaintiff's individual

28  PAGA claim should be sent to arbitration pursuant to her agreement, the Supreme

-12-

MATERN LAW
GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO COMPEL ARBITRATION**

1   Court reserved to California courts the final word regarding standing under PAGA:

2   "The remaining question is what the lower courts should have done with Moriana's

3   non-individual claims.  Under our holding in this case, those claims may not be

4   dismissed simply because they are 'representative.'  *Iskanian's* rule remains valid to

5   that extent." *Viking,* 142 S.Ct. at 1925.

6       This is underscored by Justice Sonia Sotomayor's concurring opinion, wherein

7   she noted that, with respect to statutory standing under PAGA, "if this Court's

8   understanding of state law is wrong, *California courts*, in an appropriate case, will

9   have the last word." *Id.,* (conc. opn. of Sotomayor, J.) (emphasis added).  The

10  concurrence refers to a long-held standard that, in issues concerning interpretation of

11  state statues, federal courts will defer to state court decisions.  *See, e.g.*, *Herb v.*

12  *Pitcairn* (1945) 324 U.S. 117, 125-26 ("This Court from the time of its foundation

13  has adhered to the principle that it will not review judgments of state courts that rest

14  on adequate and independent state grounds. . . . Our only power over state judgments

15  is to correct them to the extent that they incorrectly adjudge federal rights.").

16      In *Viking*, the Supreme Court was never briefed on the issue of PAGA

17  standing; rather, the arguments before the Supreme Court centered on the waiver of

18  the right to bring a PAGA action.  Thus, the Supreme Court's ruling centered on a

19  misreading of a critical California precedent, *Kim v. Reins International California,*

20  *Inc.* (2020) 9 Cal. 5th 73, 90, which the Supreme Court incorrectly read as stating an

21  employee's separate dispute from a PAGA claim gives the employee standing that "is

22  no different from a member of the general public, and PAGA does not allow such

23  persons to maintain suit." *Viking,* 142 S.Ct. at 1925, referencing *Kim*, 9 Cal. 5th at

24  90.

25      However, the holding of *Kim* is, in fact, the opposite.  *Kim* holds that standing

26  under Labor Code section 2699(c) requires only that the plaintiff suffered a violation

27  during employment, and no other requirement.  In *Kim*, the plaintiff resolved her

28  individual Labor Code claims in arbitration and the employer moved for summary

MATERN LAW
GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

-13-

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO COMPEL ARBITRATION**

1   judgment, arguing that plaintiff lacked standing to pursue her PAGA claim in court

2   because she was no longer aggrieved.  *Kim*, 9 Cal. 5th at 82.  The California Supreme

3   Court disagreed, concluding that the plaintiff did *not* lose standing under PAGA,

4   even though her individual dispute was "pared away," because statutory standing has

5   only two elements: the plaintiff must (1) be an employee, and (2) have suffered a

6   violation of the Labor Code.  *Id.* at 90-91.  There is no other requirement necessary to

7   have standing.

8           **1.**    **California courts have faithfully applied *Kim* and deemed**

9                     **plaintiffs who have no individual PAGA claim to still have**

10                    **statutory standing.**

11        Courts have since interpreted *Kim* to require only those two elements

12   referenced for standing under Labor Code section 2699, subdivision (c).  *See Zuniga*

13   *v. Alexandria Care Ctr., LLC* (2021) 67 Cal.App.5th 871, 882 (per "section 2699,

14   subdivision (c)'s standing requirement" a PAGA plaintiff need only allege she had

15   suffered an applicable Labor Code violation or must prove she suffered actual injury

16   as a result of the violation."); *Hutcheson v. Superior Court* (2022) 74 Cal.App.5th

17   932, 939 (same).

18        For instance, in *Johnson v. Maxim Healthcare Servs., Inc.* (2021) 66 Cal. App.

19   5th 924, the Court of Appeal held that a plaintiff who could not recover his own

20   penalties because they were time barred (and under *Viking* could not bring what is

21   now an "individual PAGA claim") would be permitted to proceed with the now

22   termed "non-individual PAGA claim."  *Id.* at 929 ("the main issue posed by the

23   parties on appeal is whether an employee, whose individual claim is time-barred, may

24   still pursue a representative claim under PAGA.  Under *Kim* . . . we conclude the

25   answer is yes.").  Thus, California courts permit a PAGA plaintiff with no individual

26   PAGA claim to continue to pursue a case on a representative basis.

27

28

MATERN LAW
GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

-14-

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO COMPEL ARBITRATION**

**2.** **California courts have always viewed PAGA plaintiffs as having no individual claim, and yet have permitted those plaintiffs to litigate representative PAGA claims in court.**

The United States Supreme Court *created* an individual PAGA claim, presumably, only where a PAGA plaintiff has agreed to arbitrate her disputes on an individual basis. Before *Viking*, courts have treated PAGA plaintiffs' individual claims as simply non-existent, and yet they were still permitted to proceed with the PAGA claims on a representative basis. *See, e.g., Crestwood Behav. Health, Inc. v. Superior Ct. of Alameda Cnty.* (2021) 60 Cal. App. 5th 1069 (stating that a PAGA plaintiff "has no individual claim.").

The individual PAGA claim that the Supreme Court created allows plaintiffs, acting as the LWDA, to recoup penalties for violations they suffered. Courts have approved of the idea that a PAGA representative may have *no personal stake in the litigation* such that sufferance of a single violation is sufficient, recognizing that "[r]elief under PAGA is designed primarily to benefit the general public, not the party bringing the action." *Zuniga v. Alexandria Care Ctr., LLC* (2021) 67 Cal.App.5th 871, 881; *Provost v. YourMechanic, Inc.* (2020) 55 Cal.App.5th 982, 996 ("The *Kim* court noted standing in such actions cannot be dependent on the maintenance of an individual claim because there is no claim for individual relief."). Further, the recovery a PAGA plaintiff receives is not restitution; it is simply *an incentive* to bring suit. *See Canela v. Costco Wholesale Corp.* (9th Cir. 2020) 971 F.3d 845, 852 (describing civil penalties allocated to aggrieved employees as an incentive to bring an enforcement suit, and not as restitution for harm suffered).

That PAGA claims be raised in the *same forum* is not a requirement the California Supreme Court has required for PAGA standing. The *Viking* conclusion that carving up the PAGA claim somehow converts an employee into a mere member of the general public finds no support in any California authority or the statute itself, and this Court has the opportunity to demonstrate that. Thus, Plaintiff still has

MATERN LAW
GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO COMPEL ARBITRATION**

1    standing to pursue the representative PAGA claim.

2    **E.    Actions Pending Before the California Supreme Court and the**

3    **Petition For Rehearing In *Viking* Favor a Stay of the Motion.**

4         On July 6, 2022, Moriana, the named plaintiff in *Viking* filed a petition for

5    rehearing with the Supreme Court. Supreme Court Docket No. 20-1573 (July 6,

6    2022). Under Rule 45 of the Rules of the Supreme Court of the United States, the

7    filing of a petition for rehearing "stays the mandate until disposition of the petition

8    unless the Court orders otherwise." Therefore, the opinions issued by the United

9    States Supreme Court on June 15, 2022 are not yet final. Furthermore, on July

10   20,2022, the California Supreme Court granted a petition for review in *Adolph v.*

11   *Uber Techs., Inc.*, No. G059860, 2022 WL 1073583 (Cal. Ct. App. Apr. 11, 2022),

12   review granted (July 20, 2022). In *Uber Technologies*, the California court of appeals

13   held that PAGA claims are not arbitrable under California law. While the decision of

14   the appellate court predates *Viking*, it is broadly expected that the California Supreme

15   Court will utilize its review of *Uber Technologies* to clarify and resolve the tensions

16   between state and federal law left open by the ruling in Viking. Given the potential of

17   these concurrent developments to decide threshold and dispositive issues pertaining

18   to Defendants' Motion, should the Court find merit in Defendants' Motion, Plaintiff

19   respectfully requests the Court stay its decision to allow the parties to brief any

20   developments in *Viking* and *Uber Technologies* germane to determination of the

21   Motion.

22   **IV.   CONCLUSION**

23        Based on the foregoing argument and authority, Plaintiff respectfully requests

24   that the Court deny Defendants' Motion to Compel Arbitration or, in the alternative,

25   that the Court stay its decision on the Motion to Compel Arbitration in light of the

26

27

28

MATERN LAW
GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

-16-

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO COMPEL ARBITRATION**

1  petition for rehearing in *Viking* and the California Supreme Court granting petition

2  for review in *Uber Technologies*.

3

4  DATED:  July 29, 2022                    Respectfully submitted,

5                                          **MATERN LAW GROUP, PC**

6

7                                 By: _____

8                                          MATTHEW J. MATERN
                                           MATTHEW W. GORDON
9                                          MAX N. SLOVES
                                           Attorneys for Plaintiff Danny Lopez and other
10                                         aggrieved employees

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW
GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

-17-
**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO COMPEL ARBITRATION**

**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
MATTHEW W. GORDON (SBN 267971)
mgordon@maternlawgroup.com
MAX N. SLOVES (SBN 217676)
msloves@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile:   (310) 531-1901

Attorneys for Plaintiff DANNY
LOPEZ, individually, and on behalf of
other aggrieved employees

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY LOPEZ, individually, and on behalf of other aggrieved employees<br><br>Plaintiff,<br><br>vs.<br><br>AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; AIR MENZIES INTERNATIONAL (USA), INC., a corporation; MENZIES AVIATION (USA), INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:21-cv-07108 DMG(Ex)<br><br>[Assigned to the Honorable Dolly M. Gee, Courtroom 8C]<br><br>**DECLARATION OF DANNY LOPEZ IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION**<br><br>[*Concurrently Filed with Memorandum of Points and Authorities*]<br><br>Date:        August 19, 2022<br>Time:        9:30 a.m.<br>Ctrm.:       8C, 8th floor<br>Judge:       Hon. Dolly M. Gee<br><br>Action Filed:   July 21, 2021<br>Removed:        September 2, 2021<br>Trial Date:     July 25, 2023 |

MATERN LAW
GROUP
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN BEACH, CA
90266

-1-
**DECLARATION OF DANNY LOPEZ**

ER_42

## DECLARATION OF DANNY LOPEZ

I, Danny Lopez, hereby declare as follows:

1.    I have personal knowledge of the facts set forth in this declaration and could and would readily and competently testify under oath if called as a witness.

2.    I submit this declaration in support of Plaintiff's Opposition to Defendants' Petition to Enforce Arbitration.

3.    I was employed by Defendants as a field technician in the fueling department at Los Angeles International Airport from on or about December 2007 to on or about April 2021. Among my responsibilities as a field technician, I physically added fuel to both passenger and cargo airplanes involved in both foreign and domestic interstate travel.

4.    During the course of my employment, I have no recollection of signing any agreement to arbitrate with Defendants.

5.    I do not recall seeing an agreement to arbitrate during my employment with Defendants and I am not certain as to what an agreement to arbitrate is.

Executed this 29th day of July, 2022, in Inglewood, California.


*/s/ Danny Lopez*

Danny Lopez

MATERN LAW
GROUP
1230 ROSECRANS AVENUE
SUITE 200
MANHATTAN BEACH, CA
90266

-2-
DECLARATION OF DANNY LOPEZ

1  CHRISTOPHER WARD, CA Bar No. 238777
2    cward@foley.com
   **FOLEY & LARDNER LLP**
3  555 SOUTH FLOWER STREET, SUITE 3300
   LOS ANGELES, CA 90071-2418
4  TELEPHONE:  213.972.4500
   FACSIMILE:   213.486.0065

5  KEVIN JACKSON, CA Bar No. 278169
6    kjackson@foley.com
   **FOLEY & LARDNER LLP**
7  11988 EL CAMINO REAL, SUITE 400
   SAN DIEGO, CA 92130-2594
8  TELEPHONE:  858.847.6700
   FACSIMILE:   858.792.6773

9  Attorneys for Defendants AIRCRAFT
   SERVICE INTERNATIONAL, INC.
10 and MENZIES AVIATION (USA),
   INC.
11

12              **UNITED STATES DISTRICT COURT**

13      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

14

15 | DANNY LOPEZ, individually, and on     Case No. 2:21-cv-07108-DMG-Ex
   behalf of all other aggrieved employees,
16                                       **DEFENDANTS AIRCRAFT SERVICE**
                   Plaintiff,            **INTERNATIONAL, INC.'S AND**
17                                       **MENZIES AVIATION (USA), INC.'S**
        vs.                              **NOTICE OF MOTION AND MOTION**
18                                       **TO COMPEL ARBITRATION**
   AIRCRAFT SERVICE
19 INTERNATIONAL, INC., a corporation;
   AIR MENZIES INTERNATIONAL        *Concurrently  iled concurrently with*
20 (USA), INC., a corporation; MENZIES   *eclaration of  evin  ackson,  eclaration*
   AVIATION (USA), INC., a corporation;  *of  alin  a erkanian and  Proposed*
21 and DOES 1 through 50, inclusive,     * rder*

22                 Defendants.

23                                       Date:       August 19, 2022
24                                       Time:       9:30 a.m.
                                         Ctrm.:      8C, 8th floor
25                                       Judge:      Hon. Dolly M. Gee

26

27

28

4864-  181-71  6.1

ER_44

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**PLEASE TA  E NOTICE** that on August 19, 2022 at 9:30 a.m., or as soon thereafter as this matter may be heard, in Courtroom 8C, 8th Floor, before the Honorable Dolly M. Gee, of the above-captioned Court, located at First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012, Defendants Aircraft Service International, Inc. and Menzies Aviation (USA), Inc.[1] (collectively, "Menzies") will, and hereby do, move the Court for an order to compel arbitration.

This Motion is made upon the grounds that Plaintiff is bound by an agreement to arbitrate employment-related disputes, including those raised by the Complaint on file herein, and has also expressly waived the right to bring or join in any collective or class action as to such claims or to otherwise consolidate a covered claim with the claims of others.  The agreement to arbitrate is enforceable pursuant to the provisions of the Federal Arbitration Act.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, Declaration of Kevin Jackson, Declaration of Talin Bazerkanian and exhibits thereto, the records and pleadings on file herein, all of which the Court is requested to take judicial notice thereof, and upon such oral or documentary evidence as may be presented at the time of hearing thereon.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place between June 24, 2022 and July 1, 2022.

///

///

///

///

///

///

---

[1] Named defendant "Air Menzies International (USA), Inc." is not an existent or proper entity and has no relationship to Plaintiff's employment with Menzies.  It has not been served nor responded to the Complaint and has no valid involvement in this case.

DATED:  July 14, 2022

**FOLEY & LARDNER LLP**
Christopher Ward
Kevin Jackson

/s/ Christopher Ward
Christopher Ward
Attorneys for Defendants AIRCRAFT
SERVICE INTERNATIONAL, INC. and
MENZIES AVIATION (USA), INC.

4864- 181-71 6.1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Danny Lopez ("Plaintiff") brings this representative civil action pursuant to the Private Attorneys' General Act ("PAGA") seeking to recover civil penalties on behalf of himself and other "aggrieved employees."  The Supreme Court has just made clear he may not maintain this action any longer.

In connection with his employment, Plaintiff signed an Alternative Dispute Resolution agreement (the "Arbitration Agreement") containing a waiver of his right to serve as a class or collective action representative or "otherwise consolidating a covered claim with the claims of others."  Accordingly Plaintiff is compelled to pursue **all** of his claims—including his individual claim under the Private Attorneys General Act of 2004 ("PAGA")—through binding arbitration on an individual basis.  In light of the recent decision of the United States Supreme Court in *Viking River Cruises, Inc. v. Moriana*, No. 20-1573 (2022), the Federal Arbitration Act ("FAA") preempts the rule of *Iskanian v. C S  ransp.  os Angeles,   C*, 59 Cal. 4th 348, 380 (2014) that "PAGA claims cannot be split into arbitrable "individual" claims and nonarbitrable "representative" claims.  As a result, "[u]nder PAGA's standing requirement, a plaintiff can maintain non-individual PAGA claims in an action only by virtue of also maintaining an individual claim in that action."  Accordingly, once this Court compels Plaintiff to submit his individual PAGA claim to arbitration consistent with the obligations he undertook in connection with his employment, he no longer has standing to pursue representative claims on behalf of other "aggrieved employees" in a civil action, and the "correct course is to dismiss [his] remaining claims."

Accordingly, Menzies respectfully requests that this Court enforce Plaintiff's Arbitration Agreement, require him to proceed with his individual PAGA claim through final and binding arbitration, and dismiss Plaintiff's "non-individual" PAGA claim on behalf of other purportedly "aggrieved employees."

DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL

-3-                    Case No. 2:21-cv-07108-DMG-Ex

4864-  181-71  6.1

## II.    RELEVANT FACTUAL BACKGROUND

1

2    On July 21, 2021, Plaintiff commenced this action by filing an unverified

3    Complaint in the Superior Court of California, County of Los Angeles, entitled "DANNY

4    LOPEZ, individually, and on behalf of all other aggrieved employees v. AIRCRAFT

5    SERVICE INTERNATIONAL, INC., a corporation; AIR MENZIES INTERNATIONAL

6    (USA), INC., a corporation; MENZIES AVIATION (USA), INC., a corporation; and

7    DOES 1 through 50, inclusive" Case No. 21STCV26797 (the "Complaint"). [Dkt. 1,

8    1.]  Defendants Aircraft Service International, Inc. and Menzies Aviation (USA), Inc.

9    (collectively, "Menzies") received service on or around August 3, 2021. [Dkt. 1, 1.]

10   Plaintiff has never served non-existent entity Air Menzies International (USA), Inc.

11   Menzies then removed this Action to this Court on on September 2, 2021. [Dkt. 1.]

12   The Complaint alleges a single cause of action under the California Private

13   Attorneys' General Act ("PAGA"), premised on the following alleged violations of the

14   California Labor Code: (1) Failure to Provide Meal Periods; (2) Failure to Provide Rest

15   Periods; (3) Failure to Pay Overtime Wages; (4) Failure to Pay Minimum Wages; (5)

16   Failure to Permit Inspection of Records; (6) Failure to Timely Pay Wages; (7) Failure to

17   Pay All Wages Upon Termination; (8) Failure to Provide Accurate Itemized Wage

18   Statements; and (9) Failure to Reimburse. [Dkt. 1-2.]

19   Plaintiff commenced his employment with Menzies in 2007. [See Declaration of

20   Talin Bazerkanian ("Bazerkanian Decl."), 4.]  For several years, Menzies has utilized

21   an Alternative Dispute Resolution Policy ("ADR Policy") for all employees at its

22   locations in the United States. [Bazerkanian Decl., 2, Ex. A.]  For employees who

23   choose to be bound by the ADR Policy, they agree with Menzies that any claims arising

24   from the employment relationship, other than certain categories of statutorily-excluded

25   claims, must be brought in binding arbitration – including "claims brought under the

26   California Labor Code." [Bazerkanian Decl., 2-3, Ex. A.]  Employees receive a free-

27   standing copy of the Menzies ADR Policy memorializing all the terms of the ADR

28   Policy, including, among other terms, that it applies bilaterally to the employee and

DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL
-4-
Case No. 2:21-cv-07108-DMG-Ex

4864- 181-71 6.1

Menzies, that Menzies will be responsible for all unique costs of arbitration, that the parties will have the full range of discovery available to them as in civil litigation, that the arbitrator has the power to award all civilly-available forms of relief, and that the arbitrator must issue a written award.  [Bazerkanian Decl.,    2-3, Ex. A.]  The ADR Policy also requires that employees choosing to be bound by it waive the right to act as a class action representative or pursue their claims on any type of representative basis, as it explicitly prohibits "otherwise consolidating a covered claim with the claims of others." [Bazerkanian Decl.,    2-3, Ex. A.]  Employees agreeing to the ADR Policy execute a separate document memorializing their agreement to be bound by all provisions of the ADR Policy.  [Bazerkanian Decl.,    2-3, Ex. A.]

On June 28, 2019, Plaintiff executed his written assent to be by bound by the ADR Policy (the "Arbitration Agreement").  [Bazerkanian Decl.,    4, Ex. B.] By agreeing to be bound by the Menzies ADR Policy, Plaintiff therefore waived the ability to pursue, on an individual or representative basis, various wage and hour claims against Menzies in a civil forum, including those he now attempts to bring in this Action pursuant to PAGA. [Bazerkanian Decl.,    4, Ex. B.]

**III.    THIS COURT SHOULD RE   UIRE ARBITRATION OF PLAINTIFF'S PAGA CLAIM**

**A.    T  e Supreme Court Affirmed T  e Enforcea  ility Of Ar  itration Agreements In Employment Relations  ips, Including As Applied To PAGA**

The principal purpose of the Federal Arbitration Act, as well as the California Arbitration Act, is to ensure that "private arbitration agreements are enforced according to their terms," reflecting a liberal policy favoring arbitration. *A      Mo  ility,    C v. Concepcion*, 563 U.S. 333 (2011); *see also* 9 U.S.C. § 2; *Perry v.   homas*, 482 U.S. 483, 489 (1987); *Green   ree   in. Corp. v. Randolph*, 531 U.S. 79, 91 (2000); *Avery v. Integrated    ealthcare   oldings, Inc.,* 218 Cal. App. 4th 50, 62 (2013).  The Supreme Court also has repeatedly affirmed that the FAA applies to written arbitration agreements

DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL
-5-          Case No. 2:21-cv-07108-DMG-Ex

1   in the employment context.  *Circuit City Stores v. Adams*, 532 U.S. 105, 115 (2001).  If a

2   court determines that a valid arbitration agreement encompasses the dispute, the FAA

3   requires the court to enforce the arbitration agreement according to its terms.  *Simula Inc.*

4   *v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999) (acknowledging that arbitration

5   agreements must be rigorously enforced); *Volt Info. Scis., Inc., v.  d. of  rs. of  eland*

6   *Stanford  unior  niv.*, 489 U.S. 468, 477 (1989) (holding that the purpose of the FAA "is

7   simply to ensure the enforceability, according to their terms, of private agreements to

8   arbitrate").  The FAA does not give a district court discretion in determining whether to

9   compel arbitration; instead it "mandates that district courts *shall* direct the parties to

10  proceed to arbitration on issues as to which an arbitration agreement has been signed."

11   *ean  itter Reynolds v.  yrd*, 470 U.S. 213, 218 (1985).

12        On April 27, 2011, the Supreme Court issued its landmark ruling in *A*

13  *Mo  ility,    C v. Concepcion*, 563 U.S. 333 (2011), clarifying that the FAA makes

14  enforceable agreements requiring parties to resolve claims through arbitration on an

15  individual basis.  *See A     Mo  ility*, 563 U.S. at 333; *see also* 9 U.S.C. § 2; *Perry*, 482

16  U.S. at 489 (1987); *Randolph* 531 U.S. at 91.  On May 21, 2018 the United States

17  Supreme Court issued its decision in *Epic Sys. Corp. v.  ewis,* 2018 U.S. LEXIS 3086,

18   2, Supreme Court docket number 16-285.  Like Plaintiff, the plaintiff in *Epic Systems*

19  signed an arbitration agreement with his employer but still pursued civil claims in court.

20  *Id.* at   8-10.  The Supreme Court held that, even in the employment context, "Congress

21  has instructed in the Arbitration Act that arbitration agreements providing for

22  individualized proceedings must be enforced, and neither the Arbitration Act's saving

23  clause nor the NLRA suggests otherwise."  *Id.* (emphasis added.) Like the parties in *Epic*

24  *Systems,* Plaintiff and Menzies here contracted for arbitration and specified the rules that

25  would govern the arbitrations, such that the Arbitration Agreement must be enforced;

26  "this much the Arbitration Act seems to protect pretty absolutely."  *Id.* at   14; s*ee*

27  Bazerkanian Decl.,   4, Ex. B.

28        It is now clear that all the foregoing rules and legal standards apply with equal

DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL

-6-         Case No. 2:21-cv-07108-DMG-Ex

1    measure to PAGA claims and that California cannot supersede the preemptive scope of

2    the FAA.  On June 15, 2022, the Supreme Court issued another landmark ruling in *Viking*

3    *River Cruises, Inc. v. Moriana*, No. 20-1573 (2022), wherein the Court resolved whether

4    the FAA preempts the rule of *Iskanian v. C S ransp. os Angeles,    C*, 59 Cal. 4th 348,

5    380 (2014) that "PAGA claims cannot be split individual arbitrable "individual" claims

6    and nonarbitrable "representative" claims."  In holding that the FAA preempts the

7    *Iskanian* rule, the Supreme Court went beyond simply enforcing a "representative action

8    waiver" and instead analyzed the issues of claim joinder and standing.

9    With respect to claim joinder, specifically, the Court held that "PAGA's built-in

10    mechanism of claim joinder is in conflict with the FAA.  *Iskanian*'s prohibition on

11    contractual division of PAGA actions into constituent claims unduly circumscribes the

12    freedom of parties to determine "the issues subject to arbitration" and "the rules by which

13    they will arbitrate,"  *amps Plus, Inc. v. Varela*, 587 U. S. __, 139 S. Ct. 1407, 1416, and

14    does so in a way that violates the fundamental principle that "arbitration is a matter of

15    consent."  *Viking River*, at 2 (citing *Stolt    ielsen S. A. v. Animal eeds Int l Corp.*, 559

16    U.S. 662, 684 (2010).)  Therefore, "state law cannot condition the enforceability of an

17    agreement to arbitrate on the availability of a procedural mechanism that would permit a

18    party to expand the scope of the anticipated arbitration by introducing claims that the

19    parties did not jointly agree to arbitrate."  *Id*.  In other words, the FAA preempts *Iskanian*

20    insofar as it requires joinder of claims under PAGA.  As a result, *Viking River* instructs

21    that PAGA encompasses an "individual" claim and a "non-individual" claim, and that the

22    FAA preempts *Iskanian* to the extent that it would prevent an employee from waiving the

23    right to bring his "individual" PAGA claim in a court action.  *Id.* at 4.

24    The Court then considered PAGA's standing requirement, and addressed the

25    question of whether an individual who is compelled to submit his individual PAGA claim

26    to arbitration retains standing to pursue the "non-individual" PAGA claim (i.e., the

27    representative claim brought for the benefit of other "aggrieved employees").  The Court

28    held, in unequivocal terms, that "[u]nder PAGA's standing requirement, a plaintiff can

DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL
-7-                    Case No. 2:21-cv-07108-DMG-Ex

4864- 181-71 6.1

1   maintain non-individual PAGA claims in an action only by virtue of also maintaining an

2   individual claim in that action.  *See* Cal. Lab. Code Ann. §§2699(a), (c).  When an

3   employee's own dispute is pared away from a PAGA action, the employee is no different

4   from a member of the general public, and PAGA does not allow such persons to maintain

5   suit."  *Viking River* at 21.  As a result, once Plaintiff here is required to submit his

6   individual PAGA claim to arbitration – and he must be pursuant to *Epic Systems* and its

7   predecessor cases – "the correct course is to dismiss [his] remaining [non-individual]

8   claims."  *Id*.

9       **B.     THE ARBITRATION AGREEMENT IS ENFORCEABLE**

10      The Court's role in deciding whether to compel arbitration is to determine two

11  questions: "(l) whether a valid agreement to arbitrate exists and, if it does, (2) whether the

12  agreement encompasses the dispute at issue."   *ilgore v.   ey  ank,   at l Ass n*, 718 F.3d

13  1052, 1058 (9th Cir. 2013) (internal citations and quotations omitted).  Both of these

14  questions must be answered in the affirmative here as applied to Plaintiff and the claims

15  raised in his Complaint.

16      **.    T e Ar itration Agreement is Valid**

17      Courts apply "general state-law principles of contract interpretation, while giving

18  due regard to the federal policy in favor of arbitration" in determining the validity of an

19  arbitration agreement.   *agner v. Stratton   akmont, Inc*., 83 F.3d 1046, 1049 (9th Cir.

20  1996);   *ilgore*, 718 F.3d at 1058. Where the parties agree to submit all disputes to

21  binding arbitration, a valid arbitration agreement exists.  *See, e.g., Cruise v.   roger* 233

22  Cal. App. 4th 390, 396-97 (2015).  *Cruise* is instructive.  In the case, the employee signed

23  an employment application that included a "Mandatory Final     Binding Arbitration"

24  provision in which the employee agreed to arbitrate all employment-related disputes.  *Id*.

25  at 396.  The employee later filed a lawsuit against the employer alleging employment

26  discrimination, and the employer sought to compel arbitration.  *Id*. at 394.  The court

27  deemed the arbitration agreement valid based on the agreement's language mandating

28  that the employee submit any employment disputes to binding arbitration, explaining that

DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL
                                                    -8-                  Case No. 2:21-cv-07108-DMG-Ex

1  this language "eliminates any argument that the parties did not agree to arbitrate."  *Id*. at

2  397.

3       Likewise, in this case, Plaintiff signed the Arbitration Agreement on June 28,

4  2019, wherein he agreed to submit "any dispute" arising out of his employment,

5  including "alleged violations of federal, state, and/or local constitutions, statutes, or

6  regulations," including but not limited to claims brought under the "California Labor

7  Code." [Bazerkanian Decl.,     2-4, Exs. A-B].  The Arbitration Agreement also

8  unequivocally provides that all claims must be brought on an "individual" basis in

9  arbitration, and it expressly prohibits "otherwise consolidating a covered claim with the

10  claims of others."  This language eliminates any argument that the parties did not agree to

11  arbitrate, and evidences the existence of a valid arbitration agreement.

12       .   **T e Ar itration Agreement Encompasses T e Dispute at Issue**

13       California's strong public policy in favor of arbitration is guided by the principle

14  that "[d]oubts as to whether an arbitration clause applies to a particular dispute are to be

15  resolved in favor of sending the parties to arbitration.  The court should order them to

16  arbitrate unless it is clear that the arbitration clause cannot be interpreted to cover the

17  dispute."  *nited  ransportation  nion v. Southern Cal. Rapid  ransit  ist.* 7 Cal. App.

18  4th 804, 808 (1992).  It is well-settled that "broad contractual provisions for arbitration

19  are to be liberally construed."  *Id.* at 809.

