

1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
www.maternlawgroup.com
Tel: (310) 531-1900 | Fax: (310) 531-1901

September 15, 2023

**Via ECF**

Ms. Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals
For the Ninth Circuit
95 Seventh Street,
San Francisco, CA 94103

  Re: *Danny Lopez v. Aircraft Service International, Inc., et al.*, Case No. 23-55015

### NOTICE OF SUPPLEMENTAL AUTHORITY PURSUANT TO RULE 28(j)

Dear Ms. Dwyer,

  Pursuant to Rule 28(j), Plaintiff-Appellee Danny Lopez ("Lopez") hereby submits the Ninth Circuit's decision in *Miller v. Amazon.com, Inc*., No. 21-36048, 2023 WL 5665771 (9th Cir. Sept. 1, 2023) (attached as Exhibit A).

  Plaintiff-Appellee Lopez argued that the district court correctly found him exempt from the Federal Arbitration Act ("FAA") pursuant to Section 1, which exempts from the FAA's coverage all "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. *See* Appellee's Answering Brief ("AAB") at 1-5.

  In support of his argument, Lopez cited extensively to the Ninth Circuit's controlling case on the Section 1 exemption, *Rittmann v. Amazon*.com, Inc., 971 F.3d 904 (9th Cir. 2020). However, *Rittmann* was decided prior to the Supreme Court's decision in *Southwest Airlines Co. v. Saxon*, 142 S.Ct. 1783 (2022), which also interprets the Section 1 exemption. This Court has subsequently rejected arguments that *Saxon* in any way overturns or limits the decision in *Rittmann*. *See* AAB at 26 (citing *Carmona v. Domino's Pizza, LLC*, 73 F.4th 1135, 1137 (9th Cir. 2023)).

  The Ninth Circuit's decision in *Miller* explains and further clarifies that *Rittmann's* analysis and holding regarding the Section 1 exemption remain undisturbed by the Supreme Court's decision in *Saxon*. "Amazon argues that *Rittmann* is no longer good law after the

**MATERN LAW GROUP, PC**

September 15, 2023
Page 2 of 2

Supreme Court's decision in *Southwest Airlines Co. v. Saxon*, which held that airplane cargo workers were within a 'class of workers engaged in foreign or interstate commerce' even though they did not physically move goods across borders. 142 S. Ct. 1783 (2022). But we recently held that *Rittman* remains binding precedent after *Saxon. See Carmona Mendoza v. Domino's Pizza, LLC*, 73 F.4th 1135 (9th Cir. 2023)." *Miller*, 2023 WL 5665771, *1.

Respectfully submitted,

**MATERN LAW GROUP, PC**

*/s/ Max N. Sloves*

Matthew J. Matern
Matthew W. Gordon
Kiran Prasad
Max Sloves
Attorneys for Plaintiff-Appellee
Danny Lopez

# EXHIBIT A

Case: 23-55015, 09/15/2023, ID: 12793332, DktEntry: 36, Page 4 of 5

Miller v. Amazon.com, Inc., Not Reported in Fed. Rptr. (2023)

2023 WL 5665771
Only the Westlaw citation is currently available.
United States Court of Appeals, Ninth Circuit.

Jennifer MILLER; Emad Al-Kahlout; Jose Grinan; Kelly Kimmey; Juma Lawson; Hamady Bocoum; Philip Sullivan; Kimberly Halo; Christopher Cain; Gary Gleese; Clarence Harden; Steven Morihara; Sharon Paschal, Plaintiffs-Appellees,
v.
AMAZON.COM, INC.; Amazon Logistics, Inc., Defendants-Appellants.

No. 21-36048
|
Argued and Submitted March 27, 2023 Seattle, Washington
|
FILED SEPTEMBER 1, 2023

Appeal from the United States District Court for the Western District of Washington, Barbara Jacobs Rothstein, District Judge, Presiding, D.C. No. 2:21-cv-00204-BJR.

**Attorneys and Law Firms**

Toby J. Marshall, Jennifer Rust Murray, Beth Ellen Terrell, Terrell Marshall Law Group, PLLC, Seattle, WA, Hillary Schwab, Fair Work, PC, Boston, MA, for Plaintiffs-Appellees.

Michael E. Kenneally, Morgan, Lewis & Bockius, LLP, Washington, DC, Kenneth E. Payson, Sheehan Sullivan, Davis Wright Tremaine, LLP, Seattle, WA, Michael J. Puma, Morgan, Lewis & Bockius, LLP, Philadelphia, PA, Richard G. Rosenblatt Esquire, Morgan, Lewis & Bockius, LLP, Princeton, NJ, for Defendants-Appellants.

Archis Ashok Parasharami, Mayer Brown LLP, Washington, DC, for Amicus Curiae Chamber of Commerce of the United States of America.

Leah Nicholls, Public Justice, PC, Washington, DC, for Amicus Curiae Public Justice.

Before: NGUYEN and HURWITZ, Circuit Judges, and EZRA,[*] District Judge.