20       Here, Plaintiff agreed to arbitrate *any* claims "arising out of or relating to

21  [Plaintiff's] employment." [Bazerkanian Decl.,     2-3, Ex. A.]  Plaintiff brings a single

22  cause of action under PAGA, which is a "claim[] brought under the California Labor

23  Code." [Bazerkanian Decl.,     2-3, Ex. A.]  The Arbitration Agreement therefore

24  encompasses the dispute at issue.  *See, e.g., Asfaw v.  owe s  I* ,  Case No. LA CV14-

25  00697 JAK (AJWx), 2014 U.S. Dist. LEXIS 68657,   9 (C.D. Cal. May 13, 2014).

26      **C.**    **PLAINTIFF MUST INDIVIDUALLY ARBITRATE HIS CLAIMS**

27       When Plaintiff signed the Arbitration Agreement, he agreed to waive "the ability to

28  participate in a class action or act as a collective action representative." [Bazerkanian

       DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL
       -9-       Case No. 2:21-cv-07108-DMG-Ex

4864- 181-71 6.1

Decl.,    2-3, Ex. A.]  He also expressly agreed that he would not "consolidat[e] a covered claim with the claims of others."  [*Id.*]  However, Plaintiff attempts to do exactly what the Arbitration Agreement prohibits him from doing: consolidate his "individual" PAGA claim with the "non-individual" PAGA claims of other purportedly "aggrieved employees."  *Viking River* requires enforcement of the arbitration agreement insofar as Plaintiff agreed that he would submit all claims arising out of his employment, including those brought under the California Labor Code (which encompasses PAGA claims) to final and binding arbitration.  *Viking River* also instructs that once Plaintiff has submitted his individual PAGA claim to arbitration, he loses standing to bring "non-individual" PAGA claims in a court action.  Therefore, Plaintiff is required to arbitrate his claims on an individual basis, and "the correct course is to dismiss [his] remaining [non-individual] claims."  *Viking River,* at 21.

## IV.    CONCLUSION

For the foregoing reasons, Menzies respectfully requests that this Court enforce the Plaintiff's agreement to be bound by the Arbitration Agreement, require him to proceed with his individual PAGA claim through final and binding arbitration pursuant to his agreement, and dismiss his "non-individual" PAGA claims.


DATED:  July 14, 2022        **FOLEY & LARDNER LLP**
                             Christopher Ward
                             Kevin Jackson


                             /s/ Christopher Ward
                             Christopher Ward
                             Attorneys for Defendants AIRCRAFT
                             SERVICE INTERNATIONAL, INC. and
                             MENZIES AVIATION (USA), INC.


DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL
-10-        Case No. 2:21-cv-07108-DMG-Ex

4864- 181-71 6.1

CHRISTOPHER WARD, CA Bar No. 238777
  cward@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE:  213.972.4500
FACSIMILE:   213.486.0065

KEVIN JACKSON, CA Bar No. 278169
  kjackson@foley.com
**FOLEY & LARDNER LLP**
11988 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130-2594
TELEPHONE:  858.847.6700
FACSIMILE:   858.792.6773

Attorneys for Defendants AIRCRAFT
SERVICE INTERNATIONAL, INC.,
AIR MENZIES INTERNATIONAL
(USA), INC., and MENZIES
AVIATION (USA), INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DANNY LOPEZ, individually, and on behalf of all other aggrieved employees,<br><br>                              Plaintiff,<br><br>          vs.<br><br>AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; AIR MENZIES INTERNATIONAL (USA), INC., a corporation; MENZIES AVIATION (USA), INC., a corporation; and DOES 1 through 50, inclusive,<br><br>                              Defendants. | Case No. 2:21-cv-07108-DMG-Ex<br><br>**DECLARATION OF KEVIN JACKSON IN SUPPORT OF DEFENDANTS AIRCRAFT SERVICE INTERNATIONAL, INC. AND MENZIES AVIATION (USA), INC.'S MOTION TO COMPEL ARBITRATION**<br><br>*[Concurrently Filed concurrently with Notice of Motion and Motion to Compel, Declaration of Talin Bazerkanian and [Proposed] Order]*<br><br>Date:        August 19, 2022<br>Time:        9:30 a.m.<br>Ctrm.:       8C, 8th floor<br>Judge:      Hon. Dolly M. Gee |

DECLARATION OF JACKSON ISO MOTION TO COMPEL ARBITRATION
Case No. 2:21-cv-07108-DMG-Ex

4869-0553-8854.1

### DECLARATION OF KEVIN JACKSON

I, Kevin Jackson, declare as follows:

1.      I am an attorney and duly licensed to practice law in the State of California and I am senior counsel at the law firm of Foley & Lardner, LLP, attorneys for Defendants AIRCRAFT SERVICE INTERNATIONAL, INC. and Menzies Aviation (USA), Inc. (collectively, "Defendants") in the above-captioned action. I have firsthand personal knowledge of the facts contained in this declaration and if called upon to testify, I would and could do so as set forth herein.

2.      On June 24, 2022, I initiated efforts to meet and confer with Plaintiff's counsel regarding the Arbitration Agreement and the impact of the United States Supreme Court's decision in *Viking River Cruises, Inc. v. Moriana*, No. 20-1573 (2022). I exchanged email correspondence with Plaintiff's counsel on June 30, 2022 regarding the impact of *Viking River* on the enforceability of the relevant Arbitration Agreement with respect to Plaintiff's claims under the Private Attorneys' General Act of 2004 ("PAGA").  On July 1, 2022, I conducted a telephonic conference with Plaintiff's counsel (Max Stoves).  We discussed each party's respective position regarding *Viking River* and the impact on the parties' Arbitration Agreement.  Unfortunately, we could not reach a stipulation, and I informed Mr. Stoves that Defendants would proceed to file a motion to compel arbitration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on July 14, 2022 at San Diego, California.

_____
KEVIN JACKSON

DECLARATION OF JACKSON ISO MOTION TO COMPEL ARBITRATION
-1-                    Case No. 2:21-cv-07108-DMG-Ex

4869-0553-8854.1

1  CHRISTOPHER WARD, CA Bar No. 238777
       cward@foley.com
2  **FOLEY & LARDNER LLP**
   555 SOUTH FLOWER STREET, SUITE 3300
3  LOS ANGELES, CA 90071-2418
   TELEPHONE:  213.972.4500
4  FACSIMILE:   213.486.0065

5  KEVIN JACKSON, CA Bar No. 278169
       kjackson@foley.com
6  **FOLEY & LARDNER LLP**
   11988 EL CAMINO REAL, SUITE 400
7  SAN DIEGO, CA 92130-2594
   TELEPHONE:  858.847.6700
8  FACSIMILE:   858.792.6773

9  Attorneys for Defendants AIRCRAFT
   SERVICE INTERNATIONAL, INC.,
10 AIR MENZIES INTERNATIONAL
   (USA), INC., and MENZIES
11 AVIATION (USA), INC.

12                    **UNITED STATES DISTRICT COURT**

13         **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

14

15 DANNY LOPEZ, individually, and on      Case No. 2:21-cv-07108-DMG-Ex
16 behalf of all other aggrieved employees,
                                          **DECLARATION OF TALIN**
17                          Plaintiff,    **BAZERKANIAN IN SUPPORT OF**
                                          **DEFENDANTS AIRCRAFT SERVICE**
18        vs.                             **INTERNATIONAL, INC. AND**
                                          **MENZIES AVIATION (USA), INC.'S**
19 AIRCRAFT SERVICE                       **MOTION TO COMPEL**
   INTERNATIONAL, INC., a corporation;    **ARBITRATION**
20 AIR MENZIES INTERNATIONAL
   (USA), INC., a corporation; MENZIES    *[Concurrently Filed concurrently with*
21 AVIATION (USA), INC., a corporation;   *Notice of Motion and Motion to Compel,*
   and DOES 1 through 50, inclusive,      *Declaration of Kevin Jackson, and*
22                                        *[Proposed] Order]*
                           Defendants.
23

24                                        Date:      August 19, 2022
25                                        Time:      9:30 a.m.
26                                        Ctrm.:     8C, 8th floor
27                                        Judge:     Hon. Dolly M. Gee

28

## DECLARATION OF TALIN BAZERKANIAN

I, Talin Bazerkanian, declare as follows:

1.      I am currently the Western Region Human Resources Director for Menzies Aviation, a position I have held since February 2017.  Prior to holding this role, I have worked in a variety of human resources roles for Menzies Aviation, and have always had human resources responsibility for Menzies' operations at Los Angeles International Airport ("LAX") since January 2011.  I have also been continuously employed by Menzies (or its predecessor entity) and based at LAX since 1993.  During that period of time, I have become completely familiar with all aspects of Menzies' personnel policies and operations at LAX.  I have personal knowledge of the facts stated in this declaration, and if called upon as a witness, I could and would competently testify thereto.

2.      Since the Supreme Court's ruling in *AT&T Mobility LLC v. Concepcion*, 563 U.S. 321 (2011), Menzies decided to adopt an Alternative Dispute Resolution Policy ("ADR Policy") for all employees at its locations in the United States, including its employees at LAX.  A true and correct copy of the ADR Policy is attached hereto as **Exhibit A**.

3.      For employees who choose to be bound by the ADR Policy, they agree with Menzies that any claims arising from the employment relationship, other than certain categories of statutorily-excluded claims, must be brought in binding arbitration – including claims seeking unpaid overtime and other purported wage and hour violations. Employees receive a free-standing copy of the Menzies ADR Policy memorializing all the terms of the ADR Policy, including, among other terms, that it applies bilaterally to the employee and Menzies, that Menzies will be responsible for all unique costs of arbitration, that the parties will have the full range of discovery available to them as in civil litigation, that the arbitrator has the power to award all civilly-available forms of relief, and that the arbitrator must issue a written award.  The ADR Policy also requires that employees choosing to be bound by it waive the right to act as a class action representative or pursue their claims on any type of representative basis. Employees

DECL OF BAZERKANIAN ISO MOTION TO COMPEL ARBITRATION
-1-                Case No. 2:21-cv-07108-DMG-Ex

4881-3310-8776.1

agreeing to the ADR Policy execute a separate agreement document memorializing their agreement to be bound by all provisions of the ADR Policy.

4.      Plaintiff Danny Lopez commenced his employment with Menzies in 2007. On June 28, 2019, Lopez executed his written assent to be by bound by the ADR Policy. A true and correct copy of Lopez's execution of the ADR Policy is attached hereto as **Exhibit B**.  By agreeing to be bound by the Menzies ADR Policy, Lopez therefore waived the ability to pursue, on an individual or representative basis, various wage and hour claims against Menzies in a civil forum.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 12th day of July 2022 at Los Angeles, California.

By: _____
    Talin Bazerkanian

DECL OF BAZERKANIAN ISO MOTION TO COMPEL ARBITRATION
-2-                    Case No. 2:21-cv-07108-DMG-Ex

4881-3310-8776.1

# EXHIBIT A



# MENZIES AVIATION ALTERNATIVE DISPUTE RESOLUTION POLICY

Because disputes arising from employment relationships sometimes occur, and because resolving such disputes through the court system is often exceedingly costly and time-consuming, which results in unsatisfactory resolution of disputes, Menzies Aviation has implemented this Alternative Dispute Resolution Policy ("ADR Policy").

While we hope that your employment will be free of major disputes or issues, in the event such a dispute arises, these procedures ensure that all parties have a and fair and equitable opportunity to see if there is a mutually satisfactory basis for resolving their dispute.  If an amicable resolution cannot be reached, these procedures provide for a fair hearing before an impartial, objective individual who has been selected by both sides.  The neutral arbitrator will have the full authority to resolve this matter protecting the rights of both parties.

## Who Is Covered

The ADR Policy is <u>mandatory for all disputes arising between signing employees and Menzies Aviation except as specifically excluded by the ADR Policy</u>.  Any disputes which arise and which are covered by the ADR Policy must be submitted to final and binding resolution through the procedures of the Menzies Aviation ADR Policy.

For parties covered by this ADR Policy, alternative dispute resolution, including final and binding arbitration, is the exclusive means for resolving Covered Disputes (as defined below); no other action may be brought in court or in any other forum.  This agreement is a waiver of all rights to a civil court action for a Covered Dispute; only an arbitrator, not a judge or jury, will decide the dispute.

Nothing in this ADR Policy precludes the parties from discussing a mutually acceptable resolution of the dispute without the necessity of formal arbitration proceedings.  Additionally, the parties may agree to engage in mediation prior to arbitration.

## Covered Disputes

Covered Disputes include any dispute arising out of or related to your employment, the terms and conditions of your employment and/or the termination of your employment based on, but not limited to, the following:

- Alleged violations of federal, state and/or local constitutions, statutes or regulations;

- Claims of unlawful harassment, discrimination, retaliation or wrongful termination that cannot be resolved by the parties or during an investigation by an administrative agency (such as the California Department of Fair Employment and Housing or the federal Equal Employment Opportunity Commission).  Covered claims include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Equal Pay Act, the Family and Medical Leave Act, the California Fair Employment and Housing Act, the California Family Rights Act, the California Pregnancy Disability Leave Law, or any other statutory or common law scheme prohibiting, among other things, discrimination or harassment



because of race, color, age, religious creed, national origin, ancestry, disability, sexual orientation, gender identity and sex;

- Claims based on any purported breach of contract, including breach of the covenant of good faith and fair dealing (unless covered and preempted by a collective bargaining agreement grievance and arbitration process);

- Claims of wrongful termination or constructive termination (unless covered and preempted by a collective bargaining agreement grievance and arbitration process);

- Claims of unfair demotion, transfer, reduction in pay, or any other change in the terms and conditions of employment (unless covered and preempted by a collective bargaining agreement grievance and arbitration process);

- Claims alleging failure to compensate for all hours worked, failure to pay overtime, failure to pay minimum wage, failure to reimburse expenses, failure to pay wages upon termination, failure to provide accurate, itemized wage statements, failure to provide meal and/or breaks, entitlement to waiting time penalties and/or other claims involving employee wages, including, but not limited to, claims brought under the California Labor Code, the applicable wage orders, the Fair Labor Standards Act and any other statutory scheme (unless covered and preempted by a collective bargaining agreement grievance and arbitration process);

- Claims based on any purported breach of duty arising in tort, including alleged violations of public policy and for emotional distress (unless covered and preempted by a collective bargaining agreement grievance and arbitration process);

- Claims of defamation, pre and post-termination (unless covered and preempted by a collective bargaining agreement grievance and arbitration process); and

- Any claim Menzies Aviation may have against employees, regardless of the nature, arising out of the employment relationship (unless covered and preempted by a collective bargaining agreement grievance and arbitration process).

However, nothing in this ADR Policy is intended to require arbitration of any claim or dispute which the courts of this jurisdiction have expressly held are not subject to mandatory arbitration or claims for which a collective bargaining agreement requires be resolved through its own grievance and arbitration procedures.   The following types of disputes are expressly excluded and are not covered by this ADR Policy:

- Disputes related to workers' compensation and unemployment insurance;

- Disputes or claims that are expressly excluded by statute that the courts of this jurisdiction have expressly held are not subject to mandatory arbitration, or are expressly required to be arbitrated under a different procedure pursuant to the terms of a collective bargaining agreement or separate agreement.

## Class Action Waiver

The Menzies Aviation ADR Policy includes a waiver of the ability to participate in a class action or act as a collective action representative.  By agreeing to be bound by the ADR Policy, you understand and agree this ADR Policy prohibits you from joining or participating in a class action or as a collective action representative, or otherwise consolidating a covered claim with the claims of others.

## Initiating The Alternative Dispute Resolution Procedures

In the event a dispute should arise and you wish to initiate these procedures, you must deliver a written request for alternative dispute resolution to Menzies Aviation within the statute of limitations period that would

EXCELLENCE **FROM TOUCHDOWN TO TAKEOFF**  

apply to the filing of a civil complaint alleging the same claims in court. Menzies Aviation will deliver a written request to you for any claim it may wish to assert. If a request for an alternative dispute resolution is not submitted timely, the claim will be deemed to have been waived and forever released.

**The Arbitration**

The dispute will be decided by a single decision-maker, called the arbitrator. The arbitrator will be mutually selected by Menzies Aviation and the Employee. If the parties cannot mutually agree on an arbitrator, then a list of arbitrators will be obtained from the American Arbitration Association's ("AAA") Employment Panel. The arbitrator will be selected by the parties according to the method of selection specified by the AAA in its Employment Arbitration Rules and Mediation Procedures.

The arbitrator shall be bound by the provisions and procedures set forth in the Employment Arbitration Rules and Mediation Procedures of the AAA. The applicable substantive law shall be the law of the State of California or federal law. If both federal and state law speak to a cause of action, the party commencing the action shall have the right to elect his/her choice of law.

The parties shall cooperate to the greatest extent practicable in the voluntary exchange of documents and information to expedite the arbitration. After selection of the arbitrator, the parties shall have the right to take depositions and to obtain discovery regarding the subject matter of the action and to use and exercise all of the same rights, remedies and procedures, and be subject to all of the same discovery duties, liabilities and objections as provided in the California Code of Civil Procedure and/or the Federal Rules of Civil Procedure. The arbitrator shall have the authority to rule on motions and the power to issue orders and determine appropriate remedies) regarding discovery and to issue any protective orders necessary to protect the privacy and/or rights of parties and/or witnesses.

The arbitrator shall have the same authority to award remedies and damages on the merits of the dispute as provided to a judge and/or jury under parallel circumstances. However, the arbitrator shall only be permitted to award those remedies in law or equity which are requested by the parties and which are supported by the credible, relevant evidence. The arbitrator shall issue a written opinion and award. Nothing in this Agreement is intended to waive the right to seek punitive damages, where allowable by law.

Following the issuance of the arbitrator's decision, any party may petition a court to confirm, enforce, correct or vacate the arbitrator's opinion and award under the Federal Arbitration Act, 9 U.S.C. §§ 1-16, if applicable, and/or applicable state law.

**Fees And Costs Of Arbitration**

Fees and costs shall be allocated in the following manner:

- Each party will be responsible for its own attorneys' fees and expenses, except as otherwise provided by law, and the cost of a copy of the reporter's transcript of the proceedings, if desired.

- Menzies Aviation shall be responsible for the arbitrator's fee and expenses and any costs associated with the facilities for the arbitration.

**Revocation Of Participation – Opt Out Policy**

If you agree to participate in the ADR Policy and later wish to opt out at any time during your employment with Menzies Aviation, you may do so by delivering a written request to revoke your agreement to be bound by the ADR Policy to your local human resources representative. However, should you revoke your agreement to participate in the ADR Policy, that revocation shall be prospective only, and shall not apply to any claims initiated prior to opting out of the ADR Policy or to any claims based on facts occurring before you deliver your written request to revoke your agreement to be bound by the ADR Policy. Failure to opt out will demonstrate your intention to be bound by this Agreement and your agreement to arbitrate all disputes arising out of or



related to your employment.  You will not be subject to any adverse employment action or be retaliated against in any way because of your decision to opt out.

**Severability**

In the event that any provision of this ADR Policy is determined by a court of competent jurisdiction to be illegal, invalid or unenforceable to any extent, such term or provision shall be enforced to the extent permissible under the law and all remaining terms and provisions of this ADR Policy shall continue in full force and effect.

Nothing in this ADR Policy is intended to preclude any employee from filing a charge with the Equal Employment Opportunity Commission, the California Department of Fair Employment and Housing, the National Labor Relations Board or any similar federal or state agency seeking administrative resolution. However, any claim that cannot be resolved through administrative proceedings shall be subject to the procedures of this ADR Policy.

**For Further Information**

If you have questions about anything contained in this ADR Policy, please contact your local Human Resources Manager.



EXCELLENCE FROM TOUCHDOWN TO TAKEOFF

# EXHIBIT B



## AGREEMENT TO BE BOUND BY ALTERNATIVE DISPUTE RESOLUTION POLICY

I agree that in the event employment disputes arise between Menzies Aviation, which includes Simplicity USA, ASIG and any other subsidiaries of Menzies Aviation, Inc., (hereinafter referred to collectively as "Menzies Aviation" or "Menzies"), on the one hand, and me, on the other hand, I agree to be bound by the Menzies Aviation ADR Policy, which provides for final and binding arbitration of employment-related disputes.

I understand that the Menzies Aviation ADR Policy applies to disputes relating to my employment and the terms and conditions of my employment (unless those terms and conditions are covered and preempted by a collective bargaining agreement grievance and arbitration process), including but not limited to my compensation, wages, claims alleging failure to compensate for all hours worked, failure to pay overtime, failure to pay minimum wage, failure to reimburse expenses, failure to pay wages upon termination, failure to provide accurate, itemized wage statements, failure to provide meal and/or rest breaks, entitlement to waiting time penalties and/or other claims involving employee wages, benefits, discipline, performance evaluations, promotions and transfers, and the termination of my employment, as defined in the ADR Policy materials.  I also understand that this ADR Policy prohibits me from joining or participating in a class action or as a collective action representative, or otherwise consolidating a covered claim with the claims of others.  However, this ADR policy does not apply to any claim or dispute which the courts of this jurisdiction have expressly held are not subject to mandatory arbitration.

I further acknowledge and agree that the Menzies ADR Policy applies to claims that include, but are not limited to, the following: (a) alleged violations of federal, state and/or local constitutions, statutes or regulations, (including but not limited to claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Equal Pay Act, the Family and Medical Leave Act, the California Fair Employment and Housing Act, the California Family Rights Act, the California Pregnancy Disability Leave Law, or any other statutory or common law scheme prohibiting, among other things, discrimination or harassment because of race, color, age, religious creed, national origin, ancestry, disability, sexual orientation, gender identity and sex; (b) claims based on any purported breach of contractual obligation, including breach of the covenant of good faith and fair dealing (unless covered and preempted by a collective bargaining agreement grievance and arbitration process); (c) claims of wrongful termination or constructive termination (unless covered and preempted by a collective bargaining agreement grievance and arbitration process); (d) claims based on any purported breach of duty arising in tort, including violations of public policy, for emotional distress and defamation (unless covered and preempted by a collective bargaining agreement grievance and arbitration process); and (e) claims related to the payment or non-payment of wages, expenses and/or the provisions of breaks as required by law, including, but not limited to, alleged violations of the California Labor Code, the wage order applicable to my industry, the Fair Labor Standards Act and any other statutory scheme governing wages (unless covered and preempted by a collective bargaining agreement grievance and arbitration process).

In consideration of Menzies Aviation's return agreement to be bound by the Menzies Aviation ADR Policy and have any and all claims arising out of the employment relationship it may have against me resolved in arbitration, and pay the arbitration fees as described therein, it is agreed that the Alternative Dispute Resolution Policy attached hereto which provides for final and binding arbitration, is the exclusive means for resolving Covered Disputes as defined in the Alternative Dispute Resolution Policy.  No other action may be brought in court or in any other forum.  I understand that this Agreement is a waiver of all rights to a civil court action for

---

EXCELLENCE **FROM TOUCHDOWN TO TAKEOFF** 

all disputes relating to my employment, the terms and conditions of my employment and/or the termination of my employment whether brought by me or by Menzies. Only an arbitrator, not a judge or jury, will decide the dispute, and any dispute relating to the interpretation or application of this Agreement, including enforceability, revocability, or validity, shall be decided by an arbitrator and not by a court or judge. In addition, I understand I am prohibiting from joining a class action or acting as a collective action representative, or otherwise consolidating a covered claim with the claims of others. I understand that if I do not wish to be bound by this Agreement, I must opt out by following the steps outlined in this Agreement. I agree that my failure to opt out will demonstrate my intention to be bound by this Agreement and my agreement to arbitrate all disputes arising out of or related to your employment as set forth below. Nothing contained in this Agreement is intended to require arbitration of any matter or claim which the courts of this jurisdiction have expressly held are not subject to mandatory arbitration.

I also acknowledge and agree that the following types of disputes are expressly excluded and not covered by this policy: (a) disputes related to workers' compensation and unemployment insurance; and (b) disputes or claims that are expressly excluded by federal or state statute from mandatory arbitration or are expressly required to be arbitrated only under a different procedure pursuant to the terms of an employee benefit plan or collective bargaining agreement. I also acknowledge and agree that nothing in this ADR Policy prohibits any employee from filing a charge with a state or federal administrative agency, such as the U.S. Equal Employment Opportunity Commission, the California Department of Fair Employment and Housing, or the National Labor Relations Board. A state or federal administrative agency would also be free to pursue any appropriate action. However, any claim that is not resolved administratively through such an agency shall be subject to this agreement to arbitrate and the ADR Policy.

I understand that I have the opportunity to ask questions regarding anything contained in the Menzies ADR Policy prior to my execution of my agreement to be bound by the Menzies ADR Policy.

I also understand that I am free at any time during my employment to opt out of my agreement to be bound by the Menzies ADR Policy and that I must take specific action to participate in legal action in court and/or to participate in any class action, collective action, or representative action. I understand that Menzies does not require arbitration as a mandatory condition of my employment, so if I want to opt out of this Agreement, I may do so by submitting a written request to opt out to Human Resources. I also understand that if I opt out, my revocation shall be prospective in character as explained in the ADR Policy. I understand that if I do opt out of this Agreement, I will not be subject to any adverse employment action or be retaliated against in any way because of my decision to opt out. I am aware that I have had an opportunity to consult with an attorney regarding this Agreement and how it affects my rights.

Nothing contained in this Agreement To Be Bound By Alternative Dispute Resolution Policy is intended to require arbitration of any matter or claim which the courts of this jurisdiction have expressly held are not subject to mandatory arbitration. Unlike the provisions of the Menzies Aviation Employee Handbook, the terms of this Agreement To Be Bound By Alternative Dispute Resolution Policy are contractual in nature.

By selecting Accept, you acknowledge that you have reviewed and agreed to the terms and conditions set forth in the ADR Policy and this Agreement. You further understand that you may change your mind and opt out of this Agreement at any time during your employment, and that your revocation will be prospective in character and shall not apply to any claims initiated prior to opting out of the ADR Policy or to any claims based on facts occurring before you deliver your written request to revoke your agreement to be bound by the ADR Policy.



EXCELLENCE FROM TOUCHDOWN TO TAKEOFF

Danny Lopez - 201121 - Aircraft Service International Inc.

## ADR Agreement (CA)

| Document | ADR Agreement (CA) |
| --- | --- |
| Category | Signed Policies |
| Message | By selecting Accept, you acknowledge that you have reviewed and agreed to the terms and conditions set forth in the ADR Policy and this Agreement. You further understand that you may change your mind and opt out of this Agreement at any time during your employment, and that your revocation will be prospective in character and shall not apply to any claims initiated prior to opting out of the ADR Policy or to any claims based on facts occurring before you deliver your written request to revoke your agreement to be bound by the ADR Policy. |

| Status | Status Date | Comments |
| --- | --- | --- |
| Accepted | 06/28/2019 12:21 AM | |

CHRISTOPHER WARD, CA Bar No. 238777
   cward@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE:  213.972.4500
FACSIMILE:   213.486.0065

KEVIN JACKSON, CA Bar No. 278169
   kjackson@foley.com
**FOLEY & LARDNER LLP**
11988 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130-2594
TELEPHONE:  858.847.6700
FACSIMILE:   858.792.6773

Attorneys for Defendants AIRCRAFT
SERVICE INTERNATIONAL, INC.,
AIR MENZIES INTERNATIONAL
(USA), INC., and MENZIES
AVIATION (USA), INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DANNY LOPEZ, individually, and on behalf of all other aggrieved employees,<br><br>                              Plaintiff,<br><br>          vs.<br><br>AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; AIR MENZIES INTERNATIONAL (USA), INC., a corporation; MENZIES AVIATION (USA), INC., a corporation; and DOES 1 through 50, inclusive,<br><br>                              Defendants. | Case No. 2:21-cv-07108-DMG-Ex<br><br>**PROPOSED  ORDER GRANTING DEFENDANTS AIRCRAFT SERVICE INTERNATIONAL, INC. AND MENZIES AVIATION (USA), INC.'S MOTION TO COMPEL ARBITRATION**<br><br>*Concurrently   iled concurrently with  otice of Motion and Motion to Compel,  eclaration of   evin   ackson and  eclaration of   alin   a erkanian*<br><br>Date:        August 19, 2022<br>Time:        9:30 a.m.<br>Ctrm.:       8C, 8th floor<br>Judge:       Hon. Dolly M. Gee |

[PROPOSED] ORDER GRANTING MOTION TO COMPEL ARBITRATION
Case No. 2:21-cv-07108-DMG-Ex

4857-4037-4566.1

**PROPOSED ORDER**

The Motion of Defendants Aircraft Service International, Inc. and Menzies Aviation (USA), Inc. ("Defendants") to Compel Arbitration of Plaintiff Danny Lopez (the "Motion") was heard on August 19, 2022 at 9:30 a.m. in Courtroom 8C of the above-entitled Court, located at 350 W. 1st Street, Los Angeles, CA 90012. The appearances of counsel are noted in the Court's record.

Having read the parties' briefing and documents filed in support thereof, and having heard argument from counsel, on proof being made to the satisfaction of the Court that a written agreement to arbitrate exists, that Plaintiff refuses to arbitrate, and that good cause exists therefore:

**IT IS ORDERED** that the Motion to Compel Arbitration is **GRANTED.**

**IT IS FURTHER ORDERED** that the dispute between Plaintiff and Defendants arising out of the contracts between them be arbitrated in accordance with the terms of the arbitration agreement at issue, and that Plaintiff submit his individual claim under the Private Attorneys' General Act of 2004 ("PAGA") to arbitration.

**IT IS FURTHER ORDERED** that Plaintiff's "representative" PAGA claims brought on behalf of other "aggrieved employees" is hereby dismissed.