MEMORANDUM[**]

**\*1** Amazon.com and Amazon Logistics ("Amazon") appeal the district court's order denying Amazon's motion to compel arbitration because plaintiffs were a "class of workers engaged in ... interstate commerce" under § 1 of the Federal Arbitration Act ("FAA"). 9 U.S.C. § 1. We have jurisdiction under 9 U.S.C. § 16(a)(1)(A) and (B) and 28 U.S.C. § 1292(a)(1). We review the denial of a motion to compel arbitration de novo. Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1119 (9th Cir. 2008). We affirm.

Plaintiffs worked as Amazon Flex delivery drivers making last-leg deliveries of goods shipped from other states or countries to consumers, as well as deliveries of food, groceries, and packages stored locally that may be eligible for tips. Plaintiffs allege that, between 2016 and 2019, Amazon failed to honor its promise that workers would receive 100% of the tips that customers added for tip-eligible deliveries, in violation of the Washington Consumer Protection Act and various other state consumer protection laws.

1. We previously held in *Rittmann v. Amazon.com, Inc.* that Amazon Flex delivery drivers, like plaintiffs here, are workers engaged in interstate commerce because they deliver goods moving in interstate commerce to their final destination. 971 F.3d 904 (2020), *cert. denied*, 141 S. Ct. 1374 (2021). Amazon argues that *Rittmann* is no longer good law after the Supreme Court's decision in *Southwest Airlines Co. v. Saxon*, which held that airplane cargo workers were within a "class of workers engaged in foreign or interstate commerce" even though they did not physically move goods across borders. 142 S. Ct. 1783 (2022). But we recently held that *Rittman* remains binding precedent after *Saxon*. *See Carmona Mendoza v. Domino's Pizza, LLC*, 73 F.4th 1135 (9th Cir. 2023).

2. Amazon next argues that even if *Rittmann* remains good law, the drivers here are different from those in *Rittmann* because Amazon Flex drivers can schedule two types of delivery blocks: last-mile deliveries and tip-eligible local deliveries—and the latter do not involve interstate commerce. But this is the exact same class of workers we discussed in *Rittmann*: Amazon Flex delivery drivers who "are engaged to deliver packages from out of state or out of the country, even

Miller v. Amazon.com, Inc., Not Reported in Fed. Rptr. (2023)

Case: 23-55015, 09/15/2023, ID: 12793332, DktEntry: 36, Page 5 of 5

if they also deliver food from local restaurants." 971 F.3d at 917 n.7. We concluded that these drivers are "engaged in interstate commerce, even if that engagement also involves intrastate activities." *Id.* As the Supreme Court made clear in *Saxon*, the relevant question is what work "the members of the class, as a whole, typically carry out," which here includes last-mile deliveries. 142 S. Ct. at 1788.

Amazon further argues that the only relevant work for purposes of § 1 is the tip-producing deliveries. But under the FAA, "class of workers" is defined by their "contracts of employment." 9 U.S.C. § 1. Amazon Flex delivery drivers' "contracts of employment" include last-mile deliveries. The nature of their individual claims does not change this analysis. These drivers have one contract of employment which governs all their work, including shifts for last-mile deliveries and shifts for tip-producing deliveries. Accordingly, we find that, as in *Rittmann*, Amazon Flex delivery drivers are exempt under § 1 of the FAA.

**\*2** 3. Finally, Amazon argues that even if Amazon Flex delivery drivers are exempt under the FAA, the arbitration provision should be enforced under state law. Again, *Rittmann* controls. In examining the identical 2016 Terms of Service that plaintiffs agreed to here, we held that no state law applies to the arbitration provision. 971 F.3d at 920. Amazon argues that the 2019 and 2021 Terms of Service supersede the 2016 Terms of Service and require enforcement of the arbitration provision under Delaware state law. [1] Amazon's argument fails. The 2016 Terms of Service state that "any modifications to Section 11 [the arbitration provision] will not apply to claims that accrued or to disputes that arose prior to such modification." Plaintiffs allege that the practices they challenge started in 2016 and ended in about August 2019, before the 2019 Terms of Service became effective. Therefore, according to plaintiffs, the modifications to the arbitration provision cannot apply to their claims. We agree. *Rittmann* controls, and Amazon cannot enforce the arbitration provision under state law.

**AFFIRMED.**

**All Citations**

Not Reported in Fed. Rptr., 2023 WL 5665771

## Footnotes

| | |
|---|---|
| \* | The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation. |
| \*\* | This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3. |
| 1 | These Terms of Service state, in sum, that if the FAA is found by any court not to apply to Section 11–the arbitration provision—then the law of the state of Delaware will govern. Most of the plaintiffs accepted the 2019 Terms of Service by using the app or performing services after receiving an email in October 2019 notifying them that Amazon was updating the agreement. Two plaintiffs accepted the 2021 Term of Service. |

End of Document © 2023 Thomson Reuters. No claim to original U.S. Government Works.