Dated: _____

_____
Hon. Dolly M. Gee
United States District Court Judge

[PROPOSED] ORDER GRANTING MOTION TO COMPEL ARBITRATION
Case No. 2:21-cv-07108-DMG-Ex

-1-

4857-4037-4566.1

CHRISTOPHER WARD, CA Bar No. 238777
cward@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE: 213.972.4500
FACSIMILE:   213.486.0065

KEVIN JACKSON, CA Bar No. 278169
kjackson@foley.com
**FOLEY & LARDNER LLP**
11988 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130-2594
TELEPHONE: 858.847.6700
FACSIMILE:   858.792.6773

Attorneys for Defendants AIRCRAFT
SERVICE INTERNATIONAL, INC.,
AIR MENZIES INTERNATIONAL
(USA), INC., and MENZIES
AVIATION (USA), INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DANNY LOPEZ, individually, and on behalf of all other aggrieved employees,<br><br>Plaintiff,<br><br>vs.<br><br>AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; AIR MENZIES INTERNATIONAL (USA), INC., a corporation; MENZIES AVIATION (USA), INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:21-cv-07108<br><br>**DEFENDANTS AIRCRAFT SERVICES INTERNATIONAL, INC., AIR MENZIES INTERNATIONAL (USA), INC., AND MENZIES AVIATION (USA), INC'S NOTICE OF REMOVAL OF ACTION (FEDERAL QUESTION JURISDICTION)**<br><br>Filed concurrently with:<br><br>i.    Declaration of Christopher Ward;<br>ii.   Civil Cover Sheet;<br>iii.  Disclosure Statement and Certification and Notice Interested Parties; and<br>iv.  Proof of Service |

DEFENDANTS' NOTICE OF REMOVAL OF ACTION
Case No. 2:21-cv-07108

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendants AIRCRAFT SERVICE INTERNATIONAL, INC. ("ASIG"), AIR MENZIES INTERNATIONAL (USA), INC., AND MENZIES AVIATION (USA), INC. (hereinafter referred to as "Defendants") pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, as well as the provisions of the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq*., hereby invokes this Court's jurisdiction and removes the above-captioned case, pending in the Superior Court of California, Los Angeles County, Case No. 21STCV26797 to the United States District Court for the Central District of California on the following grounds:

1.     On July 21, 2021, Plaintiff Danny Lopez ("Plaintiff") commenced this action by filing an unverified Complaint in the Superior Court of California, County of Los Angeles, entitled "DANNY LOPEZ, individually, and on behalf of all other aggrieved employees v. AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; AIR MENZIES INTERNATIONAL (USA), INC., a corporation; MENZIES AVIATION (USA), INC., a corporation; and DOES 1 through 50, inclusive" Case No. 21STCV26797 (the "Complaint").  Defendants received service of the Complaint on or around August 3, 2021.  [Declaration of Christopher Ward ("Ward Decl."), ¶ 2.]  A true and correct copy of Plaintiff's Complaint is attached to the Declaration of Christopher Ward as <u>Exhibit A</u>.

2.     The Complaint alleges a single cause of action under the California Private Attorneys' General Act ("PAGA"), which is premised on the following alleged violations of the California Labor Code: (1) Failure to Provide Meal Periods; (2) Failure to Provide Rest Periods; (3) Failure to Pay Overtime Wages; (4) Failure to Pay Minimum Wages; (5) Failure to Permit Inspection of Records; (6) Failure to Timely Pay Wages; (7) Failure to Pay All Wages Upon Termination; (8) Failure to Provide Accurate Itemized Wage Statements; and (9) Failure to Reimburse.

3.     A true and correct copy of the state court docket in the Superior Court of California, County of Los Angeles is attached to the Ward Declaration as <u>Exhibit C</u>.

DEFENDANTS' NOTICE OF REMOVAL OF ACTION
Case No. 2:21-cv-07108

-1-

4848-2906-7001.1

4.     As demonstrated below, this Court has original jurisdiction over Plaintiff's claims.

**I.     THIS ACTION IS SUBJECT TO REMOVAL ON THE BASIS OF FEDERAL QUESTION JURISDICTION**

5.     Plaintiff was employed by Defendant ASIG, but has no employment relationship with either Air Menzies International (USA), Inc. or Menzies Aviation (USA), Inc.  [Ward Decl, ¶7.]

6.     During his employment with ASIG, Plaintiff was a member of and represented by TEAMSTERS LOCAL #986 (the "Union").  [*See* Ward Decl., ¶8.]

7.     Defendant ASIG and the Union representing Plaintiff are parties to a collective bargaining agreement and related memorandums of agreement (the "CBA") that was and remain in force for the duration of Plaintiff's employment.  [Ward Decl., ¶8.]  The CBA contains a "complete agreement on wages, hours of work, [and] working conditions," for employees, including Plaintiff during his employment.  [Ward Decl.,¶8, Exhibit D, p. 2.]

8.     Specifically, the CBA contains express provisions regarding overtime provisions and when and how employees covered by the CBA are entitled to premium wages for hours worked in excess of certain daily and weekly thresholds.  [Ward Decl., ¶8, Exhibit D, pp. 8-9, 19.]  The CBA also contains provisions pertaining to meal periods. [Ward Decl., ¶8, Exhibit D, p. 10]  Additionally, the CBA contains provisions regarding payment of costs to covered employees associated with potential expenses associated with wearing and maintaining employee uniforms.  [Ward Decl., ¶8, Exhibit D, p. 16.]

9.     California Labor Code § 510 establishes California's requirement for payment of overtime wages for hours of work in excess of eight in one day and/or 40 in one week.  However, Section 514 of the Labor Code provides that Section 510's requirements "do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all

DEFENDANTS' NOTICE OF REMOVAL OF ACTION
-2-                                Case No. 2:21-cv-07108

overtime hours worked."

10.   Labor Code Section 512(d) also states that if an employee is covered by a valid collective bargaining agreement that provides for meal periods and includes a monetary remedy if the employee does not receive a meal period required by the agreement, then the terms, conditions and remedies of the collective bargaining agreement pertaining to meal periods apply in lieu of the otherwise applicable provisions pertaining to meal periods in Labor Code § 226.7(a) and Industrial Welfare Commission Wage Orders 11 and 12.

11.   The CBA expressly provides for wages, hours of work and working conditions of covered employees, and further provides for premium wages for overtime hours. [Ward Decl., ¶8, Exhibit D, pp. 8-9, 19.] Accordingly, per the express provisions of Labor Code § 514, the overtime requirements of Labor Code § 510 do not apply to Plaintiff and other similarly situated individuals he seeks to represent who are covered by the CBA. Plaintiff's overtime claims thus necessarily implicate and require interpretation of the CBA's provisions.

12.   The CBA also addresses employee meal period rights and creates remedies for all violations of CBA-covered rights such as meal periods. [Ward Decl., ¶8, Exhibit D, p. 9.] Accordingly, per the express provisions of Labor Code § 512(d), Labor Code § 226.7(a) and the meal period provisions of Wage Orders 11 and 12 do not apply to Plaintiff or to other similarly situated individuals he seeks to represent who are covered by the CBA.

13.   Plaintiff alleges that Defendants failed to properly pay overtime to himself and others under the requirements of Labor Code § 510. However, Plaintiff's overtime allegations are not dependent exclusively upon the state overtime rights created by Labor Code § 510. Rather, because California's statutory overtime provisions do not apply to employees covered by a collective bargaining agreement that independently addresses overtime hours and premium pay, Plaintiff's allegations of improper overtime pay are in actuality allegations of failure to abide by the terms of the CBA. *See Firestone v. So.*

DEFENDANTS' NOTICE OF REMOVAL OF ACTION
-3-                        Case No. 2:21-cv-07108

1   *Cal. Gas Co.*, 219 F.3d 1063, 1068 (9th Cir. 2000) (noting that where employees have
2   opted out of California's overtime provisions through a collective bargaining agreement,
3   a claim for unpaid overtime is preempted by the LMRA); *see also McCray v. Marriott*
4   *Hotel Services, Inc.*, 902 F.3d 1005 (2018) (the preemptive force of the Railway Labor
5   Act is "virtually identical" to that of the LMRA); *Hawaiian Airlines, Inc. v. Norris*, 512
6   U.S. 246, 252 (1994) (holding that the preemption standard under Section 301 of the
7   LMRA is also appropriate for addressing questions of RLA preemption).

8       14.     Further, Plaintiff alleges that Defendants failed to properly provide meal
9   periods to him and others under the requirements of Labor Code §§ 226.7(a) and 512, as
10  well as Wage Order 10.[1]  However, Plaintiff's meal period allegations are not dependent
11  exclusively upon the meal period rights created by these provisions.  Rather, because
12  California's statutory meal period penalty provisions can be modified for employees
13  covered by a collective bargaining agreement that independently addresses penalty and
14  premium pay, Plaintiff's allegations of improper meal periods and associated alleged
15  penalties are in actuality allegations of failure to abide by the terms of the CBA.

16      15.     Labor Code § 2802 additionally requires that employers indemnify
17  employees for all necessary expenditures incurred by the employee in direct discharge of
18  the employee's duties.  However, the California Supreme Court has expressly recognized
19  that under Labor Code § 2802, the reimbursement of employee-incurred expenses may be
20  properly the subject of negotiation and agreement between the employer and employees
21  provided that the agreement provides reimbursement for anticipated employee expenses.
22  *See Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 569-70 (2007).

23      16.     Plaintiff alleges that Defendants failed to indemnify him and others for
24  expenses including expenses relating to uniform use.  The CBA expressly provides that
25  ASIG will furnish and maintain all uniforms, including the laundering thereof, at no cost
26  to employees, as well as provide a sufficient supply of gloves.  In accordance with

27
28
---
[1] Defendants dispute these factual allegations and Plaintiff's assertions of law, including
the specific Wage Order which he contends applies to his individual situation.

DEFENDANTS' NOTICE OF REMOVAL OF ACTION
-4-                                  Case No. 2:21-cv-07108

*Gattuso*, employees such as Plaintiff have negotiated terms and conditions related to potential expenses associated with wearing and maintaining employee uniforms. [Ward Decl., ¶8, Exhibit D, p. 16.] Plaintiff's reimbursement claims thus necessarily implicate and require interpretation of the CBA's provisions.

17.     The RLA creates "a comprehensive framework for resolving labor disputes" in the rail and airline industries. *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994). Within this framework, labor disputes are first categorized as "representation," "major," or "minor," according to their subject matter, then assigned to a corresponding dispute-resolution mechanism. *See W. Airlines, Inc. v. Int'l Bhd. of Teamsters*, 480 U.S. 1301, 1302-03 (1987) (O'Connor, J., in chambers).

18.     State law claims are minor disputes under the RLA where they are those "growing out of grievances or . . . the interpretation or application of agreements covering rates of pay, rules, or working conditions." 45 U.S.C. § 151a; *Consol. Rail Corp. v. Ry. Labor Execs.' Ass'n (Conrail)*, 491 U.S. 299, 303 (1989).

19.     The United States Supreme Court has stated that federal law should govern actions concerning the interpretation and enforcement of collective bargaining agreements. *See Steelworkers v. Rawson,* 495 U.S. 362, 368 (1990); *Textile Workers v. Lincoln Mills*, 353 U.S. 448 (1957). The RLA preempts state law claims that are based upon, or require interpretation of, a collective bargaining agreement. *Matson v. United Parcel Serv., Inc.*, 840 F.3d 1126, 1132-33 (9th Cir. 2016); *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032-33 (9th Cir. 2016); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985); *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 693 (9th Cir. 2001) (en banc). Furthermore, because the RLA preempts state law claims that allege a violation of or require interpretation of a collective bargaining agreement, the United States District Court has original jurisdiction over such claims and state law actions may be properly removed to federal court. *See, e.g.*, *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243-1244 (9th Cir. 2009)

20.     In the present matter, because payment of overtime, meal periods and

DEFENDANTS' NOTICE OF REMOVAL OF ACTION
-5-                     Case No. 2:21-cv-07108

potential penalties are subjects of the CBA as is proper under Labor Code §§ 226.7(a), 512(d) and 514, Plaintiff's claims for failure to pay proper overtime and meal periods are dependent upon proof of a violation of the terms of the CBA with respect to both himself and all others who he seeks to represent covered by the CBA.  The issue of whether Plaintiff and others have been paid proper overtime and/or for alleged missed or otherwise allegedly unlawful meal periods thus cannot be resolved without interpreting the overtime provisions of the CBA itself.

21.     Additionally, the CBA expressly addresses employee related expenses, including uniform expenses.  To determine whether Plaintiff has any possible claim under Labor Code § 2802, interpretation of the CBA will be required to assess whether the expenses claimed by Plaintiff and those he seeks to represent are covered by the provisions of the CBA.  Plaintiff's alleged failure to indemnify employee expenses allegations thus cannot be resolved without reference to, and interpretation and application of, the reimbursement and employee expense provisions of the CBA

22.     Further, in addition to the employees subject to the CBA, various employee groups working for one or more Defendants in California are covered by collective bargaining agreements that have been negotiated with several different unions – separate and apart from the CBA applicable to Plaintiff and other employees who work at Los Angeles International Airport – which also address wages, hours, and other terms and conditions of employment.  [Ward Decl., ¶8, Exhibit D.]

23.     Because Plaintiff's overtime, meal period and expense indemnification claims each require interpretation of the CBA, those claims are preempted by the RLA and this Court has original federal question jurisdiction over such claims.  *Rawson,* 495 U.S. at 368; *Lueck*, 471 U.S. at 220; *Cramer*, 255 F.3d at 693.  This Court likewise has original federal jurisdiction over the alleged overtime, meal period and expense indemnification class claims Plaintiff purports to bring on behalf of other of Defendants' employees covered by different collective bargaining agreements.  Removal of such claims is thus proper under 28 U.S.C. §§ 1331 and 1441 as one in which the federal

DEFENDANTS' NOTICE OF REMOVAL OF ACTION
-6-                 Case No. 2:21-cv-07108

1  district courts have original jurisdiction.  *Ramirez*, 998 F.2d at 747.

2          24.    Because this Court has original jurisdiction over Plaintiff's overtime, meal

3  period and reimbursement claims, it further has jurisdiction over the entire action

4  because, where a plaintiff brings both preempted and non-preempted state law claims as

5  part of the same action, the non-preempted state law claims are also properly removable

6  under 28 U.S.C. § 1367.  *See Beneficial Nat'l Bank v. Anderson*, 535 U.S. 1, 8 n.3 (2003).

7          25.    The mechanisms prescribed by the RLA are the sole method for adjudicating

8  minor disputes. *Id.* at 516.  Accordingly, Plaintiffs' claims are preempted by the RLA and

9  are removable to federal court under 28 U.S.C. § 1331.  *See, e.g., Hammond v. Terminal*

10  *R.R. Ass'n of St. Louis,* 848 F.2d 95, 97 (7th Cir. 1988) (holding that plaintiff's claim

11  under state law was actually a minor dispute and was properly removed to federal court).

12          25.    Removal of entire Complaint is thus proper under 28 U.S.C. §§ 1331, 1367

13  and 1441 as one in which the federal district courts have original jurisdiction.  *Ramirez*,

14  998 F.2d at 747.

15          **II.        THIS NOTICE OF REMOVAL IS TIMELY**

16          26.    This Notice of Removal is timely under 28 U.S.C. § 1446(b) because this

17  removal is being filed within 30 days of service of the Complaint.

18          **III.       THE OTHER REQUIREMENTS FOR REMOVAL ARE MET**

19          27.    Removal to this Court is proper as the Superior Court of the State of

20  California, County of Los Angeles, where this action was originally filed, is located

21  within this district.

22          28.    Defendants believe that the documents contained in Exhibit A to the Ward

23  Declaration comprise the complete record of filings made in the Superior Court of

24  California, County of Los Angeles.

25          29.    This Court has original jurisdiction over all causes of action alleged in this

26  matter pursuant to the provisions of 28 U.S.C. § 1332 and the entire action may be

27  removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

28

DEFENDANTS' NOTICE OF REMOVAL OF ACTION
-7-                              Case No. 2:21-cv-07108

4848-2906-7001.1

30.     Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal with the clerk of the Superior Court for the State of California, County of Los Angeles.  Copies of the Notice of Removal are also being served on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

31.     Wherefore, Defendants pray that this action be removed from the Superior Court of California, County of Los Angeles to the United States District Court for the Central District of California, and for such further relief as may be just and proper.

32.     This Notice of Removal is filed subject to and with full reservation of rights, including but not limited to, defenses and objections to venue, improper service of process, and personal jurisdiction.  No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions and pleas are expressly reserved.


DATED:  September 2, 2021            **FOLEY & LARDNER LLP**
                                     Christopher Ward
                                     Kevin Jackson



                                     /s/ Christopher Ward
                                     _____
                                     Christopher Ward
                                     Attorneys for Defendants AIRCRAFT
                                     SERVICE INTERNATIONAL, INC.,
                                     AIR MENZIES INTERNATIONAL
                                     (USA), INC., and MENZIES
                                     AVIATION (USA), INC.

4848-2906-7001.1

1  CHRISTOPHER WARD, CA Bar No. 238777
       cward@foley.com
2  **FOLEY & LARDNER LLP**
   555 SOUTH FLOWER STREET, SUITE 3300
3  LOS ANGELES, CA 90071-2418
   TELEPHONE:  213.972.4500
4  FACSIMILE:    213.486.0065

5  KEVIN JACKSON, CA Bar No. 278169
       kjackson@foley.com
6  **FOLEY & LARDNER LLP**
   11988 EL CAMINO REAL, SUITE 400
7  SAN DIEGO, CA 92130-2594
   TELEPHONE:  858.847.6700
8  FACSIMILE:    858.792.6773

9  Attorneys for Defendants AIRCRAFT
   SERVICE INTERNATIONAL, INC.,
10 AIR MENZIES INTERNATIONAL
   (USA), INC., and MENZIES
11 AVIATION (USA), INC.

12

13                 **UNITED STATES DISTRICT COURT**

14        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

15

16  DANNY LOPEZ, individually, and on        Case No. 2:21-cv-07108
    behalf of all other aggrieved employees,
17                                           **DECLARATION OF CHRISTOPHER
                               Plaintiff,     WARD IN SUPPORT OF
18                                            DEFENDANTS AIRCRAFT SERVICE
          vs.                                 INTERNATIONAL, INC., AIR
19                                            MENZIES INTERNATIONAL (USA),
    AIRCRAFT SERVICE                          INC., AND MENZIES AVIATION
20  INTERNATIONAL, INC., a corporation;       (USA), INC.'S NOTICE OF
    AIR MENZIES INTERNATIONAL                 REMOVAL OF ACTION (FEDERAL
21  (USA), INC., a corporation; MENZIES       QUESTION JURISDICTION)**
    AVIATION (USA), INC., a corporation;
22  and DOES 1 through 50, inclusive,
                                             Filed concurrently with:
23                             Defendants.
                                             i.     Notice of Removal;
24                                           ii.    Civil Cover Sheet;
                                             iii.   Disclosure Statement and
25                                                  Certification and Notice Interested
                                                    Parties; and
26                                           iv.    Proof of Service
27

28

─────────────────────────────────────────────
             DECLARATION OF WARD ISO NOTICE OF REMOVAL OF ACTION
                                              Case No. 2:21-cv-07108

4848-2932-9401.1

### DECLARATION OF CHRISTOPHER WARD

I, Christopher Ward, declare as follows:

1.      I am a partner at Foley & Lardner LLP, counsel of record for Defendants Aircraft Service International, Inc. ("ASIG"), Air Menzies International (USA), Inc., and Menzies Aviation (USA), Inc. (hereinafter referred to as "Defendants") in the above-captioned action.  I am admitted to practice in the United States District Court for the Central District of California.  I have personal knowledge of each of the facts set forth below, and if called to testify, could and would testify competently thereto.

2.      Defendants informed me that Plaintiff Danny Lopez ("Plaintiff") personally served the Complaint on or about August 3, 2021.

3.      A true and correct copy of the Complaint, and all other process and pleadings filed with the Los Angeles Superior Court, Case No. 21STCV26797 are attached hereto as **Exhibit A.**

4.      Defendant filed and served its Answer to Complaint in the Los Angeles Superior Court on September 1, 2021.  A true and correct copy of the Answer to Complaint is attached hereto as **Exhibit B**.

5.      A true and correct copy of the docket in the Superior Court of California, County of Los Angeles is attached hereto as **Exhibit C.**

6.      Defendants are filing with the Clerk of the Los Angeles Superior Court, in which this action is currently pending, a Notice of Filing Notice of Removal, together with this Notice of Removal and supporting documents, pursuant to 28 U.S.C. § 1446(d). The Notice of Filing Notice of Removal together with this Notice of Removal are also being served on Plaintiff pursuant to 28 U.S.C. § 1446(d).

7.      In conjunction with ASIG's human resources leadership, I reviewed ASIG's documents related to the allegations in the Complaint.  From those documents, I have ascertained that Plaintiff was employed by Defendant ASIG, but has no employment relationship with either Air Menzies International (USA), Inc. or Menzies Aviation (USA), Inc.

DECLARATION OF WARD ISO NOTICE OF REMOVAL OF ACTION
Case No. 2:21-cv-07108
-1-

8.      For all times relevant to this Action, the TEAMSTERS LOCAL #986 (the "Union") has served as the sole and exclusive bargaining agent for the purposes of collective bargaining with many ASIG employees at Los Angeles International Airport, including Plaintiff during his employment with ASIG.  ASIG and the Union are both parties to a collective bargaining agreement ("CBA") under the Railway Labor Act that was ratified by the Union's members.  A true and correct copy of the CBA is attached hereto as **Exhibit D**.  Pursuant to the terms of the Railway Labor Act and its own terms, the CBA became amendable on June 30, 2017 and continued to be extended since that time.  The CBA attached as **Exhibit D** remains the operative CBA governing the terms and conditions of covered ASIG employees at LAX, including Plaintiff.  Further, in addition to the employees subject to the CBA, various employee groups working for one or more Defendants in California are covered by collective bargaining agreements that have been negotiated with several different unions – separate and apart from the CBA applicable to Plaintiff and other employees who work at Los Angeles International Airport – which also address wages, hours, and other terms and conditions of employment.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on September 2, 2021, at Los Angeles, California.


/s/ Christopher Ward
Christopher Ward

DECLARATION OF WARD ISO NOTICE OF REMOVAL OF ACTION
-2-                                    Case No. 2:21-cv-07108

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** AIRCRAFT SERVICE INTERNATIONAL, INC., a
*(AVISO AL DEMANDADO):* corporation; AIR MENZIES INTERNATIONA (USA),
INC., a corporation; MENZIES AVIATION (USA), INC., a corporation; and DOES 1
through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** DANNY LOPEZ, individually,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* and on behalf of all other
aggrieved employees,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
111 North Hill Street
Los Angeles, California 90012

CASE NUMBER:
*(Número del Caso):*
21STCV26797

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matern Law Group, PC
1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266
(310) 531-1900

DATE: 07/21/2021   Clerk, Sherri R. Carter Executive Officer / Clerk of Court, Deputy
*(Fecha)*   *(Secretario)* M. Barel   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Exhibit A - Page 3

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder®

**SUM-200(A)**

| SHORT TITLE: Danny Lopez v. Aircraft Service International, Inc., et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☐ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

Page ___1___ of ___1___

**Page 1 of 1**

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Westlaw Doc & Form Builder™

Exhibit A - Page 4

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Stephanie Bowick

Electronically FILED by Superior Court of California, County of Los Angeles on 07/21/2021 12:54 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

1  **MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
2  Email: mmatern@maternlawgroup.com
Tagore O. Subramaniam (SBN 280126)
3  Email: tagore@maternlawgroup.com
Max Sloves (SBN 217676)
4  Email: msloves@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
5  Manhattan Beach, California 90266
Telephone: (310) 531-1900
6  Facsimile: (310) 531-1901
7

8  Attorneys for Plaintiff DANNY LOPEZ
individually, and on behalf of all other
9  aggrieved employees

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                **FOR THE COUNTY OF LOS ANGELES**

12  DANNY LOPEZ, individually, and on behalf      CASE NO.: 21STCV26797
    of all other aggrieved employees,
13                                                 **COMPLAINT FOR VIOLATION OF**
                                                   **THE CALIFORNIA LABOR CODE**
14          Plaintiff,                             **PRIVATE ATTORNEYS GENERAL**
                                                   **ACT OF 2004**
15          vs.
                                                   [California Labor Code § 2698, *et seq.*]
16  AIRCRAFT SERVICE INTERNATIONAL,
    INC., a corporation; AIR MENZIES              **DEMAND FOR JURY TRIAL**
17  INTERNATIONAL (USA), INC., a corporation;
    MENZIES AVIATION (USA), INC., a
18  corporation; and DOES 1 through 50, inclusive,

19          Defendants.

20

21

22

23

24

25

26

27

28

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

1
REPRESENTATIVE ACTION COMPLAINT

PLAINTIFF DANNY LOPEZ ("PLAINTIFF"), individually and on behalf of all other aggrieved employees, demanding a jury trial, hereby alleges as follows:

**INTRODUCTION**

1.     PLAINTIFF brings this action on behalf of himself and all other aggrieved employees of Defendants AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; AIR MENZIES INTERNATIONAL (USA), INC., a corporation; MENZIES AVIATION (USA), INC., a corporation; and DOES 1 through 50 inclusive, (collectively, "DEFENDANTS") to recover penalties arising from unpaid wages earned and due, including but not limited to unpaid and illegally calculated overtime compensation, illegal meal and rest period policies, failure to pay all wages due to discharged or quitting employees, failure to maintain required records, failure to provide accurate itemized wage statements, failure to timely pay wages during employment, failure to indemnify employees for necessary expenditures and/or losses incurred in discharging their duties.

**JURISDICTION AND VENUE**

2.     The Superior Court of the State of California has jurisdiction in this matter because PLAINTIFF is a resident of the State of California and DEFENDANTS are citizens and residents of, and/or regularly conduct business in California.  Further, no federal question is at issue because the claims are based solely on California law.

3.     Venue is proper in this judicial district and the County of LOS ANGELES, California because PLAINTIFF and other aggrieved employees performed work for DEFENDANTS in the County of LOS ANGELES and many of DEFENDANTS' unlawful actions and omissions, as set forth herein, occurred in the County of LOS ANGELES.

**PARTIES**

4.     PLAINTIFF DANNY LOPEZ is a resident of the State of California.  At times material to this complaint, PLAINTIFF was employed by DEFENDANTS as a non-exempt employee within the State of California.

///

///

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

2

REPRESENTATIVE ACTION COMPLAINT

5.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT AIRCRAFT SERVICE INTERNATIONAL, INC. is, and at all times relevant hereto was, a corporation authorized to conduct business in the State of California, and does conduct business in the State of California.  Specifically, upon information and belief, DEFENDANT AIRCRAFT SERVICE INTERNATIONAL, INC., maintains offices and conducts business in the County of LOS ANGELES, State of California.

6.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT AIR MENZIES INTERNATIONAL (USA), INC. is, and at all times relevant hereto was, a corporation authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT AIR MENZIES INTERNATIONAL (USA), INC. maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of LOS ANGELES, State of California.

7.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT MENZIES AVIATION (USA), INC. is, and at all times relevant hereto was, a corporation authorized to conduct business in the State of California, and does conduct business in the State of California.  Specifically, upon information and belief, DEFENDANT MENZIES AVIATION (USA), INC., maintains offices and conducts business in the County of LOS ANGELES, State of California.

8.    The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such defendants under fictitious names.  PLAINTIFF is informed and believes, and thereon alleges, that each defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFF and other aggrieved employees' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE defendants.  PLAINTIFF will seek leave of the court to amend this complaint to allege the true names and capacities of such DOE defendants when ascertained.

9.    At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFF and other aggrieved employees.  PLAINTIFF is informed and believes, and thereon

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

3
Exhibit A - Page 7

REPRESENTATIVE ACTION COMPLAINT

ER_88

alleges, that at all times material to this complaint DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other.  Each defendant was completely dominated by his, her, or its co-defendant, and each was the alter ego of the other.

10.    At all relevant times herein, PLAINTIFF and other aggrieved employees were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied.  In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and other aggrieved employees all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to timely pay wages during employment; failing to properly compensate PLAINTIFF and other aggrieved employees for necessary expenditures; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor Code ("Labor Code") and the applicable Industrial Welfare Commission ("IWC") Wage Order.

11.    PLAINTIFF is informed and believes, and thereon alleges, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

**PAGA REPRESENTATIVE ACTION ALLEGATIONS**

12.    Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698-2699.5, PLAINTIFF brings this action on behalf of himself and all current and former non-exempt aggrieved employees of DEFENDANTS in the State of California at any time within the period beginning one (1) year and sixty five (65) days prior to the filing of this action, and ending at the time this action settles or proceeds to final judgment ("PENALTY

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

4                                    REPRESENTATIVE ACTION COMPLAINT

PERIOD").

13.     Pursuant to Labor Code § 2699.3, PLAINTIFF gave written notice on February 11, 2021, by online submission to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to DEFENDANTS of the specific provisions of the Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations. PLAINTIFF has not received any response from the LWDA. As PLAINTIFF has waited more than sixty-five (65) days from the February 11, 2021 date of PLAINTIFF'S written notice before filing this action, PLAINTIFF has complied with all of the requirements set forth in Labor Code § 2699.3 to commence a representative action under PAGA.

## FACTUAL ALLEGATIONS

### Failure to Provide Required Meal Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 9-2001, § 11]

14.     During the PENALTY PERIOD, as part of DEFENDANTS' illegal policies and practices to deprive their current and former non-exempt employees of all wages earned and due, DEFENDANTS required, suffered or permitted PLAINTIFF and other aggrieved employees to take less than the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFF and other aggrieved employees pursuant to Labor Code §§ 226.7 and 512 and IWC Order No. 9-2001, § 11.

15.     DEFENDANTS further violated Labor Code §§ 226.7 and 512 and IWC Wage Order No. 9-2001, § 11 by failing to compensate PLAINTIFF and other aggrieved employees who were not provided with a meal period, in accordance with the applicable IWC Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

### Failure to Provide Required Rest Periods

### [Cal. Labor Code §§ 226.7; IWC Wage Order No. 9-2001, § 12]

16.     At all times relevant herein, as part of DEFENDANTS' illegal policies and practices to deprive their current and former non-exempt employees of all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and other aggrieved employees as

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

5                                    REPRESENTATIVE ACTION COMPLAINT

Exhibit A - Page 9

ER_90

required under Labor Code § 226.7, and IWC Wage Order No. 9-2001, § 12.

17.     DEFENDANTS further violated Labor Code § 226.7 and IWC Wage Order No. 9-2001, § 12 by failing to pay PLAINTIFF and other aggrieved employees who were not provided with a rest period, in accordance with the applicable IWC Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

**Failure to Pay Overtime Wages**

**[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 9-2001, § 3]**

18.     Pursuant to Labor Code §§ 510 and 1194 and IWC Wage Order No. 9-2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and other aggrieved employees for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

19.     PLAINTIFF and other aggrieved employees are current and former non-exempt employees of DEFENDANTS entitled to the protections of Labor Code §§ 510 and 1194 and IWC Wage Order No. 9-2001.  During the PENALTY PERIOD, DEFENDANTS failed to compensate PLAINTIFF and other aggrieved employees for all overtime hours worked as required under the foregoing provisions of the Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by Labor Code §§ 510, 1194, and IWC Wage Order No. 9-2001, § 3; requiring, suffering or permitting PLAINTIFF and other aggrieved employees to work off the clock; requiring, permitting or suffering PLAINTIFF and other aggrieved employees to work through meal breaks; illegally and inaccurately recording time in which PLAINTIFF and other aggrieved employees worked; failing to properly maintain PLAINTIFF'S and other aggrieved employees' records; failing to provide accurate itemized wage statements to PLAINTIFF and other aggrieved employees for each pay period; and other methods to be discovered. DEFENDANTS further

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

6                REPRESENTATIVE ACTION COMPLAINT

Exhibit A - Page 10

ER_91

violated PAGA by knowingly and willfully failing to perform their obligations to compensate PLAINTIFF and other aggrieved employees sick pay at one and one-half (1 ½) the regular rate of pay as required by Labor Code § 246.

20.     DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and other aggrieved employees for all wages earned and all hours worked in violation of Labor Code §§ 510, 1194 and 1198 and IWC Wage Order No. 9-2001, § 3.

**Failure to Pay Minimum Wages**

**[Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 9-2001, § 4]**

21.     Pursuant to California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 9-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

22.     During the PENALTY PERIOD and in violation of California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 9-2001, § 4, DEFENDANTS failed to pay PLAINTIFF and other aggrieved employees the applicable minimum wages for all hours worked in a payroll period by, among other things: requiring, suffering or permitting PLAINTIFF and other aggrieved employees to work off the clock; requiring, suffering or permitting PLAINTIFF and other aggrieved employees to work through meal breaks; illegally and inaccurately recording time in which PLAINTIFF and other aggrieved employees worked; failing to properly maintain PLAINTIFF's and other aggrieved employees' records; failing to provide accurate itemized wage statements to PLAINTIFF and other aggrieved employees for each pay period; and other methods to be discovered.

**Failure to Permit Employees to Inspect or Receive Copy of Records**

**[Cal Labor Code §§ 226(b), 226(c)]**

23.     Pursuant to Labor Code § 226, subdivision (a), all deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

7                          REPRESENTATIVE ACTION COMPLAINT

Exhibit A - Page 11

ER_92

24.    Pursuant to Labor Code § 226, subdivision (b), DEFENDANTS are required to keep and maintain information required by Labor Code § 226, subdivision (a), and must afford current and former employees the right to inspect or receive a copy of records pertaining to their employment, upon reasonable request to the employer.

25.    Pursuant to Labor Code § 226, subdivision (c), upon receipt of a written or oral request to inspect or receive a copy of records pursuant to subdivision (b) pertaining to a current or former employee, DEFENDANTS must comply with the request as soon as practicable but no later than 21 calendar days from the date of the request.

26.    During the PENALTY PERIOD and in violation of Labor Code § 226, DEFENDANTS knowingly and willfully failed to timely permit PLAINTIFF and other aggrieved employees, upon reasonable request, to inspect records described in Labor Code section 226, subdivision (b), that DEFENDANTS were required to maintain under subsection (a).

### Failure to Timely Pay Wages During Employment

### [Cal. Labor Code § 204]

27.    Pursuant to California Labor Code § 204, for all labor performed between the 1st and 15th days of any calendar month, DEFENDANTS are required to pay their nonexempt employees between the 16th and 26th day of the month during which the labor was performed. California Labor Code § 204 also provides that for all labor performed between the 16th and 26th days of any calendar month, DEFENDANTS are required to pay their nonexempt employees between the 1st and 10th day of the following calendar month.  In addition, California Labor Code § 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday of the next regular payroll period.

28.    During the PENALTY PERIOD, DEFENDANTS knowingly and willfully failed to timely pay PLAINTIFF and other aggrieved employees all the wages for labor performed by the next regular payroll period as required by California Labor Code § 204.

///

///

///

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

8

REPRESENTATIVE ACTION COMPLAINT

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**[Cal. Labor Code §§ 201, 202, 203]**

29.     Pursuant to Labor Code § 201, 202 and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged.  Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

30.     Furthermore, pursuant to Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

31.     Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

32.     During the PENALTY PERIOD and in violation of Labor Code §§ 201 and 202, DEFENDANTS willfully failed to timely pay accrued wages and other compensation to PLAINTIFF and other aggrieved employees who were discharged or quit his or her employment.

**Failure to Maintain Required Records**

**[Cal. Labor Code §§ 226(a), 1174(d); IWC Wage Order No. 9-2001, § 7]**

33.     During the PENALTY PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive PLAINTIFF and other aggrieved employees of all wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under Labor Code §§ 226(a) and 1174(d) and IWC Wage Order No. 9-2001, § 7, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized statements.

///

///

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

9                                    REPRESENTATIVE ACTION COMPLAINT

**Failure to Furnish Accurate Itemized Wage Statements**

**[Cal. Labor Code § 226(a); IWC Wage Order No. 9-2001, § 7]**

34.     During the PENALTY PERIOD, DEFENDANTS routinely failed and continue to fail to provide PLAINTIFF and other aggrieved employees with timely and accurate itemized wage statements in writing showing each employee's gross wages earned, total hours worked, the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, all deductions made, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and only the last four digits of his or her social security number or employee identification number, the name and address of the legal entity or entities employing PLAINTIFF and other aggrieved employees, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226(a) and IWC Wage Order No. 9-2001 § 7.

35.     During the PENALTY PERIOD, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFF and other aggrieved employees with timely and accurate itemized wage statements in accordance with Labor Code § 226(a).

36.     During the PENALTY PERIOD, PLAINTIFF and other aggrieved employees suffered injury as a result of DEFENDANTS' failure to provide timely and accurate itemized wage statements as PLAINTIFF and other aggrieved employees could not promptly and easily determine  from the wage statement alone one or more of the following:  the gross wages earned, the total hours worked, all deductions made, the net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and other aggrieved employees, and/or all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

**Failure to Indemnify for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

37.     Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

10

REPRESENTATIVE ACTION COMPLAINT

38.     During the PENALTY PERIOD, DEFENDANTS failed to indemnify PLAINTIFF and other aggrieved employees for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, in violation of Labor Code § 2802.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT

**[Cal. Labor Code § 2698, *et seq.*]**

**(Against All DEFENDANTS)**

39.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 38

40.     PLAINTIFF is an "aggrieved employee" within the meaning of Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of himself and other current and former non-exempt employees of DEFENDANTS pursuant to the procedures specified in Labor Code § 2699.3, because PLAINTIFF is employed by DEFENDANTS and one or more of the alleged Labor Code violations was committed against PLAINTIFF during the PENALTY PERIOD.

41.     PLAINTIFF seeks to recover civil penalties through a representative action permitted by PAGA and the California Supreme Court in *Arias v. Superior Court* (2009) 46 Cal.4th 969.  Thus, class certification is not required.

42.     Pursuant to Labor Code §§ 2698-2699.5, PLAINTIFF seeks to recover civil penalties from DEFENDANTS in a representative action for the violations set forth above, including but not limited to violations of Labor Code §§ 201, 202, 203, 204, 226(a), 226(b), 226(c), 226.7, 510, 512, 1174(d), 1194, 1197, 1198, and 2802.

43.     Pursuant to Labor Code § 2699(a), PLAINTIFF seeks civil penalties for DEFENDANTS' violations of Labor Code provisions for which a civil penalty is specifically provided, including but not limited to the following:

a.     Pursuant to Labor Code § 210, for violations of Labor Code § 204, DEFENDANTS are subject to a civil penalty in the amount of one hundred

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

11

REPRESENTATIVE ACTION COMPLAINT

Exhibit A - Page 15

ER_96

dollars ($100) for the initial violation for each failure to pay each employee and two hundred dollars ($200) per employee for violations in subsequent pay periods.

b. Pursuant to Labor Code § 226(f), for violations of Labor Code § 226(c), DEFENDANTS are subject to a civil penalty in the amount of seven hundred and fifty dollars ($750) per aggrieved employee for each failure to permit a current or former employee to inspect or receive a copy of records within 21 days of a reasonable request.

c. Pursuant to Labor Code § 226.3, for violations of Labor Code § 226(a), DEFENDANTS are subject to a civil penalty in the amount of two hundred and fifty dollars ($250) per aggrieved employee for the initial pay period where a violation occurs and one thousand dollars ($1,000) per aggrieved employee for violations in subsequent pay periods.

d. Pursuant to Labor Code § 558(a), "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission," including Labor Code §§ 510 and 512, shall be subject to a civil penalty, in addition to any other penalty provided by law, of fifty dollars ($50) for initial violations for each underpaid employee for each pay period for which the employee was underpaid and one hundred dollars ($100) for each subsequent violation for each underpaid employee for each pay period for which the employee was underpaid.  In addition, PLAINTIFF seeks civil penalties in the amount sufficient to recover unpaid wages owed to aggrieved employees pursuant to Labor Code § 558(a).

e. Pursuant to Labor Code § 1174.5, for violations of Labor Code § 1174(d), DEFENDANTS are subject to a civil penalty of five hundred dollars ($500).

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

12                        REPRESENTATIVE ACTION COMPLAINT

Exhibit A - Page 16

ER_97

f.     Pursuant to Labor Code § 1197.1, an employer who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission, shall be subject to a civil penalty as follows: for any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid; and for each subsequent violation of the same offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation was intentionally committed.

44.    Labor Code § 2699(f) provides that for all Labor Code violations for which a civil penalty is not specifically provided, the following civil penalties are established: one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation. PLAINTIFF seeks such civil penalties under Labor Code § 2699(f) for DEFENDANTS' violations of Labor Code provisions for which a civil penalty is not specifically provided, including but not limited to Labor Code §§ 201, 202, 203, 226.7, 1194, 1197, 1198, and 2802.

45.    PLAINTIFF additionally seeks reasonable attorney's fees and costs pursuant to Labor Code § 2699(g)(1).

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF, individually and on behalf of all other aggrieved employees, pray for relief against DEFENDANTS as follows:

1.    For civil penalties according to proof, including but not limited to the amount of any unpaid wages of PLAINTIFF and other aggrieved employees and all penalties authorized by the Labor Code §§ 210, 226(f), 226.3, 558, 1174.5, 1197.1, and 2699(a) and (f);

2.    For interest at the legal rate pursuant to Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

///

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

13

REPRESENTATIVE ACTION COMPLAINT

3.      For reasonable attorney's fees and costs pursuant to Labor Code § 2699(g) and/or any other applicable provisions providing for attorney's fees and costs; and

4.      For such further relief that the Court may deem just and proper.

DATED: July 21, 2021

Respectfully submitted,

**MATERN LAW GROUP, PC**

By: _____

Matthew J. Matern
Tagore O. Subramaniam
Max N. Sloves
Attorneys for Plaintiff DANNY LOPEZ,
individually, and on behalf of all other
aggrieved employees

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

14

REPRESENTATIVE ACTION COMPLAINT

Exhibit A - Page 18

ER_99

1

**DEMAND FOR JURY TRIAL**

2

PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

3

4

DATED: July 21, 2021                    Respectfully submitted,

**MATERN LAW GROUP, PC**

5

6

By:

7

8

Matthew J. Matern
Tagore O. Subramaniam
Max N. Sloves
Attorneys for Plaintiff DANNY LOPEZ
individually, and on behalf of other
aggrieved employees

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

15                    REPRESENTATIVE ACTION COMPLAINT

Electronically FILED by Superior Court of California, County of Los Angeles on 07/21/2021 12:54 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

Case 2:21-cv-07108   Document 1-2  Filed 09/02/21   Page 19 of 30   Page ID #:31

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Matthew Matern; Tagore Subramaniam; Max Sloves    SBN:159798; 280126; 217676<br>Matern Law Group, PC<br>1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266<br>TELEPHONE NO.: (310) 531-1900            FAX NO.: (310) 531-1901<br>ATTORNEY FOR *(Name):* Plaintiff Danny Lopez | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: Danny Lopez v. Aircraft Service International, Inc., et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [X] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] **Counter**  [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 21STCV26797<br><br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* One (1)
5. This case [ ] is  [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 21, 2021

Matthew J. Matern
_____
(TYPE OR PRINT NAME)                                                ► _____
                                                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov*<br>Westlaw Doc & Form Builder™ |

Exhibit A - Page 20

ER_101

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
　Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment (*non-domestic relations*)
　Sister State Judgment
　Administrative Agency Award (*not unpaid taxes*)
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
　Declaratory Relief Only
　Injunctive Relief Only (*non-harassment*)
　Mechanics Lien
　Other Commercial Complaint Case (*non-tort/non-complex*)
　Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

CM-010 [Rev. July 1, 2007]

## CIVIL CASE COVER SHEET

Page 2 of 2

Exhibit A - Page 21

| SHORT TITLE: Danny Lopez v. Aircraft Service International, Inc., et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐  A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐  A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐  A6070  Asbestos Property Damage | 1, 11 |
| | | ☐  A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐  A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐  A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐  A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐  A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐  A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐  A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐  A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**
Exhibit A - Page 22

Local Rule 2.3
Page 1 of 4

ER_103

| SHORT TITLE: Gabriela Valdez v. Optum, Inc., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**
Exhibit A - Page 23

Local Rule 2.3

Page 2 of 4

| SHORT TITLE: Danny Lopez v. Aircraft Service International, Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**
Exhibit A - Page 24

| SHORT TITLE: Danny Lopez v. Aircraft Service International, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| **REASON:**<br><br>☐ 1. ☒ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>5720 Avion Dr. |
|---|---|

| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90045 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: July 21, 2021

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**
Exhibit A - Page 25

Local Rule 2.3

Page 4 of 4

ER_106

| **SUPERIOR COURT OF CALIFORNIA** **COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Stanley Mosk Courthouse 111 North Hill Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles 07/21/2021 Sherri R. Carter, Executive Officer / Clerk of Court By: _____ M. Barel _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT** **UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER: 21STCV26797 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Stephanie M. Bowick | 19 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

Sherri R. Carter, Executive Officer / Clerk of Court

on 07/21/2021
    (Date)

By M. Barel _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
Exhibit A - Page 26

ER_107

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Danny Lopez

DEFENDANT:
Aircraft Service International, Inc. et al

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**07/28/2021**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ C. Lam _____ Deputy

CASE NUMBER:
21STCV26797

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 01/03/2022 | Time: 8:30 AM | Dept. 19 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: _07/28/2021_

_____ Stephanie M. Bowick / Judge _____
Judicial Officer

---

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _Los Angeles_, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Matthew Matern
1230 Rosecrans Avenue Suite 200

Manhattan Beach, CA 90266

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: _07/28/2021_

By _C. Lam_
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

Exhibit A - Page 28

Electronically FILED by Superior Court of California, County of Los Angeles on 08/11/2021 03:47 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mao, Deputy Clerk

Case 2:21-cv-07108   Document 1-2   Filed 09/02/21   Page 28 of 30   Page ID #:40

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Matthew Matern, 159798<br>Matern Law Group PC<br>1230 Rosecrans Avenue, Suite 200<br>Manhattan Beach, CA 90266<br>**TELEPHONE NO.:** (310)531-1900<br>ATTORNEY FOR *(Name):* Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| Superior Court of California, Los Angeles County |
| 111 N. Hill Street |
| Los Angeles, CA 90012-3117 |

| PLAINTIFF/PETITIONER: Danny Lopez | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Aircraft Service International, Inc., et al. | 21STCV26797 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>21STCV26797 |
|---|---|

# BY FAX

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

Complaint, Summons, Civil Case Cover Sheet and Addendum, Order, Stip, ADR, Notice of Case Assignment

3. a. Party served:  Air Menzies International (USA), Inc., a corporation

   b. Person Served: CSC - Person Authorized to Accept Service of Process

4. Address where the party was served:  2710 Gateway Oaks Drive, Suite 150N
   Sacramento, CA 95833

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 08/03/2021      (2) at  (time): 1:45PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   Air Menzies International (USA), Inc., a corporation
   under: CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name:       Tyler Anthony DiMaria
   b. Address:    One Legal - P-000618-Sonoma
                  1400 North McDowell Blvd, Ste 300
                  Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 30.00
   e I am:
      (3)  registered California process server.
           (i)   Employee or independent contractor.
           (ii)  Registration No.:2006-06
           (iii) County:  Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date:  08/03/2021

_____
Tyler Anthony DiMaria
(NAME OF PERSON WHO SERVED PAPERS)

_____
(SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS**<br>Exhibit A - Page 29 | Code of Civil Procedure, § 417.10<br><br>OL# 16697363 |
|---|---|---|

Electronically FILED by Superior Court of California, County of Los Angeles on 08/11/2021 05:17 PM Sherri R. Carter, Executive Officer/Clerk of Court, by W. Moore,Deputy Clerk

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Matthew Matern, 159798<br>Matern Law Group PC<br>1230 Rosecrans Avenue, Suite 200<br>Manhattan Beach, CA 90266<br>**TELEPHONE NO.:** (310)531-1900<br>ATTORNEY FOR *(Name)*: Plaintiff | FOR COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

Superior Court of California, Los Angeles County

111 N. Hill Street

Los Angeles, CA 90012-3117

| | |
|---|---|
| PLAINTIFF/PETITIONER: Danny Lopez<br><br>DEFENDANT/RESPONDENT: Aircraft Service International, Inc., et al. | CASE NUMBER:<br>21STCV26797 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>21STCV26797 |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action. **BY FAX**
2. I served copies of:

Complaint, Summons, Civil Case Cover Sheet and Addendum, Order, Stip, ADR, Notice of Case Assignment

3. a. Party served:  Aircraft Service International, Inc., a corporation

 b. Person Served: CSC - Kaitlyn Mannix - Person Authorized to Accept Service of Process

4. Address where the party was served:  2710 Gateway Oaks Drive, Suite 150N
 Sacramento, CA 95833

5. I served the party

 a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
 receive service of process for the party (1) on (date): 08/03/2021         (2) at  (time): 1:45PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

 d. on behalf of:

 Aircraft Service International, Inc., a corporation
 under: CCP 416.10 (corporation)

7. **Person who served papers**

 a.  Name:         Tyler Anthony DiMaria

 b.  Address:       One Legal - P-000618-Sonoma

         1400 North McDowell Blvd, Ste 300

         Petaluma, CA 94954

 c.  Telephone number: 415-491-0606

 d.  The fee for service was: $ 30.00

 e  I am:
   (3)  registered California process server.
    (i)   Employee or independent contractor.
    (ii)  Registration No.: 2006-06
    (iii) County:  Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  08/03/2021

_____
Tyler Anthony DiMaria
(NAME OF PERSON WHO SERVED PAPERS)

(SIGNATURE)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS**<br>Exhibit A - Page 30 | Code of Civil Procedure, § 417.10<br>OL# 16697362 |

Electronically FILED by Superior Court of California, County of Los Angeles on 08/11/2021 05:17 PM Sherri R. Carter, Executive Officer/Clerk of Court, by W. Moore,Deputy Clerk

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* <br> Matthew Matern, 159798 <br> Matern Law Group PC <br> 1230 Rosecrans Avenue, Suite 200 <br> Manhattan Beach, CA 90266 <br> **TELEPHONE NO.:** (310)531-1900 <br> ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
Superior Court of California, Los Angeles County
111 N. Hill Street
Los Angeles, CA 90012-3117

| | |
|---|---|
| PLAINTIFF/PETITIONER: Danny Lopez <br><br> DEFENDANT/RESPONDENT: Aircraft Service International, Inc., et al. | CASE NUMBER: <br> 21STCV26797 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: <br> 21STCV26797 |

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

Complaint, Summons, Civil Case Cover Sheet and Addendum, Order, Stip, ADR, Notice of Case Assignment

3. a. Party served: Menzies Aviation (USA), Inc., a corporation

   b. Person Served: CSC - Kaitlyn Mannix - Person Authorized to Accept Service of Process

4. Address where the party was served: 2710 Gateway Oaks Drive, Suite 150N
                                        Sacramento, CA 95833
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 08/03/2021          (2) at (time): 1:45PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   Menzies Aviation (USA), Inc., a corporation
   under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:          Tyler Anthony DiMaria
   b. Address:       One Legal - P-000618-Sonoma
                     1400 North McDowell Blvd, Ste 300
                     Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 30.00
   e I am:
      (3)  registered California process server.
         (i)  Employee or independent contractor.
         (ii) Registration No.: 2006-06
         (iii) County:  Sacramento
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date:  08/03/2021

Tyler Anthony DiMaria
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California POS-010 <br> [Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** <br> Exhibit A - Page 31 | Code of Civil Procedure, § 417.10 <br><br> OL# 16697364 |

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 09/01/2021 03:36 PM Sherri R. Carter, Executive Officer/Clerk of Court, by X. Soto,Deputy Clerk

1   CHRISTOPHER WARD, CA Bar No. 238777
      cward@foley.com
2   FOLEY & LARDNER LLP
    555 SOUTH FLOWER STREET, SUITE 3300
3   LOS ANGELES, CA 90071-2418
    TELEPHONE:  213.972.4500
4   FACSIMILE:   213.486.0065

5   KEVIN JACKSON, CA Bar No. 278169
      kjackson@foley.com
6   FOLEY & LARDNER LLP
    11988 EL CAMINO REAL, SUITE 400
7   SAN DIEGO, CA 92130-2594
    TELEPHONE:  858.847.6700
8   FACSIMILE:   858.792.6773

9
    Attorneys for Defendants AIRCRAFT SERVICE
10  INTERNATIONAL, INC., AIR MENZIES
    INTERNATIONAL (USA), INC., and MENZIES
11  AVIATION (USA), INC.

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                  FOR THE COUNTY OF LOS ANGELES

14

15  DANNY LOPEZ, INDIVIDUALLY, AND ON BEHALF       CASE NO:  21STCV26797
    OF ALL OTHER AGGRIEVED EMPLOYEES,
16                                                 ASSIGNED FOR ALL PURPOSES TO:
                PLAINTIFF,                          HON. STEPHANIE M. BOWICK, DEPT. 19
17
         V.                                        DEFENDANTS AIRCRAFT SERVICE
18                                                 INTERNATIONAL, INC., AIR MENZIES
    AIRCRAFT SERVICE INTERNATIONAL, INC.,          INTERNATIONAL (USA), INC., AND
19  A CORPORATION; AIR MENZIES                     MENZIES AVIATION (USA), INC.'S
    INTERNATIONAL (USA), INC., A CORPORATION;      ANSWER AND AFFIRMATIVE DEFENSES
20  MENZIES AVIATION (USA), INC., A                TO PLAINTIFF'S REPRESENTATIVE
    CORPORATION; AND DOES 1 THROUGH 50,            ACTION COMPLAINT
21  INCLUSIVE,
                                                   CASE FILED:  JULY 21, 2021
22              DEFENDANT.

23

24

25

26

27

28

                                        1
    DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO REPRESENTATIVE ACTION COMPLAINT
                         CASE NO. 21STCV26797

1   Defendants AIRCRAFT SERVICE INTERNATIONAL, INC., AIR MENZIES

2   INTERNATIONAL (USA), INC., and MENZIES AVIATION (USA), INC. (collectively,

3   "Defendants"), hereby answer the unverified Representative Action Complaint ("Complaint") filed by

4   Plaintiff DANNY LOPEZ ("Plaintiff"), on behalf of the State of California as a private attorney general,

5   on July 21, 2021, as follows:

6   **GENERAL DENIAL**

7   Pursuant to the provisions of California Code of Civil Procedure § 431.30, Defendants generally

8   and specifically deny each and every allegation, statement, matter, and purported cause of action

9   contained in the Complaint, and further denies that Plaintiff has been damaged in the manner or sums

10  alleged, or in any way at all, by reason of any acts or omissions of Defendants.

11  In further answer to Plaintiff's Complaint, and as separate and distinct defenses, Defendants

12  allege as follows:

13  **FIRST DEFENSE**

14  **(Failure to State a Cause of Action)**

15  1.    The Complaint, and each and every purported cause of action set forth therein alleged

16  against Defendants, fails to state facts sufficient to constitute a cause of action against Defendants.

17  **SECOND DEFENSE**

18  **(Failure to State a Claim Upon Which Relief Can Be Granted)**

19  2.    Plaintiff's Complaint, and each purported cause of action asserted therein, fails to state

20  facts sufficient to state any claim upon which relief can be granted.

21  **THIRD DEFENSE**

22  **(Statute of Limitations)**

23  3.    Plaintiff's claims are time-barred, in whole or in part, by the applicable statute of

24  limitations, including but not limited to common law; California Code of Civil Procedure sections 338,

25  340, 343; California Business & Professions Code section 17208; and California Labor section Code

26  226(a).

27  ///

28  ///

2
DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO REPRESENTATIVE ACTION COMPLAINT
CASE NO. 21STCV26797

4846-2356-0953.1                                              Exhibit B - Page 33

**FOURTH DEFENSE**

**(Failure to Mitigate)**

4. Plaintiff has failed to meet his burden, inasmuch as he has had, and continues to have, the ability and opportunity to mitigate the damages alleged with respect to the subject matter of this litigation, and he has failed and refused to mitigate the damages.

**FIFTH DEFENSE**

**(Failure to Exhaust)**

5. Plaintiff has failed to meet his burden as the Complaint is barred by his failure to exhaust all administrative remedies and/or contractual remedies and/or is in improper forum, including, but not limited to those set forth in California Labor Code section 2699.3.

**SIXTH DEFENSE**

**(Estoppel)**

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**SEVENTH DEFENSE**

**(Waiver)**

7. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**EIGHTH DEFENSE**

**(Laches)**

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**NINTH DEFENSE**

**(Uncertainty)**

9. Plaintiff claims are barred, in whole or in part, because it cannot be ascertained from the Complaint the basis of any of the allegations stated therein.

**TENTH DEFENSE**

**(No Damages or Injury)**

10. Plaintiff's claims are barred, in whole or in part, because he has not suffered any damage or injury by any acts, events or occurrences alleged in the Complaint, whether or not attributable to Defendants.

3

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO REPRESENTATIVE ACTION COMPLAINT
CASE NO. 21STCV26797

**ELEVENTH DEFENSE**

**(Conduct Not Unfair)**

11.     Plaintiff's claims are barred, in whole or in part, because the wage and employment practices at issue in the Complaint are not unfair within the meaning of California Business and Professions Code section 17200.  Additionally, the utility of the practices outweigh any potential harm in that there were business justifications for doing so, and any alleged potential harm can be reasonably avoided.

**TWELFTH DEFENSE**

**(Unclean Hands)**

12.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**THIRTEENTH DEFENSE**

**(Conduct Not Unlawful)**

13.     Plaintiff's claims are barred, in whole or in part, because the wage and employment practices at issue in the Complaint are not unlawful, including not being unlawful under the California Labor Code or within the meaning of California Business and Professions Code section 17200.

**FOURTEENTH DEFENSE**

**(Adequate Remedy at Law)**

14.     Plaintiff's claims are barred, in whole or in part, because he is not entitled to a recovery of equitable relief due to the existence of an adequate remedy at law.

**FIFTEENTH DEFENSE**

**(Substantial Compliance)**

15.     Plaintiff's claims are barred, in whole or in part, because the wage and employment practices at issue in the Complaint were not unlawful, in that Defendant fully or substantially complied with all applicable statutes and regulations, including the California Labor Code and the applicable Industrial Welfare Commission Wage Order.

**SIXTEENTH DEFENSE**

**(Accord and Satisfaction)**

16.     Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and

4

4846-2356-0953.1

Exhibit B - Page 35

satisfaction, and payment.

## SEVENTEENTH DEFENSE

### (Setoff and Recoupment)

17.      Plaintiff's claims are barred, in whole or in part, because if any damages have been sustained, although such is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all overpayments by Defendants to Plaintiff, and/or all obligations of Plaintiff owed to Defendants, against any judgment that may be entered against Defendants.

## EIGHTEENTH DEFENSE

### (Waiting Time Penalties)

18.      Plaintiff has failed to meet his burden inasmuch as the Complaint fails to state a claim for waiting time penalties under Section 203 of the California Labor Code, the existence of which is expressly denied.

## NINETEENTH DEFENSE

### (Conduct in Good Faith, Reasonable, Not Intentional or Willful)

19.      Plaintiff's claims are barred, in whole or in part, because Defendants' actions were based on an honest, reasonable, good faith belief in the facts as known and understood at the time and were not intentional or willful, including not being willful within the meaning of the California Labor Code. Plaintiff suffered no injuries or damages and is not entitled to damages or penalties.

## TWENTIETH DEFENSE

### (Excessive Fines)

20.      An award of statutory and/or civil penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendants' due process and other rights under the United States and California Constitutions.

## TWENTY-FIRST DEFENSE

### (Lack of Standing / Plaintiff Not "Aggrieved Employee")

21.      Plaintiff has failed to meet his burden inasmuch as Plaintiff fails to satisfy the prerequisites as a representative under the California Private Attorneys General Act ("PAGA") and, therefore, lacks standing and cannot represent the interests of purported aggrieved employees as to each

5

1  of the purported causes of action.

2  ## TWENTY-SECOND DEFENSE

3  **(Representative Action Unmanageable)**

4  22.     Plaintiff has failed to meet his burden inasmuch as Plaintiff's claims for a representative

5  PAGA action are unmanageable.  See *Williams v. Superior Court*, 3 Cal. 5th 531, 559 (2017).

6  Accordingly, the allegations are not appropriate for representative treatment.

7  ## TWENTY-THIRD DEFENSE

8  **(Failure to Provide Proper Notice to LWDA and/or Employer)**

9  23.     Plaintiff has failed to provide proper notice to the LWDA and/or his employer as required

10  under Labor Code section 2699.3.

11  ## TWENTY-FOURTH DEFENSE

12  **(Underlying Claims Invalid)**

13  24.     Plaintiff's PAGA claims on behalf of alleged aggrieved individuals must fail because of

14  the invalidity of Plaintiff's underlying claims.

15  ## TWENTY-FIFTH DEFENSE

16  **(No Ascertainable Representative Group)**

17  25.     Plaintiff has failed to define an ascertainable representative group of aggrieved

18  employees.

19  ## TWENTY-SIXTH DEFENSE

20  **(Unlawful Delegation)**

21  26.     Defendants allege that Plaintiff's claims for penalties under PAGA are barred to the

22  extent that private actions seeking PAGA penalties manifest an unlawful delegation of executive or

23  other authority.

24  ## TWENTY-SEVENTH DEFENSE

25  **(No Basis For PAGA Penalties)**

26  27.     Plaintiff has failed to meet his burden inasmuch as the relief sought under the Private

27  Attorney's General Act is inappropriate.

28  ///

6

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO REPRESENTATIVE ACTION COMPLAINT
CASE NO. 21STCV26797

**TWENTY-EIGHTH DEFENSE**

**(Superseding Cause)**

28.     Any injuries or damages alleged by Plaintiff, if any, were the result of new, independent, intervening, or superseding causes that are unrelated to any conduct of Defendants.  Any action on the part of Defendants was not the proximate or producing cause of any alleged injuries or damages Plaintiff claims to have suffered.

**TWENTY-NINTH DEFENSE**

**(Comparative Fault)**

29.     Plaintiff did not exercise due caution or care with respect to the matters alleged in the Complaint if, in fact, Plaintiff suffered any damage or injury, Plaintiff contributed in whole or in part to such damage or injury, and, therefore, any remedy or recovery to which Plaintiff might otherwise be entitled must be denied or reduced accordingly.

**THIRTIETH DEFENSE**

**(Good Faith)**

30.     Defendants acted in good faith and without malice or unlawful intent at all relevant times.

**THIRTY-FIRST DEFENSE**

**(Lack of Causation)**

31.     Plaintiff did not suffer any damages attributable to any actions of Defendants.

**THIRTY-SECOND DEFENSE**

**(No Proximate Cause)**

32.     The cause of Plaintiff's damages as alleged in the Complaint are wholly unrelated to, and were not proximately caused by, any act or omission of Defendants'.

**THIRTY-THIRD DEFENSE**

**(Plaintiff's Own Acts)**

33.     Any harm, damage or injury suffered by Plaintiff is due to his own acts and omissions.

**RESERVATION OF RIGHTS**

Defendants reserve the right to rely upon any and all further defenses that become available or appear during discovery or practical proceedings in this action, and hereby specifically reserves the right

7

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO REPRESENTATIVE ACTION COMPLAINT
CASE NO. 21STCV26797

4846-2356-0953.1

Exhibit B - Page 38

1   to amend this Answer for the purpose of asserting additional defenses.

2                                    **PRAYER**

3          WHEREFORE, Defendants pray for judgment as follows:

4          1.      That Plaintiff takes nothing by his Complaint;

5          2.      That judgment be entered in favor of Defendants and against Plaintiff on all causes of

6   action;

7          3.      That Defendants be awarded reasonable attorneys' fees according to proof to the extent

8   permitted by law;

9          4.      That Defendants be awarded the costs of suit incurred herein; and

10         5.      That the Court award Defendants such other and further relief as it deems just and proper.

11

12

13   DATE:  SEPTEMBER 1, 2021              **FOLEY & LARDNER LLP**
                                          CHRISTOPHER WARD
14                                        KEVIN JACKSON

15

16                                        By: _____

17                                        KEVIN JACKSON
                                          Attorneys for Defendants AIRCRAFT SERVICE
18                                        INTERNATIONAL, INC., AIR MENZIES
                                          INTERNATIONAL (USA), INC., and MENZIES
19                                        AVIATION (USA), INC.

20

21

22

23

24

25

26

27

28

                                            8

1                                       PROOF OF SERVICE

2     I am employed in the County of San Diego, State of California.  I am over the age of 18 and not a party
      to this action; my current business address is 11988 El Camino Real, Suite 400, San Diego, CA 92130-
3     2594.

4     On September 1, 2021, I served the foregoing document(s) described as: **DEFENDANTS AIRCRAFT
      SERVICE INTERNATIONAL, INC., AIR MENZIES INTERNATIONAL (USA), INC., AND
5     MENZIES AVIATION (USA), INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO
      PLAINTIFF'S REPRESENTATIVE ACTION COMPLAINT**  on the interested parties in this action
6     as follows:

7
      Matthew J. Matern                                   Attorneys for Plaintiff DANNY LOPEZ
8     Tagore O. Subramaniam
      Max Sloves
9     Matern Law Group, PC
      1230 Rosecrans Avenue, Suite 200
10    Manhattan Beach, CA 90266
      Telephone:  310-531-1900
11    Facsimile:  310-531-1901
      Email: mmatern@maternlawgroup.com
12           tagore@maternlawgroup.com
             msloves@maternlawgroup.com
13

14    __X__    BY MAIL
15     ___         I placed the envelope(s) with postage thereon fully prepaid in the United States
                   mail, at San Diego, California.
16
              __X__   I am readily familiar with the firm's practice of collection and processing
17                    correspondence for mailing with the United States Postal Service; the firm
                      deposits the collected correspondence with the United States Postal Service that
18                    same day, in the ordinary course of business, with postage thereon fully prepaid,
                      at San Diego, California.  I placed the envelope(s) for collection and mailing on
19                    the above date following ordinary business practices.

20    ___      BY E-MAIL
21     ___         I served the foregoing document via e-mail to the addressees above at the e-mail
                   addresses listed therein.

22    __X__    Executed on September 1, 2021, at San Diego, California.

23    __X__        I declare under penalty of perjury under the laws of the State of California that
                   the above is true and correct.
24    __X__        I declare that I am employed in the office of a member of the bar of this court at
                   whose direction the service was made.
25

26                               _Sonia Moreno_____
                                 Sonia Moreno
27

28

                                                     1
4846-2356-0953.1                                                        Exhibit B - Page 40

# EXHIBIT C

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:** 21STCV26797

DANNY LOPEZ VS AIRCRAFT SERVICE INTERNATIONAL, INC., ET AL.

**Filing Courthouse:** Stanley Mosk Courthouse

**Filing Date:** 07/21/2021
**Case Type:** Other Employment Complaint Case (General Jurisdiction)
**Status:** Pending

Click here to access document images for this case

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**01/03/2022** at 08:30 AM in Department 19 at 111 North Hill Street, Los Angeles, CA 90012
Case Management Conference

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

AIR MENZIES INTERNATIONAL USA INC. - Defendant

AIRCRAFT SERVICE INTERNATIONAL INC. - Defendant

JACKSON KEVIN - Attorney for Defendant

LOPEZ DANNY - Plaintiff

MATERN MATTHEW - Attorney for Plaintiff

MENZIES AVIATION USA INC. - Defendant

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Documents Filed (Filing dates listed in descending order)

**09/01/2021** Answer
Filed by Aircraft Service International, Inc. (Defendant); Air Menzies International (USA), Inc. (Defendant); Menzies Aviation (USA), Inc. (Defendant)

**08/11/2021** Proof of Personal Service
Filed by Danny Lopez (Plaintiff)

**08/11/2021** Proof of Personal Service
Filed by Danny Lopez (Plaintiff)

Exhibit C - Page 41

**08/11/2021** Proof of Personal Service
Filed by Danny Lopez (Plaintiff)

**07/28/2021** Notice of Case Management Conference
Filed by Clerk

**07/21/2021** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**07/21/2021** Civil Case Cover Sheet
Filed by Danny Lopez (Plaintiff)

**07/21/2021** Summons (on Complaint)
Filed by Danny Lopez (Plaintiff)

**07/21/2021** Complaint
Filed by Danny Lopez (Plaintiff)

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Proceedings Held (Proceeding dates listed in descending order)**

None

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Register of Actions (Listed in descending order)**

**09/01/2021** Answer
Filed by Aircraft Service International, Inc. (Defendant); Air Menzies International (USA), Inc. (Defendant); Menzies Aviation (USA), Inc. (Defendant)

**08/11/2021** Proof of Personal Service
Filed by Danny Lopez (Plaintiff)

**08/11/2021** Proof of Personal Service
Filed by Danny Lopez (Plaintiff)

**08/11/2021** Proof of Personal Service
Filed by Danny Lopez (Plaintiff)

**07/28/2021** Notice of Case Management Conference
Filed by Clerk

**07/21/2021** Summons (on Complaint)
Filed by Danny Lopez (Plaintiff)

**07/21/2021** Civil Case Cover Sheet
Filed by Danny Lopez (Plaintiff)

**07/21/2021** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**07/21/2021** Complaint
Filed by Danny Lopez (Plaintiff)

Exhibit C - Page 42

# EXHIBIT D

ASIG – LAX: Fuelers
2013-2017

# LABOR AGREEMENT

Between

# AIRCRAFT SERVICE INTERNATIONAL, INC. LAX STATION #503

and

## TEAMSTERS LOCAL #986
### At
### Los Angeles International Airport
### Los Angeles, California

## FUELING EMPLOYEES

LAX ITP

**Effective: July 1, 2013**

**Amendable Date: June 30, 2017**

Exhibit D - Page 43

ASIG – LAX: Fuelers
2013-2017

# A G R E E M E N T

WHEREAS the parties have been by negotiations and collective bargaining, reached a complete agreement on wages, hours of work, working conditions, and other related, negotiable subjects to be incorporated into a new Labor Agreement, which shall supersede all previous verbal and written agreements applicable to the employees in the bargaining unit defined herein which may have existed between the Employer and the Union.

THIS AGREEMENT made and entered into this 23rd day of May 2013 in accordance with the provisions of the Railway Labor Act by and between AIRCRAFT SERVICE INTERNATIONAL, INC., hereinafter referred to as "COMPANY" or "EMPLOYER" and TEAMSTERS LOCAL 986, an Affiliate of the International Brotherhood of Teamsters, hereinafter referred to as the "UNION", evidences the desire of the parties hereto to promote and maintain harmonious relations between the Company and its employees, as they are defined in Article I of this Agreement.

## ARTICLE I - RECOGNITION

The COMPANY recognizes the UNION as the sole collective bargaining agent for all maintenance and related employees, hereinafter referred to as "employees", of the COMPANY covered by this Agreement as listed in Appendix "A", excluding all other employees and supervisors as defined by applicable law.

## ARTICLE II - UNION SECURITY

It shall be a condition of employment that all employees of the EMPLOYER covered by this Agreement who are members of the UNION in good standing on the effective date of this Agreement shall remain members in good standing, and those who are not members on the date of execution of this Agreement shall, on or after the thirty-first (31st) day following the date of execution of the Agreement become and remain members in good standing in the UNION. It shall also be a condition of employment that all employees covered by this Agreement and hired on or after the effective date shall, on or after the thirty-first (31st) day following the beginning of such employment become and remain members in good standing in the UNION, This clause shall become effective on either the effective date or the execution date of this Agreement, whichever occurs later.

The UNION agrees that written notice shall be given to the COMPANY at least seventy-two (72) hours before any regular employee is to be removed from his employment by reason of his failure to maintain his membership in good standing in the UNION, in accordance with this Article.

1

ASIG – LAX: Fuelers
2013-2017

## ARTICLE III – PROBATIONARY PERIOD

All new employees shall be subject to a one hundred and twenty (120) calender days probationary period beginning at the date of their employment, wherein the Employer shall have the right to discharge for any reason whatsoever and without contest through the contractual grievance and arbitrator provision.

## ARTICLE IV - CHECK OFF

The COMPANY shall deduct from the first paycheck of each month and turn over to the UNION for the duration of this Agreement, initiation fees and/or dues of such members of the UNION as individually and voluntarily authorized in writing, such authorizations to comply-with applicable law.

## ARTICLE V - MANAGEMENT RIGHTS

The COMPANY and the UNION agree that the management of the business and the direction of the working forces and all management functions, rights, powers and authority, which the COMPANY has not specifically and expressly limited or abridged by a specific provision of this Agreement, are recognized by the UNION as being reserved and retained exclusively by the COMPANY.

## ARTICLE VI – UNION VISITS/STEWARD RIGHTS

It is agreed that the UNION representative of the UNION shall be admitted on the premises of the EMPLOYER to transact such business as is necessary in the interest of the UNION. It is understood that the UNION Representative will use good judgment and avoid unnecessary interference with work.

The Union may designate any number of Stewards; however the COMPANY will only recognize 1 per shift and the Chief Steward to discuss grievances. The Union will provide the COMPANY with a list of the Stewards it wishes to recognize.

## ARTICLE VII - GRIEVANCE AND ARBITRATION PROCEDURE

1.  For the purpose of this Agreement, the term "grievance" means any dispute between the COMPANY and the UNION or between the COMPANY and any employee of the COMPANY. The COMPANY shall have the right to discharge or discipline an employee for just cause.

2.  Any such grievance shall be settled in accordance with the following grievance procedure:

    ***STEP 1:***  No grievance shall be entertained or processed unless it is received by either party within 10 working days after occurrence of the event giving rise to the grievance or after the

2
Exhibit D - Page 45

ASIG – LAX: Fuelers
2013-2017

event, whichever is later. In the event any employee has a grievance, she/he shall report to the Steward during the work shift. The Steward and the aggrieved employee will discuss the employee's complaint and attempt to settle it orally with the employee's supervisor.

***STEP 2:*** In the event no satisfactory decision is arrived at between the supervisor, the employee and the Steward, within 3 days of the meeting. The Union may file a written grievance with the COMPANY within <u>Five (5)</u> days or it will be adjudged dissolved.

The Union's Business agent shall take the grievance up with the General Manager or a person designated by the General Manager, Such a meeting shall take place within 2 days of the request at a time and place mutually agreed upon between the parties. Within two (2) days of the meeting, the Company's representative shall render his/her decision to the Union's Business Representative in writing. If the UNION rejects the Company's answer, the grievance shall be submitted to arbitration as provided below.

3.      The Union's Business Representative and the Companies General Manager will seek an arbitrator through the American Arbitration Association process. The Decision of the arbitrator shall be final and binding to both parties to this agreement.

A. There shall be no appeal from the decision of the arbitrator by either the UNION or the COMPANY.

B. After the case has been referred to arbitration, it may be withdrawn by the submitting party at any time prior to the actual hearing before the arbitrator of settlement by mutual consent between the parties.

C. An employee who is discharged by the COMPANY and who disputes his/her discharge was for just cause shall have an affirmative duty to mitigate any potential damages which might result to the COMPANY in the event the discharged involved is subject to the Grievance and Arbitration procedure and an arbitrator overrule the discharge. In any dispute over the amount of back pay due an employee under an arbitration award, the arbitrator shall have no authority to award any back pay to that employee unless that employee has affirmatively proven by a preponderance of the evidence that the employee has fulfilled his/her duty to mitigate damages at all times since his/her discharge.

D. Regardless of the outcome of any matters submitted to arbitration, costs thereof shall be borne by the party requesting these additional services.

## ARTICLE VIII - HOLIDAYS

Full-time employees shall receive the following holidays:

    New Year's Day
    Washington's Birthday (Celebrated Third Monday in February)
    Good Friday

3
Exhibit D - Page 46

ASIG – LAX: Fuelers
2013-2017

Memorial Day (Celebrated Last Monday in May)
Independence Day Labor Day
Veterans Day
Thanksgiving Day Christmas Day

All Full-time employees covered by this Agreement who perform work requested by the COMPANY on a Named Holiday on the listed above, shall be paid double time and one-half (2-1/2x) for all hours worked.

Should any of the contractually listed holidays fall on a Sunday, the day observed by the station shall be considered as the scheduled holiday.

Only Employee hired before December 7, 2009 will be entitled to Veterans Day as a recognized Holiday in this agreement.

Two (2) Floating Holidays
- Floating Holidays are to be taken as time off from the employee's regularly scheduled shift.
- All full time employees have a Floating Holiday available on January 1" of each year of the Agreement and may use that day upon approval of management. The second Floating Holiday is available on July 1" of each year of the Agreement, and may be used at any time thereafter with the approval of Management. Employees with more than 3 years seniority will have both floating holidays available to use on January 1", each year of the agreement.
- During the first year of employment, all employees hired before July 1" will be entitled to two (2) Floating Holidays. All employees hired after July 1st will be entitled to one (1) Floating Holiday.
- There are no blackout periods for floating holidays.
- The number of available floating holidays taken at any one time is limited by the department manager in accordance with operational requirements.
- Floating holidays are granted on a first come basis.
- If a floating holiday is requested and denied, upon request by the employee will be paid in December of the year earned.
- Floating holidays not used may not be carried over for use in the next year, but will be paid out upon termination.
- Any employee, who is either a military veteran or is currently active in the military, may use his/her floating holiday on Veteran's Day (November 11th) in each year of this agreement.

If an employee has a pre-approved Floating Holiday scheduled, and is then required to work, the employee may designate the day worked as a holiday and be paid two times (2x) his regular pay or he may reschedule that day for a later date to be taken as time off from work. Floating Holidays approved 14 days in advance of the date to be taken may not be cancelled without the approval of the employee.

4
Exhibit D - Page 47

ASIG – LAX: Fuelers
2013-2017

In the event a Named holiday falls within a regular employee's vacation period, the regular employee shall receive his full vacation in addition to the holiday pay as herein before provided.

To be eligible for holiday pay an employee must:

a. Not have failed to report or perform scheduled work on the holiday after agreeing to work such holiday.
b. Have actually worked one (1) day during the period beginning seven (7) calendar days prior to the holiday and ending seven (7) calendar days following the holiday.

c. Have worked the last full scheduled workday preceding the holiday and the first full scheduled workday succeeding the holiday unless excused by the COMPANY.

### *ARTICLE IX - VACATIONS*

Full-time employees who have obtained full-time status prior to July 1, 2013 shall receive vacation based on the following schedule:

>After one (1) year of continuous service one (1) week
>
>After two (2) years of continuous service two (2) weeks
>
>After six (6) years of continuous service three (3) weeks
>
>After fifteen years of continuous service four (4) weeks

In the case of severance of employment after eighteen (18) months of service the employee shall be paid for vacation earned, prorated on the basis of one-twelfth (1/12) of two or three weeks' vacation, whichever applies, for each month or major fraction thereof worked since the anniversary date of his employment.

Payment of each week of vacation shall be for forty (40) hours at the applicable rate in effect at the time of vacation.

Vacations will, insofar as possible, be granted at times most desired by employees, but the right of allotment of any vacation period is reserved to the Company in order to insure the orderly operation of the business. No less than forty (40) vacation hours will be granted at any one time. But at the department managers sole discretion single vacation days may be approved.

Every November 15th the vacation bid process will start for the following year, for the vacation period January 1st through December 31st, Employees within departments will be given their choice for a vacation period in accordance with their classification seniority.

Vacation periods will be bid and awarded in the following manner: In each department, the department head will cause to be published by November 15th of each year a list showing

5
Exhibit D - Page 48

ASIG – LAX: Fuelers
2013-2017

employees in the department, their classification seniority, any known restrictions on vacation periods, and a selection chart showing all available vacation time. Starting on December 1st employees in the department will be contacted by the manager/supervisor, each employee in classification seniority order shall make a selection of their vacation choice.

After completion of the annual vacation bid award, any individual written requests for additional vacation will be considered on the basis of the date submitted, and should two (2) or more employees submit their request in the same day, the award shall be based upon seniority.

## ARTICLE X - SICK LEAVE

Full time Employees who have obtained full time status prior to July 1, 2013 will accrue one (1) day of sick leave for each month of service starting on the first day of the month after completing 30 days of service with the EMPLOYER, cumulative to a maximum of Eighty (80) days. Sick leave will be paid only for bona fide sickness or accident and may require the presentation of a doctor's certificate.

Employees with less than one (1) year seniority will have a waiting period of two (2) days for sick leave pay, except in cases of hospitalization. Those employees with more than one (1) year seniority will have no waiting period for sick leave pay

## ARTICLE XI - BEREAVEMENT

All employees shall be granted a leave of absence up to three (3) days; two (2) days will be paid by the COMPANY, there after accrued sick pay may be used upon request when such a leave is due to a death in the employee's immediate family.

The immediate family shall be defined as follows:

> a) father or mother,
> b) grandmother or grandfather;
> c) brother or sister,
> d) husband or wife,
> e) son or daughter.

An employee on such leave of absence may, at the employee's option receive up to five (5) days vacation pay while on leave by drawing from his accrued vacation benefit. Such payment shall be deducted from the employee's vacation pay at the time he received his scheduled vacation.

## ARTICLE XII - NON-DISCRIMINATION

a. The COMPANY and the UNION agree that there shall be no discrimination against any individual with respect to employment, benefits, terms, or conditions based upon age, sex,

ASIG – LAX: Fuelers
2013-2017

color, race, religion, sexual preference, disability or national origin, nor will the COMPANY interfere with, restrain or coerce any employee who, because of his/her membership therein, engages in lawful Union actives.

b. The COMPANY and the UNION recognized that they are required by law not to discriminate against any person with required to employment or UNION membership because of his race, religion, color, sex, national origin, ancestry, age, disability, veteran status, and any other characteristic protected by federal state or local law, and hereby declare their acceptance and support of such laws.

c. Any individual who feels he/she is being subject to sexual, ethnic and other forms of impermissible harassment or discrimination is encouraged to take his/her complaint to the General Manager or his/her designee for resolution first before seeking external remedies.

## ARTICLE XIII - SENIORITY

COMPANY seniority is the length of continuous service of the employee with the EMPLOYER from his most recent date of hire. No employee shall acquire any seniority until he has completed his probationary period. There shall be one hundred and twenty (120) calendar day probationary period before seniority applies. When the employee has completed his probationary period his seniority shall date from date of hire.

The EMPLOYER shall have the absolute right, in its discretion, to layoff, discharge or rehire any probationary employee.

Merit and ability being equal, seniority shall prevail and shall apply to layoffs or reduction in staff, vacations and shift assignments.

Seniority as herein used shall consist of the following factors:

a) Length of continuous service with the COMPANY,
b) Qualifications, ability and past performance,
c) An ability to perform the essential functions of the job.

When (b) and (c) are relatively equal, length of continuous service shall govern. Seniority shall be terminated by:

a) discharge,
b) voluntary quit,
c) failure to report for work within five (5) calendar days after COMPANY deposits written notice of recall from layoff addressed by Certified Mail, Return Receipt Requested, in the United States Post Office, unless an extension of time to so report for work has been granted by the COMPANY in writing.

7
Exhibit D - Page 50

ASIG – LAX: Fuelers
2013-2017

d) Employees not actively at work exceeding twelve (12) months for any reason may be terminated from the COMPANY.

The COMPANY will post on its bulletin board every three (3) months a list of all employees in the bargaining unit, showing their date of hire.

### ARTICLE XIV - SHIFT BIDDING

Subject to operational requirements of the Airport and/or Company customers, the COMPANY will provide for a general shift bid for employees by classification. The Company will provide for a general shift bid by June 1st of each year of this agreement. Unless there was an operationally required shift bid within three (3) months prior to June 1st.

Seniority shall prevail for all shift bidding. Notices of open shifts will be posted on the employees' bulletin board and must be bid within a seventy-two (72) hour time period. Shift bidding will be for one (1) shift only and all vacancies which result from a shift bid and change will be filled by the EMPLOYER. The Employer may fill the vacancy temporarily during the posting period.

The COMPANY will make every reasonable effort to give seventy-two (72) hours advance notice prior to a new shift bid.

### ARTICLE XV- WAGE RATES

The wage rates for all employees covered by this Agreement shall be as set forth in Appendix "A" attached hereto and made a part of this Agreement.

The EMPLOYER agrees that no employee covered by this Agreement who, prior to the date of this Agreement, was receiving more than the rate of wages designated in this Agreement or conditions better than those herein provided for the class of work in which he/she was engaged, shall suffer a reduction in the rate of wages or conditions of employment through the operation of or because of the adoption of this Agreement, and employees hired subsequent to the date of this Agreement will be governed by the terms and conditions provided herein.

The EMPLOYER agrees to respect the jurisdictional rules of the UNION, and shall not direct or require their employees or persons other than employees in the bargaining units here involved, to perform work which is in violation thereof. The EMPLOYER has the right, in any emergency situation, to permit and direct other employees not in the bargaining unit to perform work normally assigned to members of the UNION.

### ARTICLE XVI - HOURS OF WORK, FULL-TIME EMPLOYEES

1.   <u>Hours of Work:</u>   The full-time employees workweek shall consist of forty (40) hours spread over a seven (7) day period. The workday shall be considered to be eight (8) consecutive

ASIG – LAX: Fuelers
2013-2017

hours or ten (10) consecutive hours of service, exclusive of a one-half (1/2) hour lunch period. Two (2) or three (3) consecutive days of rest will be given.

2.   Overtime:   All full-time employees working over forty (40) hours during any workweek shall be paid at the rate of time and one-half (1-1/2) for all hours worked above 40 hours.

All full-time employees shall receive time and one-half (1-1/2) for all hours worked over eight (8) hours and/or ten (10) hours in a day, depending upon which workweek has been bid by that employee. All full-time employees shall receive double time (2X) for all hours worked over twelve (12) hours in a day.

A.   Those full-time employees working an eight (8) hour day will receive overtime pay at the rate of time and one-half (1-1/2) for all work performed on the sixth (6th) consecutive day worked and double time (2x) for all work performed on the seventh (7th) consecutive day worked in an employee's workweek except for that sixth (6th) and seventh (7th) consecutive day which falls in a week in which an employee has been absent. Those full-time employees working a ten (10) hour day will receive overtime pay at the rate of time and one-half (1-1/2) for all work performed on the fifth (5th) consecutive day worked and double time (2x) for all work performed on the sixth (6th) consecutive day worked and double time and one-half (2-1/2x) for seventh (7th) consecutive day worked in an Employee's workweek except for that fifth (5th), sixth (6th) and seventh (7th) consecutive day which falls in a week in which an employee has been absent.

B.   During a week in which employee is absent, he/she will be paid at the rate applicable to the consecutive days he/she works.

C.   For the purpose of schedule changes and/or shift bids the fifth (5), sixth (6th) and seventh (7th) day overtime rates will not apply,

3.   There shall be no pyramiding of overtime pay.

4.   All overtime shall be distributed among all employees on as equal a basis as is possible. The COMPANY will give advance notice to employees whenever possible. Whenever overtime is necessary to work late flights and the EMPLOYER is unable to schedule a sufficient number of employees to work the operation, the EMPLOYER will draft up from the bottom of the seniority list and those employees so named will be required to work.

6.   Minimum Day: Any full-time employee called and reporting for duty on any regularly scheduled workday shall be guaranteed a minimum of eight (8) consecutive hours of work exclusive of lunch time, which shall be one-half (1/2) hour. All employees called to work on overtime days or after regular hours, after they have clocked out and left the premises shall be guaranteed four (4) hours pay at the applicable rate. The COMPANY has the right to reduce the scheduled work hours of any employee on any workday due to canceled flights.

ASIG – LAX: Fuelers
2013-2017

7. The EMPLOYER shall give the employee seven (7) days' notice of shift change, except in case of emergency and when the COMPANY does not receive seven (7) days' notice of the change in conditions which leads to the change of shift.

8. An employee assigned to work in a higher classification shall receive the pay for higher classification for a minimum of one (1) hour and in the event that he works in a higher classification more than four (4) hours, he shall receive the rate for the higher classification for the entire day.

9. Notwithstanding the above provisions, the weekly guarantee shall not apply when the employer's business is closed as a result of an Act of God, Fire, or Airport closure.

### ARTICLE XVII - LEAVE OF ABSENCE

The COMPANY, in compliance with the federal Family Medical Leave Act (FMLA) and the State of California Family Rights Act (CFRA) and pregnancy leave laws (PDL) provides time off, without pay, for eligible employees:

- for the birth of a son or daughter, and to care for the newborn child;
- for the placement with the employee of a child for adoption for foster care, and to care for the newly placed child;
- to care for an immediate family member (spouse/registered domestic partner, child (up to 18 unless they are "incapable of self-care"), or parent but not a parent "in-law") with a serious health condition;
- when the employee is unable to work because of a serious health condition. (Serious health condition is defined in Regulation 29 CFR Part 825.114.);
- to an employee who is disabled on account of pregnancy or a pregnancy-related condition;
- to certain members of the Armed Forces and their family under specified conditions.

This section provides an overview of applicable laws; the COMPANY will comply with applicable laws even if they are not fully addressed in this section, and as they may be amended from time to time during the term of this Contract.

1. __Newborn or Newly Placed Child.__ Leave to care for a newborn child or for a newly placed child must conclude within 12 months after the birth or placement and may not be taken for intermittent periods of less than two weeks or on a reduced schedule, except that for baby bonding purposes, the COMPANY will grant a request for leave of less than two weeks' duration on any two occasions (unless the employee takes leave for her own serious health condition in connection with the birth of a child or for the serious health condition of the employee's newborn child). Spouses employed by the same employer are limited to a combined total of 12 workweeks, except if leave is taken for the employee's own serious health condition or for the serious health

ASIG – LAX: Fuelers
2013-2017

condition of his or her own child.

2.      12 Workweeks. The Company's FMLA/CFRA leave provides eligible employees upon their request to take unpaid leave for up to 12 workweeks in a "look-back" 12 month period if they meet the following qualifications. Likewise should the employee meet the following qualifications the COMPANY may place the employee on FMLA/CFRA: Employees eligible for the above must: be employed at least 12 months and, work at least 1,250 hours for ASIG in that 12 month period. Where more than one of the leave laws applies, the leaves will run concurrently to the maximum extent possible. Upon written request from the COMPANY to the employee to complete the FMLA "Request for FMLA" form, failure to do so my by the employee within 15 days waives his/her right to FMLA.

3.      Sick Leave or Vacation Time. Employees must use any paid sick leave on FMLA. Employees must use earned vacation time on FMLA. While on FMLA, the employee does not accrue vacation time.

4.      Health Benefits. While on FMLA, the employee is entitled to health benefits (employee is responsible for paying his or her portion of the monthly premium).

5.      Restoration of Job. The employee is generally entitled to be restored to the job occupied prior to the leave or an equivalent position. (Vacation and sick time are not accrued while on the FMLA, but will commence once reinstated to work).

6.      Worker's Compensation. FMLA and worker's compensation are concurrent provided the reason for the absence is due to a qualifying serious health condition.

7.      Foreseeable Leave. Where leave is "foreseeable" ASIG requires: 30 day advance notice via completion of a FMLA Request Form notice, and a certification from a health care provider. (Certification of Physician or practitioner forms and the FMLA Request Form may be obtained from your personnel Representative).

8.      Medical Certification. ASIG requires that medical certification by a health care provider within 15 days when leave is unforeseeable, Where the COMPANY was not made aware that an employee was absent for FMLA reasons and the employee wants the leave counted as FMLA leave, timely notice within two business days of returning to work that leave was taken for an FMLA qualifying reason must be given.

9.      Substance Abuse. Substance abuse may be covered where a stay in an inpatient treatment facility is required. However, absence because of the employee's use of the substance, without treatment, does not qualify for FMLA.

10.     Pregnancy Disability Leave. The Pregnancy Disability Leave (PDL) is for any period(s) of actual disability caused by an employee's pregnancy, childbirth or related medical conditions up

11
Exhibit D - Page 54

ASIG – LAX: Fuelers
2013-2017

to four months (or 88 work days for a full time employee) per pregnancy. The PDL does not need to be taken in one continuous period of time but can be taken on an as-needed basis. Time off needed for prenatal care, severe morning sickness, doctor-ordered bed rest, childbirth, and recovery from childbirth would all be covered by PDL. The employee requesting PDL must provide a certification from the employee's health care provider to support the leave request or a request for a transfer (if applicable and available). The certification should include the date on which the employee became disabled on account of pregnancy or the date of the medical advisability for the transfer, the probable duration of the disability or transfer need, and a statement that, due to the pregnancy disability, the employee is not able to work at all or to perform any one or more of the essential functions of the position without undue risk to the employee, the successful completion of the pregnancy or to other persons, or a statement that due to the employee's pregnancy a transfer is medically advisable.

11.     <u>Military Caregiver Leave.</u> An eligible employee who is a spouse, son, daughter, parent, or next of kin of a covered service member with a serious injury or illness may take up to a total of 26 workweeks of unpaid leave during a "single 12-month period" to care for the service member. A covered service member is a current member of the Armed Forces, including a member of the National Guard or Reserves, who is undergoing medical treatment, recuperation, or therapy, is otherwise in outpatient status, or is otherwise on the temporary disability retired list, for a serious injury or illness, and eligible employees for veterans undergoing medical treatment, recuperation or therapy for any injury or illness occurring in the line of duty or a veteran who is undergoing medical treatment, recuperation, or therapy for a serious injury or illness if the veteran was a member of the Armed Forces at any time during the period of 5 years preceding the date on which the veteran undergoes the medical treatment, recuperation, or therapy. Caregiver leave can last up to 26 weeks in a single 12-month period to care for the covered service member who has a "serious injury or illness." The "single 12month period" for leave to care for a covered service member with a serious injury or illness begins on the first day the employee takes leave for this reason and ends 12 months later, regardless of the 12 month period established by the employer for other types of FMLA leave. An eligible employee is limited to a combined total of 26 workweeks of leave for any FMLA qualifying reason during the "single 12-month period." (Only 12 of the 26 weeks total may be for a FMLA-qualifying reason other than to care for a covered service member.)

For a current member of the Armed Forces, a serious injury or illness is defined as an injury or illness that was incurred by the member in line of duty on active duty or that existed before the beginning of the member's active duty and aggravated by service in line of duty on active duty in the Armed Forces that my render the member medically unfit to perform the duties of the member's office, grade, rank, or rating. For a veteran, a serious injury or illness means a qualifying (as defined by the Secretary of Labor) injury or illness that was incurred in line of duty on active duty (or existed before the beginning of the member's active duty and was aggravated by service in line of duty on active duty in the Armed Forces) and that manifested itself before or after the member became a veteran.

ASIG – LAX: Fuelers
2013-2017

12.    <u>Military Exigency Leave.</u> An eligible employee may take up to a total of 12 workweeks of unpaid leave during the normal 12-month period established by the employer for FMLA leave for qualifying exigencies arising out of the fact that the employee's spouse, son, daughter, or parent is on active duty, or has been notified of an impending call or order to active duty, in support of a contingency operation. Qualifying exigency leave is available to family members of active duty service members, i.e., members of a regular component of the Armed Forces during deployment with the Armed Forces to a foreign country. For members of the reserve components of the Armed Forces (members of the U.S. National Guard and Reserves), it means during deployment of the member to a foreign country under a call or order to active duty under a provision of law referred to in section 101(a)(1 3)(B) of Title 10, United States Code.

<u>Qualifying exigencies include:</u>

Issues arising from a covered military member's short notice deployment (i.e., deployment on seven or less days of notice) for a period of seven days from the date of notification;

*   Military events and related activities, such as official ceremonies, programs, or events sponsored by the military or family support or assistance programs and informational briefings sponsored or promoted by the military, military service organizations, or the American Red Cross that are related to the active duty or call to active duty status of a covered military member;
*   Certain childcare and related activities arising from the active duty or call to active duty status of a covered military member, such as arranging for alternative childcare, providing childcare on a non-routine, urgent, immediate need basis, enrolling or transferring a child in a new school or day care facility, and attending certain meetings at a school or a day care facility if they are necessary due to circumstances arising from the active duty or call to active duty of the covered military member;
*   Making or updating financial and legal arrangements to address a covered military member's absence;
*   Attending counseling provided by someone other than a health care provider for oneself, the covered military member, or the child of the covered military member, the need for which arises from the active duty or call to active duty status of the covered military member;
*   Taking up to five days of leave to spend time with a covered military member who is on short-term temporary, rest and recuperation leave during deployment;
*   Attending to certain post-deployment activities, including attending arrival ceremonies, reintegration briefings and events, and other official ceremonies or programs sponsored by the military for a period of 90 days following the termination of the covered military member's active duty status, and addressing issues arising from the death of a covered military member;
*   Any other event that the employee and the COMPANY agree is a qualifying exigency.

Spouses employed by the COMPANY are limited to a combined total of 26 workweeks in a

13

ASIG – LAX: Fuelers
2013-2017

"single 12-month period" If the leave is to care for a covered service member with a serious injury or illness, and for the birth and care of a newborn child, for placement of a child for adoption or foster care, or to care for a parent who has a serious health condition.

FMLA leave may be taken intermittently whenever medically necessary to care for a covered service member with a serious injury or illness. FMLA leave also may be taken intermittently for a qualifying exigency arising out of the active duty status or call to active duty of a covered military member. When leave is needed for planned medical treatment, the employee must make a reasonable effort to schedule treatment so as not to unduly disrupt the COMPANY'S operation.

Under certain conditions, employees or the COMPANY may choose to "substitute" (run concurrently) accrued paid leave (such as sick or vacation leave) to cover some or all of the FMLA leave. An employee's ability to substitute accrued paid leave is determined by the terms and conditions of the Company's normal leave policy.

13.   <u>Employee Notice.</u> Employees seeking to use military caregiver leave must provide 30 days advance notice of the need to take FMLA leave for planned medical treatment for a serious injury or illness of a covered service member. If leave is foreseeable but 30 days advance notice is not practicable, the employee must provide notice as soon as practicable - generally, either the same or next business day. An employee must provide notice of the need for foreseeable leave due to a qualifying exigency as soon as practicable. When the need for military family leave is not foreseeable, the employee must provide notice to the employer as soon as practicable under the facts and circumstances of the particular case. Generally, it should be practicable to provide notice for unforeseeable leave within the time prescribed by the COMPANY'S usual and customary notice requirements.

## ARTICLE XVIII - SAFETY AND HEALTH PROVISIONS

The COMPANY shall make reasonable provisions for the safety and health of its employees during the hours of their employment, and all protective devices including earplugs or earmuffs as required, protective clothing and other equipment necessary to properly protect employees from injury shall be provided by the COMPANY.

<u>On The Job Injuries</u>

Any/all on-the-job injuries that are not an emergency or which do not require eminent medical attention, the effected employee will participate in the Company's "Priority Care 365 / ask a Nurse program". The Union and the Company agree that this program evaluates the emergency situation, provides immediate treatment information, provides self-care info for the affected worker, provides follow up care and aid if needed and increase worker satisfaction.

a) Once an employee reports an injury that is not an emergency or which does not require eminent medical attention to his/her Manager/Supervisor and the employee requires first

ASIG – LAX: Fuelers
2013-2017

aid as defined by OSHA 29 or CFA 1904.7 and then no further care is requested, there is no requirement to call PC 365 Nurse. The Employee will then need to utilize a Medical Refusal Form.

b) If the Employee needs or requests medical care, His/her Manager/Supervisor will contact Ask-a-Nurse at 800-665-0836. The Employee is required to speak with the Nurse. A Nurse will complete an initial medical assessment and derive at a disposition, self-care or medical care for the employee.

## ARTICLE XIX - UNIFORMS

The EMPLOYER shall furnish and maintain all uniforms which shall include the laundering thereof at no cost to the employee. The EMPLOYER will provide employees with a sufficient supply of gloves (once a month).

## ARTICLE XX - HEALTH AND WELFARE

Subject to the terms below as stated for all full time employees, the COMPANY will provide COMPANY health care coverage to all full-time employees, provided the employee submits enrollment paper work within the 6 month waiting period. Benefits are effective the first of the month following 6 months of continuous full-time employment.

The EMPLOYER shall furnish a Group Medical, Dental and Vision Plan for all full-time employees after six (6) months of continuous service.

Single coverage will be provided at no cost to the employee.  Employees who do not elect medical coverage will have their wages adjusted per the LWO medical allowance (except for topped out employees whose rates are set forth in Appendix A).  Employees electing family coverage will be required to pay for that portion of the premium that exceeds the healthcare allowance of the LWO.

LIFE INSURANCE:

The COMPANY will provide Life Insurance in the amount of ten thousand dollars ($10,000.00) for all full-time employees with more than three (3) years seniority and will provide Life Insurance in the amount of five thousand dollars ($5,000.00) for all full-time employees with less than three (3) years seniority but more than six (6) months seniority.

## ARTICLE XXI - 401 k

The COMPANY will provide to all eligible employees a 401K savings program. The COMPANY extends its 401K program to all eligible employees who satisfy all illegibility requirements as per the plan documents. The plan is subject to change by the COMPANY.

15

ASIG — LAX: Fuelers
2013-2017

## ARTICLE XXII - DRUG & ALCOHOL POLICY

Both the COMPANY and the Union agree to follow the companies Drug and Alcohol policy, and any future revisions. The COMPANY will meet and advise the UNION of any changes to the policy.

## ARTICLE XXIII - NO-STRIKE NO-LOCKOUT

During the life of this Agreement there shall be no strike, slowdown, sit-down, stay-in, boycott, Sympathy strike, picketing, work stoppage or any other type of interference of any kind, coercive or otherwise, with the Company's business by the Union, any of its officers or representatives, or any individual employee, and further, the Union will do everything in its power to prevent its members, officers, representatives, and employees, either individually or collectively, form participating in any unauthorized strike, work stoppage, slowdown or other activity aforementioned, including, but not limited to, publicly disavowing such action and ordering all such officers, representatives, employees, or members who participate in such unauthorized activity to cease and desist from the same immediately and to return to work, along with such other steps as may be necessary. The COMPANY may impose disciplinary measures. The COMPANY agrees not to lockout, or cause to be locked out and employee covered under the provisions of this agreement.

## ARTICLE XXIV – LIVING WAGE ORDINANCE (LWO) PERSONAL TIME

Part –time employees will be entitled to personal time off for a total of twelve (12) compensated days off per year based upon their average hours worked.

Full-time employees who obtain full-time status after July 1, 2013 will be entitled to fifteen (15) compensated days off per year only.

All accrued time not used will be paid upon termination.

## ARTICLE XXV - TERM OF AGREEMENT

This Agreement shall become effective as of July 1, 2013. It shall continue in full force and effect until and including June 30, 2017, and shall renew itself until each succeeding July 1st, thereafter, unless written notice of intended change may be served in accordance with Section 6, Title I of the Railway Labor Act, to be effective, as amended; and provided further that until said procedures are exhausted or until a new Collective Bargaining Agreement is entered into, whichever occurs sooner, all of the terms of this Agreement shall continue to be and remain in full force and effect. A Section 6 notice must be submitted at least ninety (90) but not more than one hundred fifty (150) days prior to July 1, 2017 or any July 1st, thereafter.

A) Any notice given under this section shall be deemed to be served when mailed, postage prepaid, certified mail, return receipt requested, to Aircraft Service International Group,

16

Exhibit D - Page 59

ASIO – LAX: Fuelers
2013-2017

201 S. Orange Avenue, Suite 1100, Orlando, Florida 32801.Attention: Vice President of Human Resources, for service upon the Company and when similarly mailed to the International Brotherhood of Teamsters, Local 986, 1198 Durfee Avenue, S. El Monte, California 91733, for service upon the Union. The date of receipt shown on the registered or certified mail return receipt shall be the controlling date for all purposes under this Agreement.

IN WITNESS WHEREOF, the parties hereto have set their hands and seal this 11th day of October, 2013.

**AIRCRAFT SERVICE INTERNATIONAL INC. LAX STATION #503**

By: _Nenecha Simmons_

Title: _Director of HR_

_____

_____

**GENERAL TEAMSTERS, AIRLINE, AEROSPACE AND ALLIED EMPLOYEES, WAREHOUSEMEN, DRIVERS, CONSTRUCTION, ROCK AND SAND, TEAMSTERS LOCAL 986**

By: _Cez Gupp_

Title: _National Coordinator IBT Airline Division_

DAVE ELMORE
BA Local 986

_Dave Elmore_

17

Exhibit D - Page 60

ASIG – LAX: Fuelers
2013-2017

# *Appendix "A"*

## *Wage scale*

**Full-Time Wages**
- $10.91 per hour in compliance with Living Wage Ordinance, subject to increase $4.76 based on election of benefits

**Part-Time Wages**
- $15.67 per hour

Non-topped out employees will receive LWO increases that occur through the life of the agreement.
Topped out employees will receive either the wage increase component of the LWO or 2.5% wage increase when such increases occur, whichever is less.

Top Out Rates
- Fueler                              $16.50
- Class "A" Fueler          $17.50
- Quality Control           $20.50

**18**
Exhibit D - Page 61

ASIG – LAX: Fuelers
2013-2017

## LABOR AGREEMENT
### between
### AIRCRAFT SERVICE INTERNATIONAL, INC. - LAX STATION #503
### and
### TEAMSTERS LOCAL #986
### Los Angeles International Airport

| | | |
|---|---|---|
| AGREEMENT | ............................................................................................ | 1 |
| ARTICLE I | RECOGNITION ................................................................... | 1 |
| ARTICLE II | UNION SECURITY ............................................................... | 1 |
| ARTICLE III | PROBATIONARY PERIOD .................................................... | 2 |
| ARTICLE IV | CHECK OFF ......................................................................... | 2 |
| ARTICLE V | MANAGEMENT RIGHTS ....................................................... | 2 |
| ARTICLE VI | UNION VISITS/STEWARD RIGHTS ......................................... | 2 |
| ARTICLE VII | GRIEVANCE AND ARBITRATION PROCEDURE ...................... | 2 |
| ARTICLE VIII | HOLIDAYS ........................................................................... | 3 |
| ARTICLE IX | VACATIONS ......................................................................... | 5 |
| ARTICLE X | SICK LEAVE ......................................................................... | 6 |
| ARTICLE XI | BEREAVEMENT ................................................................... | 6 |
| ARTICLE XII | NON-DISCRIMINATION ....................................................... | 6 |
| ARTICLE XIII | SENIORITY ........................................................................... | 7 |
| ARTICLE XIV | SHIFT BIDDING ................................................................... | 8 |
| ARTICLE XV | WAGE RATES ....................................................................... | 8 |
| ARTICLE XVI | HOURS OF WORK, FULL-TIME EMPLOYEES ......................... | 8 |
| ARTICLE XVII | LEAVE OF ABSENCE ............................................................. | 10 |

19

ASIG – LAX: Fuelers
2013-2017

ARTICLE XVIII     SAFETY AND HEALTH PROVISIONS ................................................. 14

ARTICLE XIX      UNIFORMS ............................................................................ 15

ARTICLE XX       HEALTH AND WELFARE ......................................................... 15

ARTICLE XXI      401 K .................................................................................... 15

ARTICLE XXII     DRUG AND ALCOHOL POLICY ................................................ 16

ARTICLE XXIII    NO STRIKE NO LOCKOUT ...................................................... 16

ARTICLE XXIV     LIVING WAGE ORDIANCE PERSONAL TIME ............................ 16

ARTCILE XXV      TERM OF AGREEMENT .......................................................... 16

SIGNATURE PAGE ............................................................................................. 17

APPENDIX "A" WAGE SCALE ............................................................................. 18

ASIG – LAX: Fuelers
2013-2017

### Letter of Understanding Regarding the Use of the Part-Time Employees

This letter will serve to set forth the Agreement reached by the parties regarding the use of part time employees by the Employer.    Specifically the parties agreed that the current percentage of Part–Time usage (as of March 1, 2013) shall be allowed to remain as a maximum provided business volume and conditions remain at the same level as of March 1, 2013.    If changes in business volume or business conditions warrant after March 1, 2013, an increase in Part-Time usage, the Employer will notify the union prior to implementing the change.

Finally, the Employer acknowledges that increased Part-Time employees will not be allowed simply to change a normal eight (8) hours shift into two (2) contiguous four (4) hour part-time shift.

21

Exhibit D - Page 64

21STCV26797

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Stephanie Bowick

Electronically FILED by Superior Court of California, County of Los Angeles on 07/21/2021 12:54 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

1　**MATERN LAW GROUP, PC**
　Matthew J. Matern (SBN 159798)
2　Email: mmatern@maternlawgroup.com
　Tagore O. Subramaniam (SBN 280126)
3　Email: tagore@maternlawgroup.com
　Max Sloves (SBN 217676)
4　Email: msloves@maternlawgroup.com
5　1230 Rosecrans Avenue, Suite 200
　Manhattan Beach, California 90266
6　Telephone: (310) 531-1900
　Facsimile: (310) 531-1901
7

8　Attorneys for Plaintiff DANNY LOPEZ
　individually, and on behalf of all other
9　aggrieved employees

10　　　　**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11　　　　　　**FOR THE COUNTY OF LOS ANGELES**

12

| | |
|---|---|
| DANNY LOPEZ, individually, and on behalf of all other aggrieved employees, | CASE NO.: 21STCV26797 |
| Plaintiff, | **COMPLAINT FOR VIOLATION OF THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004** |
| vs. | [California Labor Code § 2698, *et seq.*] |
| AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; AIR MENZIES INTERNATIONAL (USA), INC., a corporation; MENZIES AVIATION (USA), INC., a corporation; and DOES 1 through 50, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

1  PLAINTIFF DANNY LOPEZ ("PLAINTIFF"), individually and on behalf of all other

2  aggrieved employees, demanding a jury trial, hereby alleges as follows:

3  **INTRODUCTION**

4  1.    PLAINTIFF brings this action on behalf of himself and all other aggrieved

5  employees of Defendants AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; AIR

6  MENZIES INTERNATIONAL (USA), INC., a corporation; MENZIES AVIATION (USA), INC., a

7  corporation; and DOES 1 through 50 inclusive, (collectively, "DEFENDANTS") to recover

8  penalties arising from unpaid wages earned and due, including but not limited to unpaid and

9  illegally calculated overtime compensation, illegal meal and rest period policies, failure to pay all

10  wages due to discharged or quitting employees, failure to maintain required records, failure to

11  provide accurate itemized wage statements, failure to timely pay wages during employment,

12  failure to indemnify employees for necessary expenditures and/or losses incurred in discharging

13  their duties.

14  **JURISDICTION AND VENUE**

15  2.    The Superior Court of the State of California has jurisdiction in this matter because

16  PLAINTIFF is a resident of the State of California and DEFENDANTS are citizens and residents

17  of, and/or regularly conduct business in California.  Further, no federal question is at issue

18  because the claims are based solely on California law.

19  3.    Venue is proper in this judicial district and the County of LOS ANGELES,

20  California because PLAINTIFF and other aggrieved employees performed work for

21  DEFENDANTS in the County of LOS ANGELES and many of DEFENDANTS' unlawful

22  actions and omissions, as set forth herein, occurred in the County of LOS ANGELES.

23  **PARTIES**

24  4.    PLAINTIFF DANNY LOPEZ is a resident of the State of California.  At times

25  material to this complaint, PLAINTIFF was employed by DEFENDANTS as a non-exempt

26  employee within the State of California.

27  ///

28  ///

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

2                    REPRESENTATIVE ACTION COMPLAINT

5.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT AIRCRAFT SERVICE INTERNATIONAL, INC. is, and at all times relevant hereto was, a corporation authorized to conduct business in the State of California, and does conduct business in the State of California.  Specifically, upon information and belief, DEFENDANT AIRCRAFT SERVICE INTERNATIONAL, INC., maintains offices and conducts business in the County of LOS ANGELES, State of California.

6.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT AIR MENZIES INTERNATIONAL (USA), INC. is, and at all times relevant hereto was, a corporation authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT AIR MENZIES INTERNATIONAL (USA), INC. maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of LOS ANGELES, State of California.

7.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT MENZIES AVIATION (USA), INC. is, and at all times relevant hereto was, a corporation authorized to conduct business in the State of California, and does conduct business in the State of California.  Specifically, upon information and belief, DEFENDANT MENZIES AVIATION (USA), INC., maintains offices and conducts business in the County of LOS ANGELES, State of California.

8.     The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such defendants under fictitious names. PLAINTIFF is informed and believes, and thereon alleges, that each defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFF and other aggrieved employees' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE defendants.  PLAINTIFF will seek leave of the court to amend this complaint to allege the true names and capacities of such DOE defendants when ascertained.

9.     At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFF and other aggrieved employees.  PLAINTIFF is informed and believes, and thereon

1  alleges, that at all times material to this complaint DEFENDANTS were the alter egos, divisions,

2  affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities,

3  co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or

4  ostensible, of each other.  Each defendant was completely dominated by his, her, or its co-

5  defendant, and each was the alter ego of the other.

6        10.    At all relevant times herein, PLAINTIFF and other aggrieved employees were

7  employed by DEFENDANTS under employment agreements that were partly written, partly oral,

8  and partly implied.  In perpetrating the acts and omissions alleged herein, DEFENDANTS, and

9  each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying

10  PLAINTIFF and other aggrieved employees all wages earned and due, through methods and

11  schemes which include, but are not limited to, failing to pay overtime premiums; failing to

12  provide rest and meal periods; failing to properly maintain records; failing to provide accurate

13  itemized statements for each pay period; failing to timely pay wages during employment; failing

14  to properly compensate PLAINTIFF and other aggrieved employees for necessary expenditures;

15  and requiring, permitting or suffering the employees to work off the clock, in violation of the

16  California Labor Code ("Labor Code") and the applicable Industrial Welfare Commission

17  ("IWC") Wage Order.

18        11.    PLAINTIFF is informed and believes, and thereon alleges, that each and every one

19  of the acts and omissions alleged herein were performed by, and/or attributable to, all

20  DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control

21  of, each of the other DEFENDANTS, and that said acts and failures to act were within the course

22  and scope of said agency, employment and/or direction and control.

23        **PAGA REPRESENTATIVE ACTION ALLEGATIONS**

24        12.    Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"),

25  Labor Code §§ 2698-2699.5, PLAINTIFF brings this action on behalf of himself and all current

26  and former non-exempt aggrieved employees of DEFENDANTS in the State of California at any

27  time within the period beginning one (1) year and sixty five (65) days prior to the filing of this

28  action, and ending at the time this action settles or proceeds to final judgment ("PENALTY

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

4               REPRESENTATIVE ACTION COMPLAINT

PERIOD").

13.     Pursuant to Labor Code § 2699.3, PLAINTIFF gave written notice on February 11, 2021, by online submission to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to DEFENDANTS of the specific provisions of the Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations. PLAINTIFF has not received any response from the LWDA. As PLAINTIFF has waited more than sixty-five (65) days from the February 11, 2021 date of PLAINTIFF'S written notice before filing this action, PLAINTIFF has complied with all of the requirements set forth in Labor Code § 2699.3 to commence a representative action under PAGA.

## FACTUAL ALLEGATIONS

### Failure to Provide Required Meal Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 9-2001, § 11]

14.     During the PENALTY PERIOD, as part of DEFENDANTS' illegal policies and practices to deprive their current and former non-exempt employees of all wages earned and due, DEFENDANTS required, suffered or permitted PLAINTIFF and other aggrieved employees to take less than the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFF and other aggrieved employees pursuant to Labor Code §§ 226.7 and 512 and IWC Order No. 9-2001, § 11.

15.     DEFENDANTS further violated Labor Code §§ 226.7 and 512 and IWC Wage Order No. 9-2001, § 11 by failing to compensate PLAINTIFF and other aggrieved employees who were not provided with a meal period, in accordance with the applicable IWC Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

### Failure to Provide Required Rest Periods

### [Cal. Labor Code §§ 226.7; IWC Wage Order No. 9-2001, § 12]

16.     At all times relevant herein, as part of DEFENDANTS' illegal policies and practices to deprive their current and former non-exempt employees of all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and other aggrieved employees as

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

5                    REPRESENTATIVE ACTION COMPLAINT

ER_153

required under Labor Code § 226.7, and IWC Wage Order No. 9-2001, § 12.

17.     DEFENDANTS further violated Labor Code § 226.7 and IWC Wage Order No. 9-2001, § 12 by failing to pay PLAINTIFF and other aggrieved employees who were not provided with a rest period, in accordance with the applicable IWC Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

**Failure to Pay Overtime Wages**

**[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 9-2001, § 3]**

18.     Pursuant to Labor Code §§ 510 and 1194 and IWC Wage Order No. 9-2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and other aggrieved employees for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

19.     PLAINTIFF and other aggrieved employees are current and former non-exempt employees of DEFENDANTS entitled to the protections of Labor Code §§ 510 and 1194 and IWC Wage Order No. 9-2001.  During the PENALTY PERIOD, DEFENDANTS failed to compensate PLAINTIFF and other aggrieved employees for all overtime hours worked as required under the foregoing provisions of the Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by Labor Code §§ 510, 1194, and IWC Wage Order No. 9-2001, § 3; requiring, suffering or permitting PLAINTIFF and other aggrieved employees to work off the clock; requiring, permitting or suffering PLAINTIFF and other aggrieved employees to work through meal breaks; illegally and inaccurately recording time in which PLAINTIFF and other aggrieved employees worked; failing to properly maintain PLAINTIFF'S and other aggrieved employees' records; failing to provide accurate itemized wage statements to PLAINTIFF and other aggrieved employees for each pay period; and other methods to be discovered. DEFENDANTS further

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

6                    REPRESENTATIVE ACTION COMPLAINT

ER_154

violated PAGA by knowingly and willfully failing to perform their obligations to compensate PLAINTIFF and other aggrieved employees sick pay at one and one-half (1 ½) the regular rate of pay as required by Labor Code § 246.

20.     DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and other aggrieved employees for all wages earned and all hours worked in violation of Labor Code §§ 510, 1194 and 1198 and IWC Wage Order No. 9-2001, § 3.

**Failure to Pay Minimum Wages**

**[Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 9-2001, § 4]**

21.     Pursuant to California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 9-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

22.     During the PENALTY PERIOD and in violation of California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 9-2001, § 4, DEFENDANTS failed to pay PLAINTIFF and other aggrieved employees the applicable minimum wages for all hours worked in a payroll period by, among other things: requiring, suffering or permitting PLAINTIFF and other aggrieved employees to work off the clock; requiring, suffering or permitting PLAINTIFF and other aggrieved employees to work through meal breaks; illegally and inaccurately recording time in which PLAINTIFF and other aggrieved employees worked; failing to properly maintain PLAINTIFF's and other aggrieved employees' records; failing to provide accurate itemized wage statements to PLAINTIFF and other aggrieved employees for each pay period; and other methods to be discovered.

**Failure to Permit Employees to Inspect or Receive Copy of Records**

**[Cal Labor Code §§ 226(b), 226(c)]**

23.     Pursuant to Labor Code § 226, subdivision (a), all deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

24.     Pursuant to Labor Code § 226, subdivision (b), DEFENDANTS are required to keep and maintain information required by Labor Code § 226, subdivision (a), and must afford current and former employees the right to inspect or receive a copy of records pertaining to their employment, upon reasonable request to the employer.

25.     Pursuant to Labor Code § 226, subdivision (c), upon receipt of a written or oral request to inspect or receive a copy of records pursuant to subdivision (b) pertaining to a current or former employee, DEFENDANTS must comply with the request as soon as practicable but no later than 21 calendar days from the date of the request.

26.     During the PENALTY PERIOD and in violation of Labor Code § 226, DEFENDANTS knowingly and willfully failed to timely permit PLAINTIFF and other aggrieved employees, upon reasonable request, to inspect records described in Labor Code section 226, subdivision (b), that DEFENDANTS were required to maintain under subsection (a).

### Failure to Timely Pay Wages During Employment

### [Cal. Labor Code § 204]

27.     Pursuant to California Labor Code § 204, for all labor performed between the 1st and 15th days of any calendar month, DEFENDANTS are required to pay their nonexempt employees between the 16th and 26th day of the month during which the labor was performed. California Labor Code § 204 also provides that for all labor performed between the 16th and 26th days of any calendar month, DEFENDANTS are required to pay their nonexempt employees between the 1st and 10th day of the following calendar month.  In addition, California Labor Code § 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday of the next regular payroll period.

28.     During the PENALTY PERIOD, DEFENDANTS knowingly and willfully failed to timely pay PLAINTIFF and other aggrieved employees all the wages for labor performed by the next regular payroll period as required by California Labor Code § 204.

///

///

///

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

8                     REPRESENTATIVE ACTION COMPLAINT

ER_156

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**[Cal. Labor Code §§ 201, 202, 203]**

29.     Pursuant to Labor Code § 201, 202 and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged.  Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

30.     Furthermore, pursuant to Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

31.     Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

32.     During the PENALTY PERIOD and in violation of Labor Code §§ 201 and 202, DEFENDANTS willfully failed to timely pay accrued wages and other compensation to PLAINTIFF and other aggrieved employees who were discharged or quit his or her employment.

**Failure to Maintain Required Records**

**[Cal. Labor Code §§ 226(a), 1174(d); IWC Wage Order No. 9-2001, § 7]**

33.     During the PENALTY PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive PLAINTIFF and other aggrieved employees of all wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under Labor Code §§ 226(a) and 1174(d) and IWC Wage Order No. 9-2001, § 7, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized statements.

///

///

**Failure to Furnish Accurate Itemized Wage Statements**

**[Cal. Labor Code § 226(a); IWC Wage Order No. 9-2001, § 7]**

34.     During the PENALTY PERIOD, DEFENDANTS routinely failed and continue to fail to provide PLAINTIFF and other aggrieved employees with timely and accurate itemized wage statements in writing showing each employee's gross wages earned, total hours worked, the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, all deductions made, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and only the last four digits of his or her social security number or employee identification number, the name and address of the legal entity or entities employing PLAINTIFF and other aggrieved employees, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226(a) and IWC Wage Order No. 9-2001 § 7.

35.     During the PENALTY PERIOD, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFF and other aggrieved employees with timely and accurate itemized wage statements in accordance with Labor Code § 226(a).

36.     During the PENALTY PERIOD, PLAINTIFF and other aggrieved employees suffered injury as a result of DEFENDANTS' failure to provide timely and accurate itemized wage statements as PLAINTIFF and other aggrieved employees could not promptly and easily determine  from the wage statement alone one or more of the following:  the gross wages earned, the total hours worked, all deductions made, the net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and other aggrieved employees, and/or all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

**Failure to Indemnify for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

37.     Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

10                    REPRESENTATIVE ACTION COMPLAINT

ER_158

38.     During the PENALTY PERIOD, DEFENDANTS failed to indemnify PLAINTIFF and other aggrieved employees for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, in violation of Labor Code § 2802.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT**

**[Cal. Labor Code § 2698, *et seq.*]**

**(Against All DEFENDANTS)**

39.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 38

40.     PLAINTIFF is an "aggrieved employee" within the meaning of Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of himself and other current and former non-exempt employees of DEFENDANTS pursuant to the procedures specified in Labor Code § 2699.3, because PLAINTIFF is employed by DEFENDANTS and one or more of the alleged Labor Code violations was committed against PLAINTIFF during the PENALTY PERIOD.

41.     PLAINTIFF seeks to recover civil penalties through a representative action permitted by PAGA and the California Supreme Court in *Arias v. Superior Court* (2009) 46 Cal.4th 969.  Thus, class certification is not required.

42.     Pursuant to Labor Code §§ 2698-2699.5, PLAINTIFF seeks to recover civil penalties from DEFENDANTS in a representative action for the violations set forth above, including but not limited to violations of Labor Code §§ 201, 202, 203, 204, 226(a), 226(b), 226(c), 226.7, 510, 512, 1174(d), 1194, 1197, 1198, and 2802.

43.     Pursuant to Labor Code § 2699(a), PLAINTIFF seeks civil penalties for DEFENDANTS' violations of Labor Code provisions for which a civil penalty is specifically provided, including but not limited to the following:

    a.     Pursuant to Labor Code § 210, for violations of Labor Code § 204, DEFENDANTS are subject to a civil penalty in the amount of one hundred

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

11                    REPRESENTATIVE ACTION COMPLAINT

ER_159

dollars ($100) for the initial violation for each failure to pay each employee and two hundred dollars ($200) per employee for violations in subsequent pay periods.

b.     Pursuant to Labor Code § 226(f), for violations of Labor Code § 226(c), DEFENDANTS are subject to a civil penalty in the amount of seven hundred and fifty dollars ($750) per aggrieved employee for each failure to permit a current or former employee to inspect or receive a copy of records within 21 days of a reasonable request.

c.     Pursuant to Labor Code § 226.3, for violations of Labor Code § 226(a), DEFENDANTS are subject to a civil penalty in the amount of two hundred and fifty dollars ($250) per aggrieved employee for the initial pay period where a violation occurs and one thousand dollars ($1,000) per aggrieved employee for violations in subsequent pay periods.

d.     Pursuant to Labor Code § 558(a), "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission," including Labor Code §§ 510 and 512, shall be subject to a civil penalty, in addition to any other penalty provided by law, of fifty dollars ($50) for initial violations for each underpaid employee for each pay period for which the employee was underpaid and one hundred dollars ($100) for each subsequent violation for each underpaid employee for each pay period for which the employee was underpaid. In addition, PLAINTIFF seeks civil penalties in the amount sufficient to recover unpaid wages owed to aggrieved employees pursuant to Labor Code § 558(a).

e.     Pursuant to Labor Code § 1174.5, for violations of Labor Code § 1174(d), DEFENDANTS are subject to a civil penalty of five hundred dollars ($500).

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

12          REPRESENTATIVE ACTION COMPLAINT

ER_160

f. Pursuant to Labor Code § 1197.1, an employer who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission, shall be subject to a civil penalty as follows: for any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid; and for each subsequent violation of the same offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation was intentionally committed.

44. Labor Code § 2699(f) provides that for all Labor Code violations for which a civil penalty is not specifically provided, the following civil penalties are established: one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation. PLAINTIFF seeks such civil penalties under Labor Code § 2699(f) for DEFENDANTS' violations of Labor Code provisions for which a civil penalty is not specifically provided, including but not limited to Labor Code §§ 201, 202, 203, 226.7, 1194, 1197, 1198, and 2802.

45. PLAINTIFF additionally seeks reasonable attorney's fees and costs pursuant to Labor Code § 2699(g)(1).

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF, individually and on behalf of all other aggrieved employees, pray for relief against DEFENDANTS as follows:

1. For civil penalties according to proof, including but not limited to the amount of any unpaid wages of PLAINTIFF and other aggrieved employees and all penalties authorized by the Labor Code §§ 210, 226(f), 226.3, 558, 1174.5, 1197.1, and 2699(a) and (f);

2. For interest at the legal rate pursuant to Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

///

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

13

REPRESENTATIVE ACTION COMPLAINT

1

2       3.      For reasonable attorney's fees and costs pursuant to Labor Code § 2699(g) and/or

3  any other applicable provisions providing for attorney's fees and costs; and

4       4.      For such further relief that the Court may deem just and proper.

5

6

7  DATED: July 21, 2021                 Respectfully submitted,

8                         **MATERN LAW GROUP, PC**

9

10                 By: _____

11

12                      Matthew J. Matern
                         Tagore O. Subramaniam

13                      Max N. Sloves
                         Attorneys for Plaintiff DANNY LOPEZ,

14                      individually, and on behalf of all other
                       aggrieved employees

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14          REPRESENTATIVE ACTION COMPLAINT

1

**DEMAND FOR JURY TRIAL**

2

PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

3

DATED: July 21, 2021                    Respectfully submitted,

4

**MATERN LAW GROUP, PC**

5

By:

6

7

_____

8

Matthew J. Matern
Tagore O. Subramaniam
9           Max N. Sloves
Attorneys for Plaintiff DANNY LOPEZ
10          individually, and on behalf of other
aggrieved employees
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN

15                    REPRESENTATIVE ACTION COMPLAINT

ER_163

CHRISTOPHER WARD, CA Bar No. 238777
   cward@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE:  213.972.4500
FACSIMILE:   213.486.0065

KEVIN JACKSON, CA Bar No. 278169
   kjackson@foley.com
**FOLEY & LARDNER LLP**
11988 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130-2594
TELEPHONE:  858.847.6700
FACSIMILE:   858.792.6773

Attorneys for Defendants AIRCRAFT
SERVICE INTERNATIONAL, INC.
and MENZIES AVIATION (USA),
INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DANNY LOPEZ, individually, and on behalf of all other aggrieved employees,<br><br>                    Plaintiff,<br><br>          vs.<br><br>AIRCRAFT SERVICE INTERNATIONAL, INC., a corporation; AIR MENZIES INTERNATIONAL (USA), INC., a corporation; MENZIES AVIATION (USA), INC., a corporation; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No. 2:21-cv-07108-DMG-Ex<br><br>**NOTICE OF APPEAL FILED BY DEFENDANTS AIRCRAFT SERVICE INTERNATIONAL, INC. AND MENZIES AVIATION (USA), INC.** |

4856-508 -0999.1

NOTICE OF APPEAL
Case No. 2:21-cv-07108-DMG-Ex

Pursuant to Federal Rules of Appellate Procedure 3 and 4 and 9 U.S.C. Section 16(a)(1(B), notice is hereby given that defendants Aircraft Service International, Inc. and Menzies Aviation (USA), Inc.[1] (collectively, "Menzies"), in the above named case, hereby appeal to the United States Court of Appeals for the Ninth Circuit from the United States District Court for the Central District of California of its final minute order re motion to compel arbitration filed on December 9, 2022 (Dkt.   39), attached hereto as Exhibit 1, wherein the District Court denied Defendants' motion to compel arbitration brought pursuant to the Federal Arbitration Act. *See   ansen v.   M   Mortgage Services, Inc.*, 1 F.4th 667, 671 (9th Cir. 2021). The District Court then entered this final order on December 13, 2022 (a copy of the docket demonstrating such is attached as Exhibit 2). This Notice of Appeal is timely filed. A representation statement is also attached.

DATED: January 9, 2023

**FOLEY & LARDNER LLP**
Christopher Ward
Kevin Jackson

_s  Christopher    ard_
Christopher Ward

Attorneys for Defendants AIRCRAFT SERVICE INTERNATIONAL, INC. and MENZIES AVIATION (USA), INC.

---

[1] Named defendant "Air Menzies International (USA), Inc." is not an existent or proper entity and has no relationship to Plaintiff's employment with Menzies. It has not been served nor responded to the Complaint and has no valid involvement in this case.

NOTICE OF APPEAL
-1-    Case No. 2:21-cv-07108-DMG-Ex

## REPRESENTATION STATEMENT

**Plaintiff Danny Lope**

is represented by:

Matthew J. Matern, Esq.
Matthew W. Gordon, Esq.
Max N. Sloves, Esq.
Matern Law Group, PC
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Telephone: 310-531-1900
Email: mmatern@maternlawgroup.com
        tagore@maternlawgroup.com
        msloves@maternlawgroup.com


**Defendants Aircraft Service International, Inc. and Men ies Aviation (USA), Inc.**

is represented by:


Christopher Ward, Esq.
Foley    Lardner LLP
555 South Flower Street, Suite 3300
Los Angeles, CA 90071
Telephone: 213-972-4500
Email: cward@foley.com

Kevin Jackson, Esq.
Foley    Lardner LLP
11988 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: 858-846-6700
Email: kjackson@foley.com

NOTICE OF APPEAL
Case No. 2:21-cv-07108-DMG-Ex

4856-506 -0999.1

# EXHIBIT 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | | |
|---|---|---|---|---|
| Case No. | **CV 21-7108-DMG (Ex)** | | Date | December 9, 2022 |

| | | | |
|---|---|---|---|
| Title | ***Danny Lopez v. Aircraft Service International, Inc., et al.*** | Page | 1 of 4 |

Present: The Honorable     DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS—ORDER DENYING DEFENDANTS' MOTION TO
COMPEL ARBITRATION [29]**

On July 21, 2021, Plaintiff Danny Lopez filed a Complaint in Los Angeles County
Superior Court against Defendants Aircraft Service International, Inc. and Menzies Aviation
(USA), Inc., asserting a single claim under California's Private Attorneys General Act
("PAGA") for wage and hour violations.  Compl. [Doc. # 1-2.][1]  On September 2, 2021,
Defendants removed the action to this Court, invoking federal question jurisdiction on the basis
that portions of Lopez's claim are completely preempted by the Railway Labor Act, 45 U.S.C. §
151 *et seq*.  *See* Notice of Removal ¶¶ 5-25.

On April 7, 2022, the Court denied Defendants' motion to stay this action pending the
decision of the United States Supreme Court in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct.
1906 (2022), because Defendants had not shown that the *Moriana* decision would have any
impact on this case.  [Doc. # 28.]  The *Moriana* ruling issued on June 15, 2022.  Defendants now
move to compel arbitration of Lopez's claims.  [Doc. # 29.]  The motion to compel ("MTC") is
fully briefed.  [Doc. ## 34 ("Opp."), 36 ("Reply").]  Having carefully considered the parties'
written arguments, the Court **DENIES** the MTC.

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

Lopez worked for Menzies as a field technician in the fueling department at Los Angeles
International Airport ("LAX") from approximately December 2007 to April 2021.  Lopez Decl. ¶
3 [Doc. # 34-1]; *see also* Bazerkanian Decl. ¶ 4 [Doc. # 29-2].  His job included physically

---

[1] Plaintiff also named "Air Menzies International (USA), Inc." as a defendant.  Defendants maintain that
this entity does not exist.  Plaintiff does not appear to contest this, so for purposes of this motion, the Court
disregards this defendant.

---

Exhibit 1 - Page 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-7108-DMG (Ex) | | Date | December 9, 2022 |
|---|---|---|---|---|

| Title | ***Danny Lopez v. Aircraft Service International, Inc., et al.*** | Page | 2 of 4 |
|---|---|---|---|

adding fuel to passenger and cargo airplanes involved in both foreign and domestic interstate travel. Lopez Decl. ¶ 3.

Menzies has an Alternative Dispute Resolution ("ADR") Policy that covers "all disputes arising" between signing employees and Menzies, and refers such disputes to binding arbitration. Bazerkanian Decl., Ex. A [Doc. # 29-2]. The ADR Policy also prohibits employees "from joining or participating in a class action or as a collective action representative, or otherwise consolidating a covered claim with the claims of others." *Id*. at 6. Menzies contends that Lopez consented to the ADR Policy on June 28, 2019. Bazerkanian Decl. ¶ 4.

## II.
## LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that written arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 336 (2011). "The basic role for courts under the FAA is to determine '(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *Kilgore v. KeyBank Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (*en banc*) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).

Federal substantive law governs questions concerning the interpretation and enforceability of arbitration agreements. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22–24 (1983). Courts apply ordinary state law contract principles, however, "[w]hen deciding whether the parties agreed to arbitrate a certain matter." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). If an arbitration clause is not itself invalid under "generally applicable contract defenses, such as fraud, duress, or unconscionability," it must be enforced according to its terms. *Concepcion*, 563 U.S. at 339. In adjudicating whether parties have agreed to arbitrate, "district courts rely on the summary judgment standard of Rule 56 of the Federal Rules of Civil Procedure." *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021).

Exhibit 1 - Page 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-7108-DMG (Ex) | Date | December 9, 2022 |
|---|---|---|---|

| Title | ***Danny Lopez v. Aircraft Service International, Inc., et al.*** | Page | 3 of 4 |

**III.**
**DISCUSSION**

Defendants seek to compel arbitration of Lopez's PAGA claim. Lopez argues the motion should be denied because Lopez is exempt from the FAA pursuant to another recent Supreme Court decision, *Southwest Airlines Co. v. Saxon*, 142 S. Ct. 1793 (2022).[2]

**A.      Exemption Pursuant to *Saxon***

Lopez contends that, because he works in the fueling department of Menzies at LAX and routinely adds fuel to airplanes in interstate commerce, he is engaged in interstate commerce and thus is exempt from the FAA's requirements.

Section 1 of the FAA exempts "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce" from the Act's requirements. 9 U.S.C. § 1. In *Saxon*, the United States Supreme Court concluded that an airline employee who frequently loaded and unloaded cargo on airplanes was engaged in interstate commerce, and thus was exempt from the FAA. 142 S. Ct. at 1793. The Court declined to create a blanket rule that all airline employees were engaged in interstate commerce. *See* 142 S. Ct. at 1791. Still, the Court refused to limit the exemption to only those airline transportation workers who actually "ride aboard an airplane in interstate or foreign transit." *Id*. Instead, the Court held that the exception applies to "any class of workers directly involved in transporting goods across state or international borders." *Id*. at 1789. The Court focused its attention on the actual work performed by the employee in question. *Id*. at 1788.

Defendants do not contest Lopez's description of his work, or offer additional evidence about the nature of that work. Instead, they contend that Section 1 does not cover Lopez's work because Lopez does not handle *goods* in commerce. As the Court recognized in *Saxon*, the question of whether an employee works in interstate commerce may be difficult to answer "when the class of workers carries out duties further removed from the channels of interstate commerce or the actual crossing of borders." 142 S. Ct. at 1789 n.2 (citing *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904, 916 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1374 (2021)). For example, the Ninth Circuit has held that "last leg" delivery drivers fell within Section 1 and were therefore exempt from the FAA, even though these drivers undisputedly did not actually move goods between states. *See Rittmann*, 971 F.3d at 916. On the other hand, another court in this District, applying *Saxon*, has concluded that a truck mechanic was not exempt from the FAA because, even though

---

[2] Lopez also raises a number of other arguments. Because the Court concludes that the FAA does not apply under *Saxon*, the Court need not address these other arguments.

Exhibit 1 - Page 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-7108-DMG (Ex) | | Date | December 9, 2022 |
|---|---|---|---|---|

| Title | *Danny Lopez v. Aircraft Service International, Inc., et al.* | | Page | 4 of 4 |
|---|---|---|---|---|

his employer was "directly engaged in interstate commerce," the mechanic himself was only "perceptibly connected to the instrumentalities of commerce." *Holley-Gallegly v. TA Operating LLC*, No. ED CV 22-593-JGB (SHKx), 2022 WL 9959778, at *2-3 (C.D. Cal. Sept. 16, 2022) (quoting *Saxon*, 142 S. Ct. at 1791).

Although an employee who adds fuel to cargo planes is not literally moving goods (as the plaintiffs in *Saxon* and *Rittmann* did), he is closer both physically and temporally to the actual movement of goods between states than a truck mechanic who works on trucks that move goods in interstate commerce (as was the case in *Holley-Gallegly*). The Fifth Circuit has held "there can be no question" that employees who hauled fuel to planes that transported goods in interstate commerce were "engaged in commerce" for purposes of the Fair Labor Standards Act because their activities were "so closely related to [. . .] commerce as to be in practice and in legal contemplation a part of it." *See Wirtz v. B. B. Saxon Co.*, 365 F.2d 457, 461 (5th Cir. 1966). By contrast, the court held that employees who provided janitorial services in buildings that housed instrumentalities of commerce were not engaged in commerce. *Id.* at 462.

Applying similar logic as *Wirtz*, this Court concludes that the act of fueling cargo planes that carry goods in interstate commerce is "so closely related to interstate transportation as to be practically a part of it." *See Saxon*, 142 S. Ct. at 1789. Lopez, whose duties included physically adding fuel to planes, was directly involved in the transportation itself, not only the maintenance of the means by which goods were transported. The Court therefore concludes that Lopez is exempt from the requirements of the FAA pursuant to section 1.

**IV.**
**CONCLUSION**

In light of the foregoing, the Court **DENIES** Defendants' MTC.

**IT IS SO ORDERED.**

---

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk <u>KT</u> |
|---|---|---|

Exhibit 1 - Page 6

ER_171

# EXHIBIT 2

Query   Reports   Utilities   Help   Log Out

ACCO,(Ex),DISCOVERY,MJDAP_OUT

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:21-cv-07108-DMG-E

Danny Lopez v. Aircraft Service International, Inc. et al
Assigned to: Judge Dolly M. Gee
Referred to: Magistrate Judge Charles F. Eick
Demand: $2,000,000
Case in other court: Los Angeles Superior Court, 21STCV26797
Cause: 28:1441 Notice of Removal - Labor/Mgmnt. Relations

Date Filed: 09/02/2021
Jury Demand: Plaintiff
Nature of Suit: 740 Labor: Railway Labor Act
Jurisdiction: Federal Question

**Plaintiff**

**Danny Lopez**
*individually, and on behalf of all other aggrieved employees*

represented by **Matthew W Gordon**
Matern Law Group PC
1230 Rosecrans Avenue Suite 200
Manhattan Beach, CA 90266
310-531-1900
Fax: 310-531-1901
Email: mgordon@maternlawgroup.com
*ATTORNEY TO BE NOTICED*

**Matthew John Matern**
Matern Law Group PC
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
310-531-1900
Fax: 310-531-1901
Email: mmatern@maternlawgroup.com
*ATTORNEY TO BE NOTICED*

**Max Neal Sloves**
Matern Law Group, PC
1230 Rosecrans Ave.
Suite 200
Manhattan Beach, CA 90266
310-531-1900
Email: msloves@maternlawgroup.com
*ATTORNEY TO BE NOTICED*

**Tagore Subramaniam**
Matern Law Group PC
1230 Rosecrans Avenue Suite 200
Manhattan Beach, CA 90266
310-531-1900
Fax: 310-531-1901
Email: tagore@maternlawgroup.com
*TERMINATED: 12/13/2022*

V.

**Defendant**

| | | |
|---|---|---|
| **Aircraft Service International, Inc.** *a corporation* | represented by | **Kevin Phillip Jackson** Foley and Lardner LLP 555 Flower Street Suite 3300 Los Angeles, CA 90071 213-972-4500 Fax: 213-486-0065 Email: kjackson@foley.com *ATTORNEY TO BE NOTICED* |
| | | **Christopher Gary Ward** Foley and Lardner LLP 555 South Flower Street Suite 3300 Los Angeles, CA 90071-2411 213-972-4500 Fax: 213-486-0065 Email: cward@foley.com *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Air Menzies International (USA), Inc.** *a corporation* | represented by | **Kevin Phillip Jackson** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Christopher Gary Ward** (See above for address) *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Menzies Aviation (USA), Inc.** *a corporation* | represented by | **Kevin Phillip Jackson** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Christopher Gary Ward** (See above for address) *ATTORNEY TO BE NOTICED* |

**Defendant**

**Does**
*1 through 50, inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/02/2021 | 1 | NOTICE OF REMOVAL from Los Angeles County Superior Court, case number 21STCV26797 Receipt No: ACACDC-31924239 - Fee: $402, filed by Defendants Menzies Aviation (USA), Inc., Air Menzies International (USA), Inc., Aircraft Service International, Inc.. (Attachments: # 1 Declaration of Christopher Ward, # 2 Exhibit A to Ward Declaration, # 3 Exhibit B to Ward Declaration, # 4 Exhibit C to Ward Declaration, # 5 Exhibit D to Ward Declaration) (Attorney Christopher Gary Ward added to party Air Menzies International (USA), Inc.(pty:dft), Attorney Christopher Gary Ward added to |

Exhibit 2 - Page 7

ER_174

| | | party Aircraft Service International, Inc.(pty:dft), Attorney Christopher Gary Ward added to party Menzies Aviation (USA), Inc.(pty:dft))(Ward, Christopher) (Entered: 09/02/2021) |
|---|---|---|
| 09/02/2021 | 2 | CIVIL COVER SHEET filed by Defendants Air Menzies International (USA), Inc., Aircraft Service International, Inc., Menzies Aviation (USA), Inc.. (Ward, Christopher) (Entered: 09/02/2021) |
| 09/02/2021 | 3 | CORPORATE DISCLOSURE STATEMENT *and Certification and Notice of Interested Parties* filed by Defendants Air Menzies International (USA), Inc., Aircraft Service International, Inc., Menzies Aviation (USA), Inc identifying John Menzies, PLC as Corporate Parent. (Ward, Christopher) (Entered: 09/02/2021) |
| 09/02/2021 | 4 | PROOF OF SERVICE filed by Defendants Air Menzies International (USA), Inc., Aircraft Service International, Inc., Menzies Aviation (USA), Inc., re Notice of Removal (Attorney Civil Case Opening),, 1 , Civil Cover Sheet (CV-71) 2 , Corporate Disclosure Statement, 3 served on 09/02/2021. (Ward, Christopher) (Entered: 09/02/2021) |
| 09/02/2021 | | CONFORMED COPY OF COMPLAINT against defendants Air Menzies International (USA), Inc., Aircraft Service International, Inc., Does, Menzies Aviation (USA), Inc., Jury Demanded, filed by plaintiff Danny Lopez. (filed in state court 7/21/2021, submitted as document 1, attachment 2) (esa) (Entered: 09/03/2021) |
| 09/02/2021 | | CONFORMED COPY OF ANSWER to Complaint filed by defendants Air Menzies International (USA), Inc., Aircraft Service International, Inc., Menzies Aviation (USA), Inc. (filed in state court 9/1/2021, submitted as document 1, attachment 3)(esa) (Entered: 09/03/2021) |
| 09/03/2021 | 5 | NOTICE TO COUNSEL re Magistrate Judge Direct Assignment Program. This case has been randomly assigned to Magistrate Judge Alka Sagar. (Attachments: # 1 CV11C) (esa) (Entered: 09/03/2021) |
| 09/03/2021 | 6 | PROOF OF SERVICE filed by Defendants Air Menzies International (USA), Inc., Aircraft Service International, Inc., Menzies Aviation (USA), Inc., re Notice to Counsel (CV-20a) Magistrate Judge Direct Assignment Program - optional html form 5 served on 09/03/2021. (Ward, Christopher) (Entered: 09/03/2021) |
| 09/08/2021 | 7 | MINUTE (In Chambers) ORDER by Magistrate Judge Alka Sagar. This action has been assigned to the calendar of Magistrate Judge Alka Sagar under the Civil Consent Pilot Project. The parties are reminded to review the time requirements for consent set forth in the Notice to Counsel that was issued at the time of the filing of the complaint. Plaintiff is instructed to forthwith serve a copy of this Order on all parties that have already been served with the summons and complaint, or to serve all parties with a copy of this Order at the time of service of the summons and complaint. (hr) (Entered: 09/09/2021) |
| 09/09/2021 | 8 | DECLINED STATEMENT OF CONSENT TO PROCEED before the assigned Magistrate Judge filed by Defendants Air Menzies International (USA), Inc., Aircraft Service International, Inc., Menzies Aviation (USA), Inc.. (Ward, Christopher) (Entered: 09/09/2021) |
| 09/10/2021 | 9 | NOTICE OF REASSIGNMENT of MJDAP case from Magistrate Judge Alka Sagar to Judge Dolly M. Gee for all further proceedings. Any discovery matters that may be referred to a Magistrate Judge are assigned to U.S. Magistrate Judge Charles F. Eick. The case number will now reflect the initials of the transferee Judges 2:21-cv-07108 DMG(Ex). (rn) (Entered: 09/10/2021) |
| 09/17/2021 | 10 | MINUTES OF IN CHAMBERS - REASSIGNMENT OF CASE TO JUDGE GEE by Judge Dolly M. Gee: Please take notice that this action has been reassigned to the HONORABLE DOLLY M. GEE, United States District Judge, pursuant to the Order re |

| | | Reassign Pursuant to General Order 12-02 filed on 9/10/2021. The case number will now read CV 21-7108-DMG (Ex). Additional information about Judge Gee's procedures and schedules is available on the court's website at www.cacd.uscourts.gov. See document for further details. Court Reporter: Not Reported. (gk) (Entered: 09/17/2021) |
|---|---|---|
| 09/27/2021 | 11 | INITIAL STANDING ORDER upon filing of the complaint by Judge Dolly M. Gee. (kti) (Entered: 09/27/2021) |
| 09/27/2021 | 12 | SCHEDULING MEETING OF COUNSEL [Fed. R. Civ. P. 16, 26(f)] by Judge Dolly M. Gee. Rule 26 Meeting Report due by 10/29/2021. Scheduling Conference set for 11/12/2021 at 9:30 a.m. (See order for details.) (kti) (Entered: 09/27/2021) |
| 11/02/2021 | 13 | MINUTE ORDER IN CHAMBERS - ORDER TO SHOW CAUSE AND NOTICE TO ALL PARTIES by Judge Dolly M. Gee. IT IS HEREBY ORDERED that the parties show cause in writing no later than November 9, 2021, why sanctions should not be imposed for their failure to cooperate and participate with opposing counsel in a Rule 26(f) conference and for failure to file a Joint Rule 26(f) Report. The filing of a Joint Rule 26(f) Report by the deadline will be deemed a satisfactory response. Failure to timely respond to this Order to Show Cause will result in the dismissal of this action for lack of prosecution. The scheduling conference on November 12, 2012 is hereby VACATED and will be rescheduled if necessary. (lom) (Entered: 11/02/2021) |
| 11/02/2021 | 14 | JOINT REPORT Rule 26(f) Discovery Plan filed by Plaintiff Danny Lopez.. (Subramaniam, Tagore) (Entered: 11/02/2021) |
| 11/08/2021 | 15 | (IN CHAMBERS) ORDER by Judge Dolly M. Gee: On November 2, 2021, the Court received the parties' Joint Rule 26(f) Report 14 . As required by the Court's September 27, 2021 Order, counsel are required to file a Joint Rule 26(f) Report, attaching a worksheet (Exhibit A) 12 . To date, the worksheet has not been filed. The parties shall file their Joint Rule 26(f) Report, attaching the worksheet attached to the Court's September 27, 2021 Order, by no later than November 15. The deadline to the Order to Show Cause dated November 2, 2021 13 is extended to November 15, 2021. IT IS SO ORDERED. IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kti) TEXT ONLY ENTRY (Entered: 11/08/2021) |
| 11/15/2021 | 16 | JOINT REPORT Rule 26(f) Discovery Plan filed by Plaintiff Danny Lopez.. (Subramaniam, Tagore) (Entered: 11/15/2021) |
| 11/22/2021 | 17 | (IN CHAMBERS) ORDER by Judge Dolly M. Gee. Having received the parties' Joint Rule 26(f) Report with the worksheet 16 , the Court hereby discharges the Order to Show Cause dated November 2, 2021 13 . IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kti) TEXT ONLY ENTRY (Entered: 11/22/2021) |
| 11/29/2021 | 18 | ORDER/REFERRAL to ADR Procedure No 3 by Judge Dolly M. Gee. Case ordered to a private mediator based upon a stipulation of the parties or by the court order. ADR Proceeding to be held no later than 9/30/2022 (early mediation deadline); 5/30/22. Joint status report re settlement due 10/7/2022 (joint report re results of early mediation); 6/6/2022. (iv) (Entered: 11/29/2021) |
| 11/29/2021 | 19 | SCHEDULE OF PRETRIAL AND TRIAL DATES (JURY TRIAL) by Judge Dolly M. Gee. The Court deems a Scheduling Conference unnecessary and hereby vacates the hearing. Final Pretrial Conference set for 6/27/2023 at 2:00 PM before Judge Dolly M. Gee. Jury Trial set for 7/25/2023 at 8:30 AM before Judge Dolly M. Gee. (Attachments: # 1 Schedule of Pretrial and Trial Dates) (bm) (Entered: 11/30/2021) |
| 02/04/2022 | 20 | NOTICE OF MOTION AND MOTION to Stay Case *All Further Litigation* filed by Defendant Aircraft Service International, Inc., Menzies Aviation (USA), Inc.. Motion set |

| | | for hearing on 3/18/2022 at 09:30 AM before Judge Dolly M. Gee. (Attachments: # 1 Memorandum of Points and Authorities, # 2 Declaration of Talin Bazerkanian, # 3 Proposed Order) (Ward, Christopher) (Entered: 02/04/2022) |
|---|---|---|
| 02/07/2022 | 21 | Notice of Withdrawal of Motion to Stay Case, 20 filed by Defendants Aircraft Service International, Inc., Menzies Aviation (USA), Inc.. (Ward, Christopher) (Entered: 02/07/2022) |
| 03/08/2022 | 22 | NOTICE OF MOTION AND MOTION to Stay Case *All Further Litigation* filed by Defendants Air Menzies International (USA), Inc., Aircraft Service International, Inc., Menzies Aviation (USA), Inc.. Motion set for hearing on 4/8/2022 at 09:30 AM before Judge Dolly M. Gee. (Attachments: # 1 Memorandum of Points and Authorities, # 2 Declaration of Kevin Jackson, # 3 Declaration of Talin Bazerkanian, # 4 Proposed Order) (Ward, Christopher) (Entered: 03/08/2022) |
| 03/14/2022 | 23 | Notice of Appearance or Withdrawal of Counsel: for attorney Matthew W Gordon counsel for Plaintiff Danny Lopez. Adding Matthew W. Gordon as counsel of record for Plaintiff Danny Lopez for the reason indicated in the G-123 Notice. Filed by Plaintiff Danny Lopez. (Attorney Matthew W Gordon added to party Danny Lopez(pty:pla))(Gordon, Matthew) (Entered: 03/14/2022) |
| 03/14/2022 | 24 | NOTICE of Interested Parties filed by Plaintiff Danny Lopez, (Gordon, Matthew) (Entered: 03/14/2022) |
| 03/18/2022 | 25 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION to Stay Case *All Further Litigation* 22 filed by Plaintiff Danny Lopez. (Attachments: # 1 Declaration) (Sloves, Max) (Entered: 03/18/2022) |
| 03/25/2022 | 26 | REPLY in Support of NOTICE OF MOTION AND MOTION to Stay Case *All Further Litigation* 22 filed by Defendants Air Menzies International (USA), Inc., Aircraft Service International, Inc., Menzies Aviation (USA), Inc.. (Ward, Christopher) (Entered: 03/25/2022) |
| 04/05/2022 | 27 | (IN CHAMBERS) ORDER by Judge Dolly M. Gee. Defendants Aircraft Service International, Inc. and Menzies Aviation (USA), Inc.'s Motion to Stay All Further Litigation 22 hearing on April 8, 2022 shall take place by Zoom Videoconference ("Zoom") and the clerk shall email the video link to the parties. IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kti) TEXT ONLY ENTRY (Entered: 04/05/2022) |
| 04/07/2022 | 28 | MINUTES OF IN CHAMBERS - ORDER RE DEFENDANTS' MOTION TO STAY by Judge Dolly M. Gee: The Court DENIES Defendants' Motion to Stay 22 . The 4/8/2022 hearing is VACATED. See document for further details. Court Reporter: Not Reported. (gk) (Entered: 04/07/2022) |
| 07/14/2022 | 29 | NOTICE OF MOTION AND MOTION to Compel Arbitration filed by Defendants Aircraft Service International, Inc., Menzies Aviation (USA), Inc.. Motion set for hearing on 8/19/2022 at 09:30 AM before Judge Dolly M. Gee. (Attachments: # 1 Declaration of Kevin Jackson, # 2 Declaration of Talin Bazerkanian, # 3 Proposed Order) (Ward, Christopher) (Entered: 07/14/2022) |
| 07/18/2022 | 30 | [DOCUMENT STRICKEN PER RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN ELECTRONICALLY FILED DOCUMENTS ON 7/21/2022, SEE DOCKET NO. 32] Amended NOTICE OF MOTION AND MOTION to Compel Arbitration filed by Defendants Aircraft Service International, Inc., Menzies Aviation (USA), Inc.. Motion set for hearing on 8/26/2022 at 09:30 AM before Judge Dolly M. Gee. (Ward, Christopher) Modified on 7/22/2022 (gk). (Entered: 07/18/2022) |

| 07/20/2022 | 31 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Amended NOTICE OF MOTION AND MOTION to Compel Arbitration 30 . The following error(s) was/were found: Defendants must file an appropriate pleading for the judge's approval in order to continue the hearing date from 8/19/2022 to 8/26/2022. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (gk) (Entered: 07/20/2022) |
| --- | --- | --- |
| 07/21/2022 | 32 | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN ELECTRONICALLY FILED DOCUMENTS by Clerk RE: Defendants' Amended Notice of Hearing filed 7/18/2022 30 . The document is stricken. (gk) (Entered: 07/22/2022) |
| 07/29/2022 | 33 | STIPULATION to Continue Hearing on Motion to Compel Arbitration from 08/19/2022 to 08/26/2022 Re: NOTICE OF MOTION AND MOTION to Compel Arbitration 29 filed by Defendants Aircraft Service International, Inc., Menzies Aviation (USA), Inc.. (Attachments: # 1 Proposed Order)(Ward, Christopher) (Entered: 07/29/2022) |
| 07/29/2022 | 34 | PLAINTIFFS OPPOSITION TO AIRCRAFT SERVICE INTERNATIONAL, INC.S AND MENZIES AVIATION (USA), INC.S MOTION TO COMPEL ARBITRATION re: NOTICE OF MOTION AND MOTION to Compel Arbitration 29 filed by Plaintiff Danny Lopez. (Attachments: # 1 Declaration OF DANNY LOPEZ IN SUPPORT OF PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO COMPEL ARBITRATION)(Matern, Matthew) (Entered: 07/29/2022) |
| 08/01/2022 | 35 | ORDER CONTINUING HEARING ON MOTION TO COMPEL ARBITRATION by Judge Dolly M. Gee: Upon Stipulation 33 , the Court hereby continues the hearing date on Motion to Compel Arbitration 29 to 8/26/2022 at 09:30 AM before Judge Dolly M. Gee. Defendants' reply brief shall be due to be filed in accordance with the new hearing date, pursuant to Local Rule 7-11. (gk) (Entered: 08/02/2022) |
| 08/12/2022 | 36 | REPLY in Support of NOTICE OF MOTION AND MOTION to Compel Arbitration 29 filed by Defendants Aircraft Service International, Inc., Menzies Aviation (USA), Inc.. (Attachments: # 1 Declaration Supplemental Declaration of Talin Bazerkanian)(Ward, Christopher) (Entered: 08/12/2022) |
| 08/24/2022 | 37 | (IN CHAMBERS) ORDER by Judge Dolly M. Gee: The Court finds that Defendants Aircraft Service International, Inc. and Menzies Aviation (USA), Inc.'s Motion to Compel Arbitration 29 30 presently scheduled for hearing on August 26, 2022, is appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. L.R. 7-15. Accordingly, the motion is taken UNDER SUBMISSION and the hearing is vacated. IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kti) TEXT ONLY ENTRY (Entered: 08/24/2022) |
| 09/07/2022 | 38 | STATUS REPORT *Joint Status Report* filed by Plaintiff Danny Lopez. (Sloves, Max) (Entered: 09/07/2022) |
| 12/09/2022 | 39 | MINUTES OF IN CHAMBERS - ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION 29 by Judge Dolly M. Gee. See document for details. Court Reporter: Not Reported. (gk) (Entered: 12/13/2022) |
| 12/13/2022 | 40 | Notice of Appearance or Withdrawal of Counsel: for attorney Matthew W Gordon counsel for Plaintiff Danny Lopez. Tagore O. Subramaniam is no longer counsel of record for the aforementioned party in this case for the reason indicated in the G-123 Notice. Filed by Plaintiff Danny Lopez. (Gordon, Matthew) (Entered: 12/13/2022) |

ACCO,(Ex),APPEAL,DISCOVERY,MJDAP_OUT,STAYED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
# CIVIL DOCKET FOR CASE #: 2:21-cv-07108-DMG-E

| | |
|---|---|
| Danny Lopez v. Aircraft Service International, Inc. et al | Date Filed: 09/02/2021 |
| Assigned to: Judge Dolly M. Gee | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Charles F. Eick | Nature of Suit: 740 Labor: Railway Labor |
| Demand: $2,000,000 | Act |
| Case in other court: Los Angeles Superior Court, 21STCV26797 | Jurisdiction: Federal Question |
| Ninth CCA, 23-55015 | |
| Cause: 28:1441 Notice of Removal - Labor/Mgmnt. Relations | |

**Plaintiff**

| | | |
|---|---|---|
| **Danny Lopez** | represented by | **Matthew W Gordon** |
| *individually, and on behalf of all other* | | Matern Law Group PC |
| *aggrieved employees* | | 1230 Rosecrans Avenue Suite 200 |
| | | Manhattan Beach, CA 90266 |
| | | 310-531-1900 |
| | | Fax: 310-531-1901 |
| | | Email: mgordon@maternlawgroup.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Matthew John Matern** |
| | | Matern Law Group PC |
| | | 1230 Rosecrans Avenue, Suite 200 |
| | | Manhattan Beach, CA 90266 |
| | | 310-531-1900 |
| | | Fax: 310-531-1901 |
| | | Email: mmatern@maternlawgroup.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Max Neal Sloves** |
| | | Matern Law Group, PC |
| | | 1230 Rosecrans Ave. |
| | | Suite 200 |
| | | Manhattan Beach, CA 90266 |
| | | 310-531-1900 |
| | | Email: msloves@maternlawgroup.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Tagore Olivier Subramaniam** |
| | | Momentum Adr |
| | | 2904 Beach Avenue |
| | | Venice, CA 90291 |
| | | 323-397-0104 |
| | | Email: tagore@momentumadr.com |
| | | *TERMINATED: 12/13/2022* |

V.

**Defendant**

**Aircraft Service International, Inc.**
*a corporation*

represented by **Kevin Phillip Jackson**
Foley and Lardner LLP
555 Flower Street Suite 3300
Los Angeles, CA 90071
213-972-4500
Fax: 213-486-0065
Email: kjackson@foley.com
*ATTORNEY TO BE NOTICED*

**Christopher Gary Ward**
Foley and Lardner LLP
555 South Flower Street Suite 3300
Los Angeles, CA 90071-2411
213-972-4500
Fax: 213-486-0065
Email: cward@foley.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Air Menzies International (USA), Inc.**
*a corporation*

represented by **Kevin Phillip Jackson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher Gary Ward**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Menzies Aviation (USA), Inc.**
*a corporation*

represented by **Kevin Phillip Jackson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher Gary Ward**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does**
*1 through 50, inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/02/2021 | 1 | NOTICE OF REMOVAL from Los Angeles County Superior Court, case number 21STCV26797 Receipt No: ACACDC-31924239 - Fee: $402, filed by Defendants Menzies Aviation (USA), Inc., Air Menzies International (USA), Inc., Aircraft Service International, Inc.. (Attachments: # 1 Declaration of Christopher Ward, # 2 Exhibit A to Ward Declaration, # 3 Exhibit B to Ward Declaration, # 4 Exhibit C to Ward Declaration, # 5 Exhibit D to Ward Declaration) (Attorney Christopher Gary Ward added to party Air Menzies International (USA), Inc.(pty:dft), Attorney Christopher Gary Ward added to |

| | | |
|---|---|---|
| | | party Aircraft Service International, Inc.(pty:dft), Attorney Christopher Gary Ward added to party Menzies Aviation (USA), Inc.(pty:dft))(Ward, Christopher) (Entered: 09/02/2021) |
| 09/02/2021 | 2 | CIVIL COVER SHEET filed by Defendants Air Menzies International (USA), Inc., Aircraft Service International, Inc., Menzies Aviation (USA), Inc.. (Ward, Christopher) (Entered: 09/02/2021) |
| 09/02/2021 | 3 | CORPORATE DISCLOSURE STATEMENT *and Certification and Notice of Interested Parties* filed by Defendants Air Menzies International (USA), Inc., Aircraft Service International, Inc., Menzies Aviation (USA), Inc. identifying John Menzies, PLC as Corporate Parent. (Ward, Christopher) (Entered: 09/02/2021) |
| 09/02/2021 | 4 | PROOF OF SERVICE filed by Defendants Air Menzies International (USA), Inc., Aircraft Service International, Inc., Menzies Aviation (USA), Inc., re Notice of Removal (Attorney Civil Case Opening),, 1 , Civil Cover Sheet (CV-71) 2 , Corporate Disclosure Statement, 3 served on 09/02/2021. (Ward, Christopher) (Entered: 09/02/2021) |
| 09/02/2021 | | CONFORMED COPY OF COMPLAINT against defendants Air Menzies International (USA), Inc., Aircraft Service International, Inc., Does, Menzies Aviation (USA), Inc., Jury Demanded, filed by plaintiff Danny Lopez. (filed in state court 7/21/2021, submitted as document 1, attachment 2) (esa) (Entered: 09/03/2021) |
| 09/02/2021 | | CONFORMED COPY OF ANSWER to Complaint filed by defendants Air Menzies International (USA), Inc., Aircraft Service International, Inc., Menzies Aviation (USA), Inc. (filed in state court 9/1/2021, submitted as document 1, attachment 3)(esa) (Entered: 09/03/2021) |
| 09/03/2021 | 5 | NOTICE TO COUNSEL re Magistrate Judge Direct Assignment Program. This case has been randomly assigned to Magistrate Judge Alka Sagar. (Attachments: # 1 CV11C) (esa) (Entered: 09/03/2021) |
| 09/03/2021 | 6 | PROOF OF SERVICE filed by Defendants Air Menzies International (USA), Inc., Aircraft Service International, Inc., Menzies Aviation (USA), Inc., re Notice to Counsel (CV-20a) Magistrate Judge Direct Assignment Program - optional html form 5 served on 09/03/2021. (Ward, Christopher) (Entered: 09/03/2021) |
| 09/08/2021 | 7 | MINUTE (In Chambers) ORDER by Magistrate Judge Alka Sagar. This action has been assigned to the calendar of Magistrate Judge Alka Sagar under the Civil Consent Pilot Project. The parties are reminded to review the time requirements for consent set forth in the Notice to Counsel that was issued at the time of the filing of the complaint. Plaintiff is instructed to forthwith serve a copy of this Order on all parties that have already been served with the summons and complaint, or to serve all parties with a copy of this Order at the time of service of the summons and complaint. (hr) (Entered: 09/09/2021) |
| 09/09/2021 | 8 | DECLINED STATEMENT OF CONSENT TO PROCEED before the assigned Magistrate Judge filed by Defendants Air Menzies International (USA), Inc., Aircraft Service International, Inc., Menzies Aviation (USA), Inc.. (Ward, Christopher) (Entered: 09/09/2021) |
| 09/10/2021 | 9 | NOTICE OF REASSIGNMENT of MJDAP case from Magistrate Judge Alka Sagar to Judge Dolly M. Gee for all further proceedings. Any discovery matters that may be referred to a Magistrate Judge are assigned to U.S. Magistrate Judge Charles F. Eick. The case number will now reflect the initials of the transferee Judges 2:21-cv-07108 DMG(Ex). (rn) (Entered: 09/10/2021) |
| 09/17/2021 | 10 | MINUTES OF IN CHAMBERS - REASSIGNMENT OF CASE TO JUDGE GEE by Judge Dolly M. Gee: Please take notice that this action has been reassigned to the HONORABLE DOLLY M. GEE, United States District Judge, pursuant to the Order re |

| | | |
|---|---|---|
| | | Reassign Pursuant to General Order 12-02 filed on 9/10/2021. The case number will now read CV 21-7108-DMG (Ex). Additional information about Judge Gee's procedures and schedules is available on the court's website at www.cacd.uscourts.gov. See document for further details. Court Reporter: Not Reported. (gk) (Entered: 09/17/2021) |
| 09/27/2021 | 11 | INITIAL STANDING ORDER upon filing of the complaint by Judge Dolly M. Gee. (kti) (Entered: 09/27/2021) |
| 09/27/2021 | 12 | SCHEDULING MEETING OF COUNSEL [Fed. R. Civ. P. 16, 26(f)] by Judge Dolly M. Gee. Rule 26 Meeting Report due by 10/29/2021. Scheduling Conference set for 11/12/2021 at 9:30 a.m. (See order for details.) (kti) (Entered: 09/27/2021) |
| 11/02/2021 | 13 | MINUTE ORDER IN CHAMBERS - ORDER TO SHOW CAUSE AND NOTICE TO ALL PARTIES by Judge Dolly M. Gee. IT IS HEREBY ORDERED that the parties show cause in writing no later than November 9, 2021, why sanctions should not be imposed for their failure to cooperate and participate with opposing counsel in a Rule 26(f) conference and for failure to file a Joint Rule 26(f) Report. The filing of a Joint Rule 26(f) Report by the deadline will be deemed a satisfactory response. Failure to timely respond to this Order to Show Cause will result in the dismissal of this action for lack of prosecution. The scheduling conference on November 12, 2012 is hereby VACATED and will be rescheduled if necessary. (lom) (Entered: 11/02/2021) |
| 11/02/2021 | 14 | JOINT REPORT Rule 26(f) Discovery Plan filed by Plaintiff Danny Lopez.. (Subramaniam, Tagore) (Entered: 11/02/2021) |
| 11/08/2021 | 15 | (IN CHAMBERS) ORDER by Judge Dolly M. Gee: On November 2, 2021, the Court received the parties' Joint Rule 26(f) Report 14 . As required by the Court's September 27, 2021 Order, counsel are required to file a Joint Rule 26(f) Report, attaching a worksheet (Exhibit A) 12 . To date, the worksheet has not been filed. The parties shall file their Joint Rule 26(f) Report, attaching the worksheet attached to the Court's September 27, 2021 Order, by no later than November 15. The deadline to the Order to Show Cause dated November 2, 2021 13 is extended to November 15, 2021. IT IS SO ORDERED. IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kti) TEXT ONLY ENTRY (Entered: 11/08/2021) |
| 11/15/2021 | 16 | JOINT REPORT Rule 26(f) Discovery Plan filed by Plaintiff Danny Lopez.. (Subramaniam, Tagore) (Entered: 11/15/2021) |
| 11/22/2021 | 17 | (IN CHAMBERS) ORDER by Judge Dolly M. Gee. Having received the parties' Joint Rule 26(f) Report with the worksheet 16 , the Court hereby discharges the Order to Show Cause dated November 2, 2021 13 . IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kti) TEXT ONLY ENTRY (Entered: 11/22/2021) |
| 11/29/2021 | 18 | ORDER/REFERRAL to ADR Procedure No 3 by Judge Dolly M. Gee. Case ordered to a private mediator based upon a stipulation of the parties or by the court order. ADR Proceeding to be held no later than 9/30/2022 (early mediation deadline); 5/30/22. Joint status report re settlement due 10/7/2022 (joint report re results of early mediation); 6/6/2022. (iv) (Entered: 11/29/2021) |
| 11/29/2021 | 19 | SCHEDULE OF PRETRIAL AND TRIAL DATES (JURY TRIAL) by Judge Dolly M. Gee. The Court deems a Scheduling Conference unnecessary and hereby vacates the hearing. Final Pretrial Conference set for 6/27/2023 at 2:00 PM before Judge Dolly M. Gee. Jury Trial set for 7/25/2023 at 8:30 AM before Judge Dolly M. Gee. (Attachments: # 1 Schedule of Pretrial and Trial Dates) (bm) (Entered: 11/30/2021) |
| 02/04/2022 | 20 | NOTICE OF MOTION AND MOTION to Stay Case *All Further Litigation* filed by Defendant Aircraft Service International, Inc., Menzies Aviation (USA), Inc.. Motion set |

| | | |
|---|---|---|
| | | for hearing on 3/18/2022 at 09:30 AM before Judge Dolly M. Gee. (Attachments: # 1 Memorandum of Points and Authorities, # 2 Declaration of Talin Bazerkanian, # 3 Proposed Order) (Ward, Christopher) (Entered: 02/04/2022) |
| 02/07/2022 | 21 | Notice of Withdrawal of Motion to Stay Case, 20 filed by Defendants Aircraft Service International, Inc., Menzies Aviation (USA), Inc.. (Ward, Christopher) (Entered: 02/07/2022) |
| 03/08/2022 | 22 | NOTICE OF MOTION AND MOTION to Stay Case *All Further Litigation* filed by Defendants Air Menzies International (USA), Inc., Aircraft Service International, Inc., Menzies Aviation (USA), Inc.. Motion set for hearing on 4/8/2022 at 09:30 AM before Judge Dolly M. Gee. (Attachments: # 1 Memorandum of Points and Authorities, # 2 Declaration of Kevin Jackson, # 3 Declaration of Talin Bazerkanian, # 4 Proposed Order) (Ward, Christopher) (Entered: 03/08/2022) |
| 03/14/2022 | 23 | Notice of Appearance or Withdrawal of Counsel: for attorney Matthew W Gordon counsel for Plaintiff Danny Lopez. Adding Matthew W. Gordon as counsel of record for Plaintiff Danny Lopez for the reason indicated in the G-123 Notice. Filed by Plaintiff Danny Lopez. (Attorney Matthew W Gordon added to party Danny Lopez(pty:pla))(Gordon, Matthew) (Entered: 03/14/2022) |
| 03/14/2022 | 24 | NOTICE of Interested Parties filed by Plaintiff Danny Lopez, (Gordon, Matthew) (Entered: 03/14/2022) |
| 03/18/2022 | 25 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION to Stay Case *All Further Litigation* 22 filed by Plaintiff Danny Lopez. (Attachments: # 1 Declaration) (Sloves, Max) (Entered: 03/18/2022) |
| 03/25/2022 | 26 | REPLY in Support of NOTICE OF MOTION AND MOTION to Stay Case *All Further Litigation* 22 filed by Defendants Air Menzies International (USA), Inc., Aircraft Service International, Inc., Menzies Aviation (USA), Inc.. (Ward, Christopher) (Entered: 03/25/2022) |
| 04/05/2022 | 27 | (IN CHAMBERS) ORDER by Judge Dolly M. Gee. Defendants Aircraft Service International, Inc. and Menzies Aviation (USA), Inc.'s Motion to Stay All Further Litigation 22 hearing on April 8, 2022 shall take place by Zoom Videoconference ("Zoom") and the clerk shall email the video link to the parties. IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kti) TEXT ONLY ENTRY (Entered: 04/05/2022) |
| 04/07/2022 | 28 | MINUTES OF IN CHAMBERS - ORDER RE DEFENDANTS' MOTION TO STAY by Judge Dolly M. Gee: The Court DENIES Defendants' Motion to Stay 22 . The 4/8/2022 hearing is VACATED. See document for further details. Court Reporter: Not Reported. (gk) (Entered: 04/07/2022) |
| 07/14/2022 | 29 | NOTICE OF MOTION AND MOTION to Compel Arbitration filed by Defendants Aircraft Service International, Inc., Menzies Aviation (USA), Inc.. Motion set for hearing on 8/19/2022 at 09:30 AM before Judge Dolly M. Gee. (Attachments: # 1 Declaration of Kevin Jackson, # 2 Declaration of Talin Bazerkanian, # 3 Proposed Order) (Ward, Christopher) (Entered: 07/14/2022) |
| 07/18/2022 | 30 | [DOCUMENT STRICKEN PER RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN ELECTRONICALLY FILED DOCUMENTS ON 7/21/2022, SEE DOCKET NO. 32] Amended NOTICE OF MOTION AND MOTION to Compel Arbitration filed by Defendants Aircraft Service International, Inc., Menzies Aviation (USA), Inc.. Motion set for hearing on 8/26/2022 at 09:30 AM before Judge Dolly M. Gee. (Ward, Christopher) Modified on 7/22/2022 (gk). (Entered: 07/18/2022) |

| 07/20/2022 | 31 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Amended NOTICE OF MOTION AND MOTION to Compel Arbitration 30 . The following error(s) was/were found: Defendants must file an appropriate pleading for the judge's approval in order to continue the hearing date from 8/19/2022 to 8/26/2022. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (gk) (Entered: 07/20/2022) |
|---|---|---|
| 07/21/2022 | 32 | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN ELECTRONICALLY FILED DOCUMENTS by Clerk RE: Defendants' Amended Notice of Hearing filed 7/18/2022 30 . The document is stricken. (gk) (Entered: 07/22/2022) |
| 07/29/2022 | 33 | STIPULATION to Continue Hearing on Motion to Compel Arbitration from 08/19/2022 to 08/26/2022 Re: NOTICE OF MOTION AND MOTION to Compel Arbitration 29 filed by Defendants Aircraft Service International, Inc., Menzies Aviation (USA), Inc.. (Attachments: # 1 Proposed Order)(Ward, Christopher) (Entered: 07/29/2022) |
| 07/29/2022 | 34 | PLAINTIFFS OPPOSITION TO AIRCRAFT SERVICE INTERNATIONAL, INC.S AND MENZIES AVIATION (USA), INC.S MOTION TO COMPEL ARBITRATION re: NOTICE OF MOTION AND MOTION to Compel Arbitration 29 filed by Plaintiff Danny Lopez. (Attachments: # 1 Declaration of DANNY LOPEZ IN SUPPORT OF PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO COMPEL ARBITRATION)(Matern, Matthew) (Entered: 07/29/2022) |
| 08/01/2022 | 35 | ORDER CONTINUING HEARING ON MOTION TO COMPEL ARBITRATION by Judge Dolly M. Gee: Upon Stipulation 33 , the Court hereby continues the hearing date on Motion to Compel Arbitration 29 to 8/26/2022 at 09:30 AM before Judge Dolly M. Gee. Defendants' reply brief shall be due to be filed in accordance with the new hearing date, pursuant to Local Rule 7-11. (gk) (Entered: 08/02/2022) |
| 08/12/2022 | 36 | REPLY in Support of NOTICE OF MOTION AND MOTION to Compel Arbitration 29 filed by Defendants Aircraft Service International, Inc., Menzies Aviation (USA), Inc.. (Attachments: # 1 Declaration Supplemental Declaration of Talin Bazerkanian)(Ward, Christopher) (Entered: 08/12/2022) |
| 08/24/2022 | 37 | (IN CHAMBERS) ORDER by Judge Dolly M. Gee: The Court finds that Defendants Aircraft Service International, Inc. and Menzies Aviation (USA), Inc.'s Motion to Compel Arbitration 29 30 presently scheduled for hearing on August 26, 2022, is appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. L.R. 7-15. Accordingly, the motion is taken UNDER SUBMISSION and the hearing is vacated. IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kti) TEXT ONLY ENTRY (Entered: 08/24/2022) |
| 09/07/2022 | 38 | STATUS REPORT *Joint Status Report* filed by Plaintiff Danny Lopez. (Sloves, Max) (Entered: 09/07/2022) |
| 12/09/2022 | 39 | MINUTES OF IN CHAMBERS - ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION 29 by Judge Dolly M. Gee. See document for details. Court Reporter: Not Reported. (gk) (Entered: 12/13/2022) |
| 12/13/2022 | 40 | Notice of Appearance or Withdrawal of Counsel: for attorney Matthew W Gordon counsel for Plaintiff Danny Lopez. Tagore O. Subramaniam is no longer counsel of record for the aforementioned party in this case for the reason indicated in the G-123 Notice. Filed by Plaintiff Danny Lopez. (Gordon, Matthew) (Entered: 12/13/2022) |
| 01/09/2023 | 41 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Defendants Aircraft Service International, Inc., Menzies Aviation (USA), Inc.. Appeal of Order on Motion to |

| | | |
|---|---|---|
| | | Compel Arbitration 39 . (Appeal Fee - $505 Fee Paid, Receipt No. ACACDC-34584580.) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Ward, Christopher) (Entered: 01/09/2023) |
| 01/10/2023 | 42 | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 23-55015 assigned to Notice of Appeal to 9th Circuit Court of Appeals, 41 as to Plaintiff Danny Lopez. (rolm) (Entered: 01/11/2023) |
| 01/17/2023 | 43 | DESIGNATION of Record on Appeal by Defendants Aircraft Service International, Inc., Menzies Aviation (USA), Inc. re 41 (Ward, Christopher) (Entered: 01/17/2023) |
| 03/14/2023 | 44 | STIPULATION to Stay Case pending the Resolution of Appeal and Vacate Scheduling Order filed by Defendants Aircraft Service International, Inc., Menzies Aviation (USA), Inc.. (Attachments: # 1 Proposed Order)(Ward, Christopher) (Entered: 03/14/2023) |
| 03/16/2023 | 45 | ORDER STAYING CASE AND VACATING SCHEDULING ORDER by Judge Dolly M. Gee: Pursuant to the parties' Stipulation 44 , the Court hereby STAYS this action in its entirety until the resolution of the appeal and VACATES the scheduling order 19 . The parties shall file a Joint Status Report within ten days after the resolution of the appeal, proposing new dates and deadlines if appropriate. (gk) (Entered: 03/17/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/03/2023 13:39:08 | | |
| **PACER Login:** | myusko0907 | **Client Code:** 043015-0316 |
| **Description:** | Docket Report | **Search Criteria:** 2:21-cv-07108-DMG-E End date: 4/3/2023 |
| **Billable Pages:** | 7 | **Cost:** 0.70 